## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re: BKY No. 15-42460
ADV No. 16-_____

Paul Hansmeier,

    Debtor.

---

Randall L. Seaver, Trustee,

    Plaintiff,

vs. **COMPLAINT**

Sandipan Chowdhury and Booth Sweet, LLP,

    Defendants.

---

Randall L. Seaver, Trustee ("Trustee" or "Plaintiff") of the Bankruptcy Estate of Paul Hansmeier ("Estate"), as and for his Complaint against Sandipan Chowdhury ("Chowdhury") and Booth Sweet, LLP ("Booth Sweet"), collectively "Defendants", states and alleges as follows:

### JURISDICTION AND VENUE

1. This bankruptcy case was commenced by the filing of a voluntary petition under Chapter 13 on July 13, 2015. The case was converted to one under Chapter 7 on December 3, 2015, and Plaintiff is the trustee.

2. This is an action for declaratory judgment regarding bankruptcy estate property, and avoidance of the transfer of estate property, pursuant to 11 U.S.C. §§ 105, 541, 542, 544, 548, 550, 704, Fed.R.Bank.Pro. 7001(1), (2) and (9), 28 U.S.C. § 2201 and common law.

3. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2) and 1334.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5. Plaintiff, Randall L. Seaver, is the duly qualified and acting Chapter 7 panel trustee for the bankruptcy estate of Paul Hansmeier ("Estate").

6. Defendant Sandipan Chowdhury is an individual believed to reside in the state of Massachusetts.

7. Defendant Booth Sweet is a law firm organized under the laws of Massachusetts, and represented Chowdhury for all times relevant to this action.

## FACTUAL BACKGROUND

### A. CHOWDHURY LITIGATION

8. On November 13, 2012, a complaint was filed in the U.S. District Court for the District of Massachusetts against defendant Sandipan Chowdhury, Case No. 12-cv-12105. The named plaintiff in the case was AF Holdings, LLC.

9. Chowhury filed an answer to the complaint on January 4, 2013, along with a counterclaim against plaintiff AF Holdings, LLC. Following the filing of the answer, both parties filed motions to dismiss, and Chowdhury filed a motion requiring plaintiff AF Holdings, LLC to post a bond for costs.

10. In June 2013, the District Court for the District of Massachusetts heard the various motions filed by the parties. The court granted Chowdhury's motion requiring AF Holdings, LLC to post bond for costs, and granted AF Holding's motion to dismiss its claim against Chowdhury.

11. On July 10, 2013, Chowdhury filed a request to issue a notice default on its counterclaims as a result of plaintiff's failure to answer. Chowdhury's request was granted on August 29, 2013, and Chowdhury filed his motion for default judgment as to AF Holdings on

2

September 13, 2013.

12. On October 22, 2013, Chowdhury's motion for default judgment was entered against AF Holdings, LLC and its aliases, including Paul Hansmeier (the "Chowdhury Judgment").

13. On November 7, 2013, Paul Hansmeier ("Hansmeier" or "Debtor") filed a motion to set aside the default judgment due to the Chowdhury's failure to serve Hansmeier.  On December 3, 2013, Hansmeier's motion to set aside was denied.

14. Hansmeier appealed the default order on December 16, 2013.  Hansmeier filed a motion for stay pending appeal, which was denied by the United States District Court for the District of Massachusetts.

### B. CHOWDHURY JUDGMENT AND SATISFACTION

15. On April 3, 2014, the U.S. District Court for the District of Massachusetts certified the Chowdhury Judgment for registration in other districts.

16. On or about October 15, 2014, the Chowdhury Judgment was registered in the Hennepin County District Court, Court File No. 27-CV-14-15391.  On October 17, 2014 the Chowdhury Judgment was memorialized on the certificate of title for the debtor's homestead located at 100 Third Avenue South, Unit #3201, Minneapolis, Minnesota 55401 (the "Real Property"), and became a judgment lien against the Real Property.

17. On July 13, 2015, Paul Hansmeier filed a voluntary Chapter 13 Petition.  The Debtor's original schedules listed his interest in the Real Property and identified the Chowdhury Judgment as a disputed debt.

18. On November 12, 2015, the United States Trustee filed a motion to convert the Debtor's case to a case under Chapter 7.

3

19. On November 25, 2015, the Debtor filed an expedited motion to sell the Real Property free and clear of interests. The Debtor's motion identified the Chowdhury Judgment as a "nonavoidable judgment lien in the approximate amount of $71,620.90", and sought authorization from the Bankruptcy Court to sell the homestead and pay the Chowdhury Judgment.

20. On December 3, 2015, the Bankruptcy Court granted the Debtor's motion to sell the Real Property, and to pay the Chowdhury Judgment from the sale proceeds.

21. On December 3, 2015, the Bankruptcy Court granted the United States Trustee's motion to convert the Debtor's case to a case under Chapter 7.

22. On December 4, 2015, the Plaintiff Randall L. Seaver, Trustee, was appointed as the Chapter 7 Panel Trustee for the bankruptcy estate of Paul R. Hansmeier.

23. On December 15, 2015, the sale of the Real Property closed, and payment of $71,620.90 was made to the Defendants as full satisfaction of the Chowdhury Judgment.

