**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

BKY 15-42460
ADV 16-4124

In re:

Paul Hansmeier,

      Debtor.

_____

Randall L. Seaver, Trustee,

      Plaintiff,                   **FINDINGS OF FACT, CONCLUSIONS OF**
                                                          **LAW AND ORDER FOR JUDGMENT**

v.

Sandipan Chowdhury and Booth Sweet, LLP,

      Defendants.

_____

This proceeding is before the court on the plaintiff's application for default judgment against defendants Sandipan Chowdhury and Booth Sweet, LLP. Based on the application for default judgment and the file, the Court makes the following:

**FINDINGS OF FACT**

1. This case was commenced by the filing of a voluntary petition under Chapter 13 on July 13, 2015, the case was converted to a case under Chapter 7 on December 3, 2015, plaintiff was assigned as the Panel Trustee to administer the bankruptcy estate.

2. Defendant Chowdhury is an individual residing in the state of Massachusetts.

3. Defendant Booth Sweet, LLP is a limited liability partnership organized under the laws of Massachusetts and operating in Massachusetts.

4. The plaintiff filed his complaint against defendants on November 18, 2016 seeking a judgment in favor of the plaintiff, and against the defendants, in the amount of $71,620.90, plus

costs and interest to be determined at trial on the basis of restitution and unjust enrichment.

5. A summons was issued on November 21, 2016 and served along with the complaint on defendant Booth Sweet, LLP by regular and certified mail on November 23, 2016.

6. A second summons was issued on December 2, 2016, and it was served along with a copy of the complaint on counsel for defendant Sandipan Chowdhury, pursuant to his consent, via regular and certified mail on December 7, 2016.

7. The summons and complaint served on defendants via regular mail were not returned.

8. Defendant Booth Sweet, LLP filed no answer or other response to the complaint by December 21, 2016 and any answer or response would now be untimely under Bankruptcy Rules 7012(a).

9. Defendant Sandipan Chowdhury filed no answer or other response to the complaint by January 3, 2017 and any answer or response would now be untimely under Bankruptcy Rules 7012(a).

10. Through their failure to answer the complaint, the defendants are deemed to have admitted the complaint's allegations as set forth in the following below:

   a. On November 13, 2012, a complaint was filed in the U.S. District Court for the District of Massachusetts against defendant Sandipan Chowdhury, Case No. 12-cv-12105. The named plaintiff in the case was AF Holdings, LLC.

   b. Sandipan Chowdhury filed an answer to the complaint on January 4, 2013, along with a counterclaim against plaintiff AF Holdings, LLC. Following the filing of the answer, both parties filed motions to dismiss, and Sandipan Chowdhury filed a motion requiring plaintiff AF Holdings, LLC to post a bond for costs.

   c. In June 2013, the District Court for the District of Massachusetts heard the various motions filed by the parties. The court granted Sandipan Chowdhury's motion requiring AF Holdings, LLC to post bond for costs, and granted AF Holding's motion to dismiss its claim against Sandipan Chowdhury.

   d. On July 10, 2013, Sandipan Chowdhury filed a request to issue a notice default on its counterclaims as a result of plaintiff's failure to answer. Sandipan Chowdhury's request was granted on August 29, 2013, and Sandipan Chowdhury

filed his motion for default judgment as to AF Holdings on September 13, 2013.

e. On October 22, 2013, Sandipan Chowdhury's motion for default judgment was entered against AF Holdings, LLC and its aliases, including Paul Hansmeier.

f. On November 7, 2013, Paul Hansmeier filed a motion to set aside the default judgment due to the Sandipan Chowdhury's failure to serve Paul Hansmeier. On December 3, 2013, Paul Hansmeier's motion to set aside was denied.

g. Paul Hansmeier appealed the default order on December 16, 2013. Paul Hansmeier filed a motion for stay pending appeal, which was denied by the United States District Court for the District of Massachusetts.

h. On April 3, 2014, the U.S. District Court for the District of Massachusetts certified the Sandipan Chowdhury judgment for registration in other districts.

