## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

RECEIVED

18 MAY -2 PM 3:50

U.S BANKRUPTCY COURT
ST. PAUL, MN

In re

Paul Hansmeier,

*Debtor.*

Bky No. 15-42460

---------------------------------------------------

Paul Hansmeier,

*Plaintiff.*

v.

ADV No. 16-4124

Sandipan Chowdhury and Booth Sweet LLP,

*Defendants.*

## NOTICE OF HEARING AND MOTION TO COMPEL COMPLIANCE WITH HANSMEIER'S JUDGMENT ENFORCEMENT DISCOVERY

1.     Paul Hansmeier ("Hansmeier"), the Plaintiff, submits this Motion to Compel Defendants Sandipan Chowdhury ("Chowdhury") and Booth Sweet LLP ("Booth Sweet") (collectively, "Defendants") to Comply With Hansmeier's Judgment Enforcement Discovery.

2.     The hearing will be held on May 16, 2018, at 2:30 p.m. before the United States Bankruptcy Court, Courtroom 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

3.     Any response to this motion must be filed and delivered not later than May 11, 2018, which is five days before the time set for the hearing. UNLESS A RESPONSE

OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE

MOTION WITHOUT A HEARING.

4.    This Court has jurisdiction over this adversary proceeding pursuant to 28

U.S.C. §§157 and 1334. This case arises under 11 U.S.C. §§ 105, 541, 542, 544, 548,

550, 704, Fed. R. Bank. Pro. 7001(1), (2) and (9), 28 U.S.C. § 2201 and common law.

5.    This adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2).

6.    This case was commenced by the filing of a voluntary petition under

Chapter 13 on July 13, 2015, the case was converted to a case under Chapter 7 on

December 3, 2015.

7.    Defendant Chowdhury ("Chowdhury") is an individual who resides in the

state of Massachusetts.

8.    Defendant Booth Sweet, LLP ("Booth Sweet") is a limited liability

partnership organized under the laws of Massachusetts and operating in Massachusetts.

9.    On March 7, 2018, the Court entered a restitution judgment against

Chowdhury and Booth Sweet. Dkt. No. 43.

10.    Defendants have taken appeal of the judgment and the appeal is still

pending.

11.    On March 26, 2018, Hansmeier served Defendants with judgment

enforcement discovery directed at both Defendants, including interrogatories and requests

for production of documents. (Hansmeier Decl., Ex. 1).

12.     Defendants have entirely ignored Hansmeier's judgment enforcement discovery. They have not provided any responses, produced any documents, made any objections or requested an extension of time to respond. (Hansmeier Decl. ¶ 3).

13.     On March 30, 2018, Hansmeier served Defendants with notices of depositions for Chowdhury and a representative of Booth Sweet. The depositions were scheduled for May 1, 2018. (Hansmeier Decl., Ex. 2).

14.     Defendants did not object to or appear for their depositions.

15.     To date, Defendants have not produced or complied with any of Hansmeier's discovery requests. As a result, the Court should enter an order compelling Defendants to comply with Hansmeier's discovery requests.

Respectfully submitted,

May 2, 2018          /s/ _____
                          Paul R. Hansmeier
                          9272 Cortland Alcove
                          Woodbury, MN 55125

**VERIFICATION**

I, Paul Hansmeier, the Plaintiff herein, declare under the penalty of perjury that the foregoing motion to compel is true and correct to the best of my knowledge, information and belief.

Dated May 2, 2018          _____
                                Paul R. Hansmeier

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re

Paul Hansmeier,

     *Debtor.*

-------------------------------------------------------

Paul Hansmeier,

     *Plaintiff.*

v.

Sandipan Chowdhury and Booth Sweet LLP,

     *Defendants.*

Bky No. 15-42460

ADV No. 16-4124

## **MEMORANDUM OF LAW**

The facts are as stated in the attached motion.

### I.  **The Court should compel the defendants to comply with Hansmeier's discovery requests.**

The Federal Bankruptcy Rules governing discovery are derived from the Federal
Rules of Civil Procedure. *See* Fed. R. Bankr. P. 7033, 7034, 7036, 7037 (incorporating
applicable Federal Rules of Civil Procedure). Rule 34(b)(2) requires the receiving party
to respond to a request for production of documents within 30 days after being served.
Similarly Rule 33(b)(2) requires a response to interrogatories within 30 days after being
served. Rule 30(a)(1) allows a party to depose another party without leave of court. The
Federal Rules of Civil Process expressly allow a judgment creditor to use standard
discovery procedures to aid judgment or execution. *See* Fed. R. Civ. P. 69(a)(1).

Defendants have not complied with any of Hansmeier's discovery requests. They did not provide any response (or objection) to Hansmeier's interrogatories and requests for production of documents. Defendants ignored Hansmeier's notice of deposition. Indeed, during the parties' meet-and-confer, Defendants indicated that they would make Hansmeier go through the "whole rigamarole" to enforce this Court's judgment— including, unfortunately, the instant motion to compel. As a result, Hansmeier requests that the Court issue an order compelling Defendants to submit answers to Hansmeier's interrogatories, produce the requested documents, and personally appear for a deposition in Minnesota at a mutually-agreeable date and time—all within 14 days of the date of the order.

## CONCLUSION

The Court should grant Hansmeier's motion to compel.

Respectfully submitted,

May 2, 2018

/s/

Paul R. Hansmeier
9272 Cortland Alcove
Woodbury, MN 55125

2

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re

Paul Hansmeier,

*Debtor.*

Bky No. 15-42460

-------------------------------------------------------

Paul Hansmeier,

*Plaintiff.*

v.

