## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| PAUL HANSMEIER, | No. 15-42460 |
| Debtor. | |

| | |
|---|---|
| PAUL HANSMEIER, Debtor, | Adv. No. 16-04124 |
| Plaintiff | |
| v. | |
| SANDIPAN CHOWDHURY and BOOTH SWEET LLP, | |
| Defendants. | |

### DECLARATION OF JASON SWEET IN SUPPORT OF
### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

I, Jason Sweet, state under penalty of perjury that the following is true and based on personal knowledge.

1. I am an attorney at law licensed to practice before the Courts of the Commonwealth of Massachusetts and the United States Courts of Appeals for the First, Sixth, and Seventh Circuits. I represent the Defendants, Sandipan Chowdhury and Booth Sweet LLP, in this matter.

2. I submit this declaration in support of the Defendants' Response in Opposition to Debtor's Renewed Motion to Compel ("Opposition").

3. On March 26, 2018, I received an email from the Debtor, Paul Hansmeier ("Hansmeier"). Attached to the email were discovery requests. The discovery requests were not signed. The discovery requests did not include the certification of service required under Rule 26(g). Under Rule 26, Defendants were not obligated to respond to the unsigned, uncertified requests. A true and accurate copy of the email and the requests were attached to the Defendants' Response in Opposition to Debtor's Renewed Motion to Compel as Exhibit A. Doc. 63 at 8–32.

4. On May 3, 2018, Hansmeier filed the discovery requests at issue as exhibits to his initial motion to compel. Doc. 54. The requests, as filed by Hansmeier at that time, were not signed and did not include the certification of service required under Rule 26(g).

5. On August 7, 2018, Hansmeier filed a Renewed Motion to Compel ("Renewed Motion"). Doc. 62. Hansmeier did not confer prior to filing his renewed motion. Doc. 63 at 1. Had he conferred, I could have told him then that he was seeking to compel compliance with discovery requests that he had sent to the Defendants unsigned, and that were therefore insufficient.

6. No copies of the discovery requests were attached to the Renewed Motion. Doc. 62.

7. On Thursday, August 16, 2018 at 3:31 PM, Defendants timely filed an Opposition to the Renewed Motion. Doc. 63.

8. That same day, August 16, 2018, Defendants mailed a copy of the Opposition via first class mail to Hansmeier at 9272 Cortland Alcove, Woodbury, MN 55125 shortly after 4:42 PM. A true and accurate copy of a time and date stamped photo of the mailing is attached as Exhibit 1.

9. On August 21, 2018, the Court held a hearing on the Renewed Motion. During the hearing, Hansmeier stated he had not yet received the Opposition and was unaware of the Defendants' claim that they had received only unsigned discovery requests. Doc. 66 (audio file at 1:44 - 3:44); *see* Doc. 65 at 25. Hansmeier further claimed that, had he known of the dispute, he would have printed out scanned copies of the requests which, he claimed, he had signed and mailed to the Defendants. *Id.* Hansmeier also claimed the Defendants were attempting to mislead the court by stating that the discovery requests were sent unsigned. *Id.*

10. That same day, Hansmeier filed, as proof of service, signed copies of the certification of service and discovery requests. The copies were all dated March 26, 2018. Doc. 65. There is no indication as when these copies were signed; if they were signed at the time they were allegedly sent; or if signed copies were in fact ever sent to the Defendants.

11. Hansmeier routinely serves Defendants with unsigned copies of pleadings filed in this Court. A practice which he himself touched upon at the Renewed Motion hearing. Doc. 66, Audio file at 2:54 – 3:44.

12. Further, on May 3, 2018, Hansmeier had filed the discovery requests at issue as exhibits to his initial motion to compel. Doc. 54. The requests, as filed by Hansmeier at that time, were not

signed and did not contain a certification of service—unlike the *post hoc*, post-hearing version that Hansmeier filed on August 21, 2018. *Id. Cf.* Doc. 63, Exhibit A at 8–32; Doc. 65.

13. Defendants have never been served with formal copies of the discovery requests that complied with the Federal Rules of Civil Procedure.

 

 

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 22, 2018.

_____
Jason E. Sweet

On August 22, 2018, before me, the undersigned notary public, personally appeared Jason E. Sweet, personally known to me to be the person whose name is signed on the preceding document and acknowledged to me that he executed the same voluntarily for its stated purpose in his authorized capacity.

WITNESS my hand and official seal:

_____

MARIA FONTELLIO
Notary Public, Commonwealth of Massachusetts
My Commission Expires March 28, 2025

MARIA FONTELLIO
Notary Public, Commonwealth of Massachusetts
My Commission Expires March 28, 2025

8/22/18



### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

In re:

PAUL HANSMEIER,

      Debtor.

Chapter 7

No. 15-42460

PAUL HANSMEIER, Debtor,

      Plaintiff

  v.

SANDIPAN CHOWDHURY and BOOTH SWEET LLP,

      Defendants.

Adv. No. 16-04124

### CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2018, I caused the foregoing opposition to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a). I also certify that the document was served via U.S. Mail first class postage prepaid on:

Paul R. Hansmeier
9272 Cortland Alcove
Woodbury, MN 55125

Dated: August 22, 2018

Respectfully,

/s/ Jason Sweet
BOOTH SWEET LLP
BBO# 668596
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com
*Counsel for Defendants*
*Pro Hac Vice Appearance*