24. On information and belief, Defendant Booth Sweet retained the majority of the funds paid from the Estate on account of its attorney's fees.

   C.    **APPEAL OF CHOWDHURY JUDGMENT**

25. Despite satisfaction of the Chowdhury Judgment, the appeal of the Chowdhury Judgment continued, and on August 4, 2016, the United States Court of Appeals for the First Circuit, vacated the Chowdhury Judgment and remanded the matter back to the United States District Court for the District of Massachusetts.

26. The Court of Appeals based its decision on the finding that the Debtor was never named as a party to the counterclaim and was not properly served.

27. On September 29, 2016, after remand, and without stay relief, Chowdhury filed a

4

motion to substitute or add the Debtor as a party to the Chowdhury Judgment, and requested entry of an amended judgment.

28. On October 18, 2016, the Debtor filed a declaration with the United States District Court for the District of Massachusetts, opposing the motion to substitute parties.

29. On October 20, 2016, Chowdhury's motion to substitute was denied without prejudice, as an apparent result of Chowdhury's failure to serve the Debtor with the motion.

## CLAIMS

### COUNT 1
### RESTITUTION OF MONIES PAID TO SATISFY JUDGMENT

30. The Plaintiff seeks a restitution judgment against the Defendant for the return of the monies paid in satisfaction of the Chowdhury Judgment.

31. Upon the filing of the Debtor's voluntary Chapter 13 bankruptcy petition on July 13, 2015, the Real Property became property of the Chapter 13 estate. Upon conversion of the case on December 3, 2015, the Real Property became property of the Chapter 7 bankruptcy estate.

32. The $71,620.90 paid to Chowdhury, and Booth Sweet, in satisfaction of the Chowdhury Judgment was property of the bankruptcy estate of Paul Hansmeier.

33. The First Circuit Court of Appeals' August 4, 2016 order vacating the Chowdhury Judgment as to the Debtor, entitles the Estate to the return of the monies paid in satisfaction of the Chowdhury Judgment, along with costs and interest.

### COUNT 2
### UNJUST ENRICHMENT

34. Plaintiff realleges and reaffirms the foregoing paragraphs of this Complaint.

35. The Chowdhury Judgment was obtained against the Debtor without service of process.

36. The Chowdhury Judgment allowed Chowdhury to secure his claim against Estate property.

37. The Chowdhury Judgment allowed Chowdhury and Booth Sweet to receive preferential status in the bankruptcy case in relation to all other general unsecured creditors.

38. The Chowdhury Judgment was vacated on August 4, 2016, as a result of the Defendants' failure to properly serve the debtor in the United States District Court for the District of Massachusetts.

39. The vacating of the Chowdhury Judgment retroactively removes Chowdhury's judgment lien as of the filing date, July 13, 2015, as the lien was not properly obtained.

40. Allowing the Defendants to retain the proceeds received from bankruptcy estate funds, on account of the improperly obtained Chowdhury Judgment would unjustly enrich the Defendants.

41. Plaintiff is entitled to a judgment against the Defendants in the amount of bankruptcy estate funds they received as a result of their unjust enrichment.

### COUNT 3
### INJUNCTIVE RELIEF

42. Plaintiff realleges and reaffirms the foregoing paragraphs of this Complaint.

43. Chowdhury's September 29, 2016 motion to substitute or add the Debtor as a party to the Chowdhury Judgment, in the United States District Court action, was filed after the commencement of the Debtor's bankruptcy case.

44. Chowdhury and Booth Sweet were aware of the Debtor's bankruptcy filing at the time the September 29, 2016 motion to substitute or add the Debtor as a party to the Chowdhury Judgment was filed.

45. Defendants' September 29, 2016 motion was filed in violation of the automatic stay pursuant to 11 U.S.C. § 362, and any further act to substitute the Debtor in as a party defendant without stay relief from this Court would also violate the automatic stay.

46. Plaintiff seeks an injunction restricting Defendants' efforts to revitalize the vacated Chowdhury Judgment without stay relief from this Court.

WHEREFORE, the trustee seeks an Order from the Court:

1. Pursuant to Count 1, awarding a restitution judgment in favor of the Plaintiff, and against the Defendants, in the amount of $71,620.90, plus costs and interests to be determined at trial.

2. Finding that the Defendants were unjustly enriched through the payment of the $71,620.90 received on account of the vacated Chowdhury Judgment.

3. Pursuant to Count 2, awarding a judgment against the Defendants and in favor of the Plaintiff, in the amount of $71,620.90.

4. Pursuant to Count 3, entering an injunction preventing Defendants' from taking any further action in the United States District Court for the District of Massachusetts to make the Debtor liable on the Chowdhury Judgment absent relief from the Bankruptcy Court.

5. Granting such other and further relief as is appropriate.

**FULLER, SEAVER,**
**SWANSON & KELSCH, P.A.**

Dated: November 18, 2016          By: /e/ Matthew D. Swanson
                                  Randall L. Seaver                152882
                                  Matthew D. Swanson               390271
                                  12400 Portland Avenue South, Suite 132
                                  Burnsville, MN 55337
                                  (952) 890-0888; (952) 890-0244 (fax)
                                  mswanson@fssklaw.com

                                  Attorneys for Plaintiff