i. On or about October 15, 2014, the Sandipan Chowdhury judgment was registered in the Hennepin County District Court, Court File No. 27-CV-14-15391. On October 17, 2014 the Sandipan Chowdhury judgment was memorialized on the certificate of title for the debtor's homestead located at 100 Third Avenue South, Unit #3201, Minneapolis, Minnesota 55401, and became a judgment lien against the real property.

j. On July 13, 2015, Paul Hansmeier filed a voluntary Chapter 13 Petition. The debtor's original schedules listed his interest in real property and identified the Sandipan Chowdhury judgment as a disputed debt.

k. On November 12, 2015, the United States Trustee filed a motion to convert the debtor's case to a case under Chapter 7.

l. On November 25, 2015, the debtor filed an expedited motion to sell real property free and clear of interests. The debtor's motion identified the Sandipan Chowdhury judgment as a "nonavoidable judgment lien in the approximate amount of $71,620.90", and sought authorization from the Bankruptcy Court to sell the homestead and pay the Sandipan Chowdhury judgment.

m. On December 3, 2015, the Bankruptcy Court granted the debtor's motion to sell the real property, and to pay the Sandipan Chowdhury judgment from the sale proceeds.

n. On December 3, 2015, the Bankruptcy Court granted the United States Trustee's motion to convert the debtor's case to a case under Chapter 7.

o. On December 4, 2015, the plaintiff Randall L. Seaver, Trustee, was appointed as the Chapter 7 Panel Trustee for the bankruptcy estate of Paul R. Hansmeier.

    p. On December 15, 2015, the sale of the real property closed, and payment of $71,620.90 was made to the defendants as full satisfaction of the Sandipan Chowdhury judgment.

    q. Defendant Booth Sweet retained the majority of the funds paid from the bankruptcy estate on account of its attorney's fees.

    r. Despite satisfaction of the Sandipan Chowdhury judgment, the appeal of the Sandipan Chowdhury judgment continued, and on August 4, 2016, the United States Court of Appeals for the First Circuit, vacated the October 22, 2013 Sandipan Chowdhury judgment, as to the debtor, and remanded the matter back to the United States District Court for the District of Massachusetts.

    s. The Court of Appeals based its decision on the finding that the debtor was never named as a party to the counterclaim and was not properly served.

    t. On September 29, 2016, after remand, and without stay relief, Sandipan Chowdhury filed a motion to substitute or add the debtor as a party to the Sandipan Chowdhury judgment, and requested entry of an amended judgment.

    u. On October 18, 2016, the debtor filed a declaration with the United States District Court for the District of Massachusetts, opposing the motion to substitute parties.

    v. On October 20, 2016, Sandipan Chowdhury's motion to substitute was denied without prejudice, as an apparent result of Sandipan Chowdhury's failure to serve the debtor with the motion.

11. After the debtor filed its Chapter 11 bankruptcy case it paid and transferred to defendant the sum of $9,837.08 which was a payment on account of a pre-petition debt.

12. The $9,837.08 payment was not authorized by the Bankruptcy Court or any provision of the bankruptcy code.

## **CONCLUSIONS OF LAW**

1. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This case arises under 11 U.S.C. §§ 105, 541, 542, 544, 548, 550, 704, Fed.R.Bank.Pro. 7001(1), (2) and (9), 28 U.S.C. § 2201 and common law.

2. Sandipan Chowdhury and Booth Sweet, LLP are in default pursuant to Federal Bankruptcy Rule 7055 and Rule 55 of the Federal Rules of Civil Procedure.

3. Plaintiff is entitled to a restitution judgment in the amount of $71,620.90.

4. Plaintiff is also entitled to judgment on the basis of unjust enrichment, in the amount of $71,620.90.

## **ORDER**

IT IS ORDERED:

1. Vj g'r nckpvkhh'ui cnl'tgeqxgt 'htqo "f ghgpf cpvu 'Sandipan Chowdhury and Booth Sweet, LLP yj g'uwo "qh'$71,620.90.

2. The plaintiff is awarded his costs and disbursements in this matter in an amount of $385.30.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 10, 2017                                /e/ Kathleen H. Sanberg
                                                        Kathleen H. Sanberg
                                                        Chief United States Bankruptcy Judge