ADV No. 16-4124

Sandipan Chowdhury and Booth Sweet LLP,

*Defendants.*

### UNSWORN DECLARATION OF PAUL R. HANSMEIER

I, Paul Hansmeier, declare under the penalty of perjury, that:

1.    I am the plaintiff in this action.

2.    True and correct copies of the following documents are attached to this

declaration.

> Exhibit 1: Hansmeier's Interrogatories and Document Production Requests
> with certificate of service on both Defendants.

> Exhibit 2: Hansmeier's Notices of Depositions and Certificate of Service on
> Both Defendants.

3.    On April 5, 2018, at 3 p.m. (Eastern Time), I met and conferred with Jason

Sweet regarding the discovery requests I issued on him and his client. Mr. Sweet

indicated that he would force me to go through the "whole rigmarole" in enforcing my judgment.

4.    Pursuant to Fed. R. Civ. P. 26(c)(1), as incorporated by Fed. R. Bankr. P. 7026 and Local Rule 7037-1, I certify that I attempted to confer with defendants and attempted to obtain discovery responses without court action.

Dated: May 2, 2018.

Paul R. Hansmeier

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| In re: | BKY No. 15-42460 |
|  | ADV No. 16-4124 |

Paul Hansmeier,

　　　　　Debtor.

Paul Hansmeier,

　　　　　Plaintiff,

v.

Sandipan Chowdhury and Booth Sweet, LLP,

　　　　　Defendants.

**PLAINTIFF'S POST-JUDGMENT INTERROGATORIES**

TO:   Defendant Booth Sweet, LLP, 32 Essex Street, Studio 1A Cambridge, MA 02139.

　　　PLEASE TAKE NOTICE that you are requested to furnish answers to the following

Interrogatories within thirty (30) days from the date of service hereof pursuant to Rules 26 and

69 F.R. Civ. P.

**INTRODUCTION AND DEFINITIONS**

A.　　Each interrogatory seeks information available to Booth Sweet, LLP (hereinafter
"Defendant") and its attorney, or agent, and all persons acting on his behalf.
Accordingly, as used herein, the terms "you," and "your" refer without limitation
to Defendant, its attorneys or agents, and all persons acting on its behalf.

B.　　As used herein, "person" means an individual, firm, partnership, corporation,
proprietorship, association, governmental body, or any other organization or
entity. When the terms "identify" or "state the identity" are used in conjunction
with the term "person," or if the answer to any interrogatory herein refers to a
person (as defined herein), you are to state each such person's: (1) full legal
name; (2) present or last known address and telephone number (business and
residential); and (3) occupation, job title, business affiliation and/or nature of
business.

C.    As used herein, "document" is intended in its broadest sense, including any writing, notes, record or other tangible thing as well as any electronic record in tape or other form in your custody, possession or control or known to you. When the terms "identify" or "state the identity" are used herein in conjunction with the term "document," or if the answer to any interrogatory herein refers to a document (as defined herein), you are to state, with respect to each such document: (1) the date of the document; (2) the identity of the person who has custody or control over the document; (3) the nature and substance of the document, all with sufficient particularity to enable it to be identified in a request to produce; and (4) the author(s) and recipient(s) thereof. In lieu thereof you may with your answers produce the document, provided that each document is appropriately marked to identify the interrogatory to which the document is responsive.

D.    As used herein, "oral communication" means all conversations, statements and remarks, whether taped, transcribed, recorded or otherwise. When the terms "identify" or "state the identity" are used herein in conjunction with the term "oral communication," or if the answer to any interrogatory herein refers to an oral communication, you are to state with respect to each oral communication: (1) the date of said communication; (2) the place at which it occurred; (3) the identity of the person(s) making, receiving and witnessing the communication, respectively; and (4) the substance of the communication.

E.    If any document or identification of any document or oral communication is withheld under a claim of privilege, in order that the court and the parties may determine the identity of the document or oral communication, identify the person or persons who sent or received copies of the document or who heard or participated in some or all of the oral communication for which a privilege is claimed, and state the basis for any asserted claim of privilege.

F.    As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

G.    If you object to part of an interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that interrogatory. If you object to the scope or time period, state your objection and answer the interrogatory for the scope or time period you believe is appropriate.

H.    If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, describing all steps taken in an effort to secure the requested information, and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, please set forth the detail of such qualification.

2

### INTERROGATORIES

1.  What is the full legal name of the person answering these interrogatories for the Defendant?

2.  Please state the full legal name of the Defendant and each other name by which it has ever been known.

3.  Please state the full name and complete address of each registered agent for service designated by the Defendant in any state.

4.  Please name each state in which the Defendant does business.

5.  Please state the Defendant's address (street address, city, county, state, zip code) of each place in which the company is doing business or has done business within the last five (5) years.

6.  For each person who is a partner or member of the Defendant or has been a partner or member at any time in the last five years, please state:
    a.  the partner/member's full name;
    b.  his or her complete present address; and
    c.  whether the person is now a partner/member and, if no, when the partnership or membership ended.

7.  Please state the full name and complete address of each institution or business organization with which the Defendant has engaged in any joint venture or partnership at any time within the last five years and the nature of the Defendant's involvement.

8.  Has the Defendant furnished or exhibited a statement of its financial condition to any person or entity in the last five (5) years? If it has, for each occurrence please state
    a.  the full name and complete address of the person or entity receiving the information;
    b.  the date and place the information was received; and
    c.  the contents of the financial statement, copying it verbatim or, if you will do so without a court order, attaching a copy of the statement to your answers.

9.  Please attach to your answers a copy of each of the Defendant's federal income tax returns and IRS Forms 940 and 941 for the last five (5) years. Please state
    a.  the source and amount of each item of income listed;
    b.  the total income received for each year, whether reported or not;
    c.  the date each return was filed and the address of the Internal Revenue Service office where filed;
    d.  the amount and source of each receipt of income that is not shown on any of the returns that you are attaching to your answers; and
    e.  the full name and complete address of each person who worked on or helped prepare each return.

3

10. If the Defendant has an ownership interest in, option to purchase, contract to sell, leasehold in, or other interest in any real property, for each property please state:
    a.  the legal and common descriptions and the location of the property;
    b.  the size of the property;
    c.  a description of every structure or other improvement on the property;
    d.  the full name and complete address of each person or other entity having an interest in it;
    e.  the ownership of the property stated in the title documents and the location of each document;
    f.  the present value of the Defendant's equity interest in the property; and
    g.  the present market value of the property; and the amount paid for the property.

11. For each item of personal property, including but not limited to tools, equipment, inventory, livestock, boats, sporting goods, vehicles, aircraft, or stamp, coin, other kinds of collections, regardless of location, that the Defendant now owns, claims any interest in, or has title to, please state:
    a.  a complete description of the item, including as applicable the year, make, model, serial number, and other permanent identification numbers;
    b.  the estimated present market value of the item; and
    c.  the complete address of its present location.

12. Is any real or personal property that the Defendant now owns, claims any interest in, or has title to now encumbered by a mortgage, security interest, or other kind of lien? If so, for each item of encumbered property please state
    a.  a complete description of the item, including as applicable the year, make, model, serial number, and other permanent identification numbers;
    b.  the nature of the encumbrance;
    c.  the date the property was encumbered;
    d.  the full name and complete address of each person or entity holding the encumbrance;
    e.  the payment or other consideration received for the encumbrance; and
    f.  the full name and complete address of each person or entity who paid the consideration.

13. Does the Defendant maintain any bank account, including but not limited to checking accounts and savings accounts? If it does, for each account please state:
    a.  the full name and complete address of the institution holding the account;
    b.  where the account is located;
    c.  the full name and number under which it is carried;
    d.  the balance of the account five (5) calendar days before these interrogatories were received by the Defendant; and
    e.  the identity of each authorized signature for the account at any time in the last five (5) years and the dates between which the signature was authorized.

14. Does the Defendant have any money on deposit in a name other than its own? If it does, for each account please state
    a.  the type of account;
    b.  where the account is maintained;

4

    c.  the full name and number under which the account is maintained;

    d.  the full name and complete address of the institution holding the deposits;

    e.  the balance of the account five (5) calendar days before these interrogatories were received by the Defendant; and

    f.  the amount or portion of the account that belongs to the Defendant.

15. Does the Defendant have any interest in a patent or copyright? If so, for each interest please state:

    a.  A complete description of the patent or copyright;

    b.  Its registration number;

    c.  The full name and complete address of each person sharing an interest in the patent or copyright;

    d.  The extent of the Defendant´s share, expressed as fraction or percentage; and

    e.  The annual income derived by the Defendant from the patent or copyright.

16. Does the Defendant now have any right to payment of money from any person or entity for any reason, including but not limited to promissory notes, accounts receivables, certificates of deposit, securities, foreign currency, traveler´s checks, treasury checks, treasury bills, and savings bonds? If so, for each claim please state:

    a.  A complete description of the claim;

    b.  The full name and complete address of the debtor ;

    c.  The amount of the claim; and

    d.  Whether any suit or action has been brought to reduce the claim to judgment; if so, please state:

        1.  The title number of the case;

        2.  The name, number, and location of the court in which it was filed or is now pending; and

        3.  The present status of the case.

17. In the last five years, has the Defendant furnished a financial statement to any person or entity? If it has, for each financial statement please state:

    a.  Why it was prepared;

    b.  The full name and complete address of each person or entity to whom it was furnished;

    c.  The date it was furnished;

    d.  The full name and complete address of the person or entity now owning each asset shown on the statement; and

    e.  The contents of the statement, copying it verbatim or, attaching a copy of the statement to your answers.

18. For each bank or other financial or lending institution with which the Defendant has transacted any type of business or maintained any account in the last five years, please state:

    a.  The full name and complete address of the institution;

    b.  The account or transaction number involved; and

    c.  A complete description of the transaction.

Dated: March __, 2018

By:_____
    Paul Hansmeier
    9272 Cortland Alcove
    Woodbury, MN 55125

    Plaintiff

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

|  | BKY No. 15-42460 |
|---|---|
| In re: | ADV No. 16-4124 |

Paul Hansmeier,

        Debtor.

Paul Hansmeier,

        Plaintiff,

v.

Sandipan Chowdhury and Booth Sweet, LLP,

        Defendants.

### PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:    Sandipan Chowdhury, 354 America Boulevard, Unit 54D, Ashland, MA 01721 and
Booth Sweet LLP, 32R Essex Street, Studio 1A, Cambridge, MA 02139.

PLEASE TAKE NOTICE that you are requested to furnish answers to the following

Interrogatories within thirty (30) days from the date of service hereof pursuant to Rules 26 and

69 F.R. Civ. P. These Interrogatories are continuing in nature and require supplemental answers

as provided by the Federal Rules of Civil Procedure.

### INTRODUCTION AND DEFINITIONS

A.      Each interrogatory seeks information available to Sandipan Chowdhury
(hereinafter "Defendant") and his attorney, or agent, and all persons acting on his
behalf. Accordingly, as used herein, the terms "you," and "your" refer without
limitation to Defendant, his attorneys or agents, and all persons acting on his
behalf. Each of these interrogatories shall be deemed to be continuing in the
manner provided by law.

B.      As used herein, "person" means an individual, firm, partnership, corporation,
proprietorship, association, governmental body, or any other organization or
entity. When the terms "identify" or "state the identity" are used in conjunction

with the term "person," or if the answer to any interrogatory herein refers to a person (as defined herein), you are to state each such person's: (1) full legal name; (2) present or last known address and telephone number (business and residential); and (3) occupation, job title, business affiliation and/or nature of business.

C.     As used herein, "document" is intended in its broadest sense, including any writing, notes, record or other tangible thing as well as any electronic record in tape or other form in your custody, possession or control or known to you. When the terms "identify" or "state the identity" are used herein in conjunction with the term "document," or if the answer to any interrogatory herein refers to a document (as defined herein), you are to state, with respect to each such document: (1) the date of the document; (2) the identity of the person who has custody or control over the document; (3) the nature and substance of the document, all with sufficient particularity to enable it to be identified in a request to produce; and (4) the author(s) and recipient(s) thereof. In lieu thereof you may with your answers produce the document, provided that each document is appropriately marked to identify the interrogatory to which the document is responsive.

D.     As used herein, "oral communication" means all conversations, statements and remarks, whether taped, transcribed, recorded or otherwise. When the terms "identify" or "state the identity" are used herein in conjunction with the term "oral communication," or if the answer to any interrogatory herein refers to an oral communication, you are to state with respect to each oral communication: (1) the date of said communication; (2) the place at which it occurred; (3) the identity of the person(s) making, receiving and witnessing the communication, respectively; and (4) the substance of the communication.

E.     If any document or identification of any document or oral communication is withheld under a claim of privilege, in order that the court and the parties may determine the identity of the document or oral communication, identify the person or persons who sent or received copies of the document or who heard or participated in some or all of the oral communication for which a privilege is claimed, and state the basis for any asserted claim of privilege.

F.     As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

G.     If you object to part of an interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that interrogatory. If you object to the scope or time period, state your objection and answer the interrogatory for the scope or time period you believe is appropriate.

H.     If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, describing all steps

2

taken in an effort to secure the requested information, and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, please set forth the detail of such qualification.

## INTERROGATORIES

## INTERROGATORY #1

As to the person or persons who participated in responding to these Interrogatories please supply:
    a.     the name and title of each such person;
    b.     the home address of the defendant in this case; and
    c.     the business address of the defendant in this case.

## INTERROGATORY #2

If you are currently employed, provide the name and address of your employer.

## INTERROGATORY #3

If you own or operate any business, directly or indirectly, state:

   a.   the principal address of business and telephone number of the business;

   b.   the nature of the business;

   c.   the form of organization of the business (e.g., sole proprietorship, corporation, limited liability company, etc.);

   d.   the nature and/or percentage amount of your ownership in the business (e.g., 100% membership interest in a certain limited liability company);

   e.   the name of the person who has the most knowledge of the assets and liabilities of the business;

   f.   the present value of your interest in each such business;

   g.   the registered agent and registered address of the entity, if a registered entity; and

   h.   with respect to any bank at which the business has a bank account, state:
      1.   the name and address of each such bank;
      2.   the account number of each such account; and
      3.   the balance in each such account.

3

**INTERROGATORY #4**

Identify jobs and/or contracts awarded to you relating to services or products you provided or will provide for compensation from and after January 1, 2016 to the present.

**INTERROGATORY #5**

If you have an ownership interest in any real property (land), for each parcel, please state:

    a.  The address and legal description of the property;

    b.  a description of the improvements upon the property;

    c.  the present value of the property;

    d.  the present value of your equity interest in the property;

    e.  the amount you paid for the property; and

    f.  The name and address of each person or business, other than you, with an ownership interest in the property.

**INTERROGATORY #6**

List each item and state the estimated value of the personal property (everything except land) in which you have an ownership interest, regardless of whether or not you claim that any such item is exempt from execution upon a judgment.

**INTERROGATORY #7**

List each item and state the estimated value of the intellectual property in which you have an ownership interest, including trademarks, copyrights, and/or patents.

**INTERROGATORY #8**

If any of the real or personal property owned by you, either jointly or otherwise, is encumbered by either a real estate mortgage, deed of trust, security interest, or any other type of lien, then please state:

    a.  A description of the property encumbered and the nature and the amount of such encumbrance; and

    b.  The date the property was encumbered, the name and address of each person who holds the encumbrance, and the present balance of such encumbrance.

**INTERROGATORY #9**

If you maintain any personal or business checking accounts, certificate of deposits, money market accounts, individual retirement accounts, Keogh accounts, or trust accounts (either as settler, trustee, or beneficiary), whether held in your name or in another's name, for each such account state:

    a.  the name and address of the bank or institution holding or maintaining the account on your behalf;

    b.  the name and account number under which the account is held, and whether it is business, personal, or joint; and

    c.  the balance of the accounts as of the date you answered these Interrogatories.

**INTERROGATORY #10**

If you have access to any safe deposit boxes or other depositories for securities, cash, or other valuables, state:

    a.  the name and address of such box or depository;

    b.  the contents of each such box or depository; and

    c.  the value of each item stored in each such box or depository.

**INTERROGATORY #11**

If you are owed or anticipate that you will be owed money by any person, business, or entity, then please state:

    a.  the name and address of each person, business, or entity which owes you money; and

    b.  the amount of money due, and the date such sums are due or will become due.

**INTERROGATORY #12**

If you are a party to any pending litigation, whether as a plaintiff a defendant, then please state:

    a.  The case name of any such litigation, together with the cause number and the name of the court in which such litigation is pending;

    b.  a general description of the nature of the claim or suit; and

    c.  The names and the addresses of the attorneys of record in such litigation, together with an identification of the parties that they represent.

**INTERROGATORY #13**

If you have transferred, assigned, or otherwise conveyed any interest in real or personal property since Jan. 1, 2015, including any substantial or bulk transfer of inventory or stock in trade, then please state:

    a.  A description of the property so conveyed;

    b.  the name(s) and addresses of the persons, businesses, or entities to whom such property was conveyed;

    c.  the date the property was conveyed; and

    d.  the consideration received by you for conveyance of such property.

**INTERROGATORY #14**

If you owe money to any person, business, or entity other than Plaintiff, then please state the name and address of each person, business, or entity to which you owe money and the amount owed to each.

**INTERROGATORY #15**

If you own any membership interest, stock, bonds, or other securities of any class in any company, firm, limited liability company, or corporation, whether foreign or domestic, please identify each such stock, bond, or other security by naming the entity issuing such security, and state the present value of each such security.

**INTERROGATORY #16**

As to any person or entity that holds real or personal property belonging to you, whether that person or entity is acting as trustee, nominee, or in some other capacity, describe:

    a.  the name and address of such person or entity;

    b.  the capacity in which such person or entity is acting (e.g., trustee, property manager, etc.);

    c.  a description of the property that such person or entity is holding on your behalf; and

    d.  the value of the property so held.

**INTERROGATORY #17**

Do you hold any real or personal property in trust for any other person or entity? If so, supply:

    a.  the name and address of such person or entity;

    b.  a description of the property held in trust;

    c.  the date the trust was created;

    d.  the source of the trust assets; and

    e.  the value of the property held in trust.

**INTERROGATORY #18**

Do you claim that any real or personal property, tangible or intangible, is exempt from the claims of creditors? If so, list such items of property.

**INTERROGATORY #19**

In responding to these Interrogatories and the attached Requests for Production, have you made a diligent search of your records and resources, as well as the records and resources reasonably available to you, in order to answer the questions or obtain the materials requested?

**INTERROGATORY #20**

If you believe or contend that material information or documents exist that are responsive to these interrogatories or to the attached requests for production but are not in your possession, supply:

    a.  the name of the person who has possession of such information or documents;

    b.  the address of any such person; and

    c.  the location of any such documents.

**INTERROGATORY #21**

Please supply three dates within the next 90 days on which you will be available for an oral deposition.

Dated: March __, 2018

By:_____
    Paul Hansmeier
    9272 Cortland Alcove
    Woodbury, MN

    Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| In re: | BKY No. 15-42460<br>ADV No. 16-4124 |
| Paul Hansmeier, | |
| Debtor. | |

Paul R. Hansmeier,

      Plaintiff,

v.

Sandipan Chowdhury and Booth Sweet, LLP,

      Defendants

---

## PLAINTIFF'S POST-JUDGMENT REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    Defendant Booth Sweet, LLP, 32 Essex Street, Studio 1A Cambridge, MA 02139.

      Pursuant to Federal Rules of Civil Procedure 69 and 34, the Plaintiff demands Booth

Sweet, LLP, to produce and permit Plaintiff to inspect each of the documents described below at

the offices of Browne Law LLC, 8530 Eagle Point Blvd. Suite 100 on April 28, 2018 at 9:00 a.m.

      "Document" means any written, printed, typed, recorded, or other graphic matter of any

kind or nature whether produced, reproduced, or stored on papers, cards, tapes, film, computer

storage devices, or any other medium, and includes, but is not limited to any correspondence,

notes, memoranda, writings, charts, photographs or any other types of records or data within the

scope of discovery under the applicable Rules.

      For the purpose of this set of document requests, the following definitions shall apply:

"Booth Sweet" means the limited liability partnership Booth Sweet, LLP, or its successors,

agents or assigns.

## REQUESTED DOCUMENTS

Please produce *true and complete* copies of the following (including copies of the front and back, if there is material that is written, printed, typed, or drawn on the back) without altering, re-creating, supplementing, or otherwise retroactively documenting these records after the date of your receipt of this discovery.

1.     Copies of federal income tax returns for Booth Sweet for the years 2015 through the latest return you have filed, including all schedules and exhibits.

2.     All financial statements prepared by Booth Sweet from 2015 through the present date.

3.     Copies of any and all bank statements for accounts in the name of Booth Sweet AND in the name of any entity in which Booth Sweet has an equitable interest from 2017 to the present.

4.     Each document which provides a description and/or value for each interest in real property owned by Booth Sweet (including but not limited to deeds, notes, deeds of trust, insurance policies, closing statements, *ad valorem* tax statements, and appraisals) from 2015 to the present, regardless of whether or not such property is still titled in Booth Sweet's name as of this date.

5.     Each document which provides a description and/or value for each interest in real property owned by entities in which Booth Sweet has a legal or equitable interest (including but not limited to deeds, notes, deeds of trust, insurance policies, closing statements, *ad valorem* tax statements, and appraisals) from 2015 to the present, regardless of whether or not such property is still titled in Booth Sweet's name as of this date.

6.     All joint venture agreements, general partnership agreements, limited partnership agreements, certificates of limited partnership and other documentary evidence of any form of partnership agreement(s) entered into by Booth Sweet.

7.     Each document which provides or reflects a title, description, and/or value for each interest in non-real property owned by Booth Sweet (including but not limited to title certificates, registrations, insurance policies, receipts, and appraisals) from 2015 to the present, regardless of whether or not such property is still titled in Booth Sweet's name as of this date. This shall include all documents which provide a description of the following items owned by Booth Sweet in the past three years, including the present value of the item and the amount of the indebtedness

2

outstanding against the item:

    i.      stocks, bonds, or other securities, including the name and address of the corporation in which the equity or shares are owned, and dividends paid or payable to you within the last three years;

    ii.     mortgages or liens on real or personal property;

    iii.    promissory notes, drafts, bills of exchange, or other commercial paper;

    iv.    judgments;

    v.     savings bonds or other government-issued bonds or treasury bills;

    vi.    any interests in oil, gas, or mineral leases;

    vii.   certificates of deposit, letters of credit, money orders, cashier's checks, travelers checks bank deposits, escrow funds, safety deposit boxes, savings accounts, or accounts at any financial institution or organization;

    viii.  leases, life estates, remainder interests, or other interests in real property; and

    ix.    patents, copyrights, trademarks, franchises, and other licenses.

8.     Copies of all documents pertaining to the sale or transfer of any of Booth Sweet's non-real property to third parties since 2015, such documents to include without limitation assignments, transfer documents, bills of sale, and the like.

9.     Copies of all communications, correspondence, email, or memoranda sent, received, or exchanged pertaining to the transfer by (a) Booth Sweet of any real or personal property to third parties within the last calendar year; and (b) any entity in which Booth Sweet owns a legal or equitable interest to third parties within the last calendar year.

10.   Any promissory note, judgment, or statement of account(s) receivable evidencing any debts owed to Booth Sweet.

11.   Please furnish all certificates of formation, articles of incorporation or organization, partnership agreements (general or limited), and any amendments thereto for Booth Sweet, LLP.

12.   Please furnish copies of any and all, loan applications, personal financial statements profit and loss statements, cash flow projections, business models, and/or records containing financial information of any nature that have been prepared by Booth Sweet or any other person for Booth Sweet that have then been submitted to banks or other lenders in order to

seek financing from 2014 to the present.

Dated: March __, 2018

By:_____

      Paul Hansmeier
      9272 Cortland Alcove
      Woodbury, MN
      Plaintiff

4

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

|  |  |
|---|---|
| In re: | BKY No. 15-42460<br>ADV No. 16-4124 |

Paul Hansmeier,

        Debtor.

---

Paul R. Hansmeier,

        Plaintiff,

v.

Sandipan Chowdhury and Booth Sweet, LLP,

        Defendants

---

### PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    Sandipan Chowdhury, 354 America Boulevard, Unit 54D, Ashland, MA 01721 and Booth Sweet LLP, 32R Essex Street, Studio 1A, Cambridge, MA 02139.

Pursuant to Federal Rules of Civil Procedure 69 and 34, the Plaintiff demands Sandipan Chowdhury, to produce and permit Plaintiff to inspect each of the documents described below at the offices of Browne Law LLC, 8530 Eagle Point Blvd. #100, Lake Elmo, MN 55042 on April 28, 2018 at 9:00 a.m.

"Document" means any written, printed, typed, recorded, or other graphic matter of any kind or nature whether produced, reproduced, or stored on papers, cards, tapes, film, computer storage devices, or any other medium, and includes, but is not limited to any correspondence, notes, memoranda, writings, charts, photographs or any other types of records or data within the scope of discovery under the applicable Rules.

For the purpose of this set of document requests, the following definitions shall apply:

"You" means Sandipan Chowdhury, or agent thereof.

## REQUESTED DOCUMENTS

Please produce *true and complete* copies of the following (including copies of the front and back, if there is material that is written, printed, typed, or drawn on the back) without altering, re-creating, supplementing, or otherwise retroactively documenting these records after the date of your receipt of this discovery.

1.      Copies of federal income tax returns for yourself individually AND for any entity in which you own any legal or equitable interest for the years 2015 through the latest return you have filed, including all schedules and exhibits.

2.      All financial statements prepared by you for yourself individually AND for any entity in which you own any legal or equitable interest from 2015 through the present date.

3.      Copies of any and all bank statements for accounts in your name individually AND in the name of any entity in which you own a legal or equitable interest from 2016 to the present.

4.      Each document which provides a description and/or value for each interest in real property owned by you (including but not limited to deeds, notes, deeds of trust, insurance policies, closing statements, *ad valorem* tax statements, and appraisals) from 2015 to the present, regardless of whether or not such property is still titled in your name as of this date.

5.      Each document which provides a description and/or value for each interest in real property owned by entities in which you have a legal or equitable interest (including but not limited to deeds, notes, deeds of trust, insurance policies, closing statements, *ad valorem* tax statements, and appraisals) from 2015 to the present, regardless of whether or not such property is still titled in your name as of this date.

6.      All joint venture agreements, general partnership agreements, limited partnership agreements, certificates of limited partnership and other documentary evidence of any form of partnership agreement(s) entered into by you.

7.      Copies of all documents pertaining to the sale or transfer of any of your real property to third parties since 2015, such documents to include without limitation contracts, agreements, deeds, promissory notes, deeds of trust, modifications, extensions, work orders, invoices, receipts, checks and other documents.

8.      Copies of all documents pertaining to the sale or transfer of any of real property by any entity in which you have a legal or equitable interest to third parties since 2015, such documents to include without limitation contracts, agreements, deeds, promissory notes, deeds of

trust, modifications, extensions, work orders, invoices, receipts, checks and other documents.

9.      Produce any leases, residential or commercial, and executory contracts in which you have an interest.

10.     Produce all documents which refer or relate to other lawsuits in which you are presently involved or have been involved in within the last three years, including any unsatisfied judgments in which you are the judgment creditor; any other unsatisfied judgments against you or for which you are liable; and any filing in bankruptcy by you.

11.     Each document which provides or reflects a title, description, and/or value for each interest in non-real property owned by you (including but not limited to title certificates, registrations, insurance policies, receipts, and appraisals) from 2015 to the present, regardless of whether or not such property is still titled in your name as of this date. This shall include all documents which provide a description of the following items owned by you in the past three years, including the present value of the item and the amount of the indebtedness outstanding against the item:

    i.      stocks, bonds, or other securities, including the name and address of the corporation in which the equity or shares are owned, and dividends paid or payable to you within the last three years;

    ii.     mortgages or liens on real or personal property;

    iii.    promissory notes, drafts, bills of exchange, or other commercial paper;

    iv.     judgments;

    v.      savings bonds or other government-issued bonds or treasury bills;

    vi.     any interests in oil, gas, or mineral leases;

    vii.    certificates of deposit, letters of credit, money orders, cashier's checks, travelers checks bank deposits, escrow funds, safety deposit boxes, savings accounts, or accounts at any financial institution or organization;

    viii.   keogh plans, individual retirement accounts, profit sharing plans, deferred compensation plans, pension plans, prepaid funeral plans, retirement benefits, or other retirement plans;

    ix.     leases, life estates, remainder interests, or other interests in real property; and

    x.      patents, copyrights, trademarks, franchises, and other licenses.

3

12.   Copies of all documents pertaining to the sale or transfer of any of your non-real property to third parties since 2015, such documents to include without limitation assignments, transfer documents, bills of sale, and the like.

13.   Copies of all documents pertaining to the sale or transfer of any of any non-real property by any entity in which you own a legal or equitable interest to third parties since 2015, such documents to include without limitation assignments, transfer documents, bills of sale, and the like.

14.   Copies of all communications, correspondence, email, or memoranda sent, received, or exchanged by you pertaining to the transfer by (a) you of any real or personal property to third parties within the last calendar year; and (b) any entity in which you own a legal or equitable interest to third parties within the last calendar year.

15.   Any promissory note, judgment, or statement of account(s) receivable evidencing any debts owed to you personally AND for any debts owed to any entity in which you have a legal or equitable interest.

16.   Please furnish documentary evidence of your ownership interest in any and all business entities in which you have a legal or equitable interest, including but not limited to any limited liability company, corporation, trust, general partnership, limited partnership, or other entity, including any "dba," in which you own or claim, or have owned or claimed, any interest from 2014 to the present.

17.   Please furnish documentary evidence of your ownership in all non-business entities (e.g., living trusts, testamentary trusts, non-profit organizations, and the like) in which you have a legal or equitable interest.

18.   Please furnish documentary evidence of your role in any entity in which you serve as trustee, including but not limited to (1) the trust agreement for such entity; (2) copies of the deeds to any real property held by the trust; and (3) any inventory or written record of any non-real property held by the trust.

19.   Please furnish all certificates of formation, articles of incorporation or organization, partnership agreements (general or limited), or joint venture agreements that form the basis of any entity in which you now claim or have claimed any legal or equitable interest from 2015 to the present date.

20.   Please furnish all records pertaining to all real estate (including oil, gas, and other minerals) in which you rent, own or claim, or have rented, owned or claimed, any interest since 2015, including but not limited to any and all deeds, mortgages, deeds of trust, liens, leases, promissory notes, surveys, and settlement statements of purchasers or sellers, together with any evidence showing monthly payments and present outstanding balance of principal and interest,

4

including but not limited to the property the subject of this litigation as defined hereinabove.

21.    Please furnish copies of any and all, loan applications, personal financial statements profit and loss statements, cash flow projections, business models, and/or records containing financial information of any nature that have been prepared by you or any other person for you or for any other entity in which your ownership percentage exceeds 25% and that have then been submitted to banks or other lenders in order to seek financing from 2014 to the present.

22.    Please furnish all formation documents, including without limitation, certificates of formation, articles of incorporation or organization, partnership agreements, or joint venture agreements that form the basis of any entity in which you now claim or have claimed any legal or equitable interest from January 1, 2004 to the present date.


Dated: March ___, 2018

By:_____
Paul Hansmeier
9272 Cortland Alcove
Woodbury, MN

Plaintiff

5

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

BKY No. 15-42460
ADV No. 16-4124

In re:

Paul Hansmeier,

      Debtor.

---

Paul Hansmeier,

      Plaintiff,

v.

Sandipan Chowdhury and Booth Sweet, LLP,

      Defendants.

---

## CERTIFICATE OF SERVICE

I Paul Hansmeier, representing myself, do hereby certify that on March 26, 2018, I served

a copy of the foregoing documents on Sandipan Chowdhury, 354 America Boulevard, Unit 54D,

Ashland, MA 01721 and Booth Sweet LLP, 32R Essex Street, Studio 1A, Cambridge, MA

02139:

    Plaintiff's post-judgment requests for production of documents to Booth Sweet LLP

    Plaintiff's requests for production of documents to Sandipan Chowdhury

    Plaintiff's post-judgment interrogatories to Booth Sweet LLP

    Plaintiff's first set of interrogatories to Sandipan Chowdhury

Dated: March 26, 2018

By: _____
Paul Hansmeier
9272 Cortland Alcove
Woodbury, MN

Plaintiff

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

BKY No. 15-42460
ADV No. 16-4124

In re:

Paul Hansmeier,

      Debtor.

---

Paul Hansmeier,

      Plaintiff,

v.

Sandipan Chowdhury and Booth Sweet, LLP,

      Defendants.

---

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), made applicable here by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, Plaintiff Paul Hansmeier ("Hansmeier") will take the deposition upon oral examination of the designated representative of Defendant Booth Sweet, LLP. The deposition will take place on April 30, 2018, at 1:00 p.m. (Central Time) at 8530 Eagle Point Blvd. Suite 100 Lake Elmo, MN 55042 or such other time and place as may be agreed to by the parties.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Deponent must designate one or more persons to testify on its behalf with regard to all matters known or reasonably available to Deponent on the following topics.

1.    Information regarding the transfer of any property from Booth Sweet LLP to any other person since 2015 including, if applicable, the accounts from which the property was transferred and the accounts to which the property was transferred.

2.    Information regarding the disposition and present location of the funds that were paid over on account of the judgment obtained in favor of Sandipan Chowdhury in the U.S. District Court for the District of Massachusetts in the matter of *AF Holdings, LLC v. Sandipan Chowdhury*, No. 12-cv-12105 (D. Mass.).

3.    Information regarding the disposition and present location of the funds that were paid over on account of orders entered in *Lightspeed Media Corporation v. Anthony Smith*, 12-cv-889 (S.D. Ill.).

4.    Information regarding Booth Sweet LLP's present financial position, including bank accounts used by Booth Sweet LLP since 2015, the disposition and present location of funds obtained by Booth Sweet LLP since 2015, the existence and status of accounts receivables held by Booth Sweet LLP or any of its partners, information regarding all active matters which Booth Sweet LLP is presently handling, and the existence of any other property owned by Booth Sweet LLP.

5.    Information regarding Booth Sweet LLP's retainer agreement with Sandipan Chowdhury, including information regarding Booth Sweet LLP's financial arrangement with Mr. Chowdhury.

March 31, 2018                          /s/ _____
                                        Paul R. Hansmeier
                                        9272 Cortland Alcove
                                        Woodbury, MN 55125

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 31, 2018, a true and correct copy of the

foregoing document was served by first class U.S. mail, postage prepaid, to the following

parties:

Sandipan Chowdhury
354 America Boulevard
Unit 54D
Ashland, MA 01721


Booth Sweet LLP
32R Essex Street, Studio 1A
Cambridge, MA 02139

4

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

|  | BKY No. 15-42460 |
|---|---|

In re:                                                                    ADV No. 16-4124

Paul Hansmeier,

        Debtor.

---

Paul Hansmeier,

        Plaintiff,

v.

Sandipan Chowdhury and Booth Sweet, LLP,

        Defendants.

---

### NOTICE OF DEPOSITION

    PLEASE TAKE NOTICE that Plaintiff Paul Hansmeier will take the deposition

upon oral examination of Defendant Sandipan Chowdhury at 9:00 a.m. Central Time on

April 30, 2018, at 8530 Eagle Point Blvd. Suite #100 Lake Elmo, MN 55042 pursuant to

Fed. R. Bankr. P. 7026 and 7030, before a notary public or other person authorized to

administer oaths. The deposition will be stenographically recorded and will continue

from day to day thereafter until completed.


March 31, 2018                    /s/ _____
                      Paul R. Hansmeier
                      9272 Cortland Alcove
                      Woodbury, MN 55125

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 31, 2018, a true and correct copy of the

foregoing document was served by first class U.S. mail, postage prepaid, to the following

parties:

Sandipan Chowdhury
354 America Boulevard
Unit 54D
Ashland, MA 01721


Booth Sweet LLP
32R Essex Street, Studio 1A
Cambridge, MA 02139

2

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re

Paul Hansmeier,

     *Debtor.*

Bky No. 15-42460

-----------------------------------------------------

Paul Hansmeier,

     *Plaintiff.*

v.

Sandipan Chowdhury and Booth Sweet LLP,

     *Defendants.*

ADV No. 16-4124

## CERTIFICATE OF SERVICE

The undersigned declares that on May 2, 2018, he delivered the following

documents to the Clerk of Court for the U.S. Bankruptcy Court for the District of

Minnesota, which will generate electronic service on all of the Defendants in this case:

Notice of Hearing and Motion to Compel Production of Documents; Declaration of Paul

Hansmeier and Exhibits, Memorandum of Law, and proposed Order.

 

Paul Hansmeier

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re

Paul Hansmeier,

      *Debtor.*

  Bky No. 15-42460

------------------------------------------------

Paul Hansmeier,

      *Plaintiff.*

  ADV No. 16-4124

v.

Sandipan Chowdhury and Booth Sweet LLP,

      *Defendants.*

## ORDER

Plaintiff Paul Hansmeier's motion to compel came before the Court. For reasons stated orally and recorded in open court,

### IT IS ORDERED

1.   Hansmeier's motion to compel is granted.

2.   Defendants shall produce written answers to Hansmeier's interrogatories and documents responsive to Hansmeier's request for production of documents in an electronic format acceptable to Hansmeier within 14 days of this order.

3.   Defendants shall arrange to personally appear for a deposition in Minnesota within 14 days of this order on a date and time that is mutually-agreeable to Hansmeier.

4.    If the Defendants fail to comply with the Court's order, Hansmeier may file an

affidavit of non-compliance. Upon receipt of the affidavit, the Court shall issue an

Order to Show Cause as to why a coercive civil contempt sanction of $500 per day

of non-compliance should not issue against any Defendant who fails to comply

with the Court's order.


Dated: _____


_____
Kathleen H. Sanberg
Chief United States Bankruptcy Judge