# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

RECEIVED

18 OCT 10 PM 12: 49

U.S BANKRUPTCY COURT
ST. PAUL, MN

| | |
|---|---|
| In re | Bky No. 15-42460 |
| Paul Hansmeier, | |
| *Debtor.* | |
| --------------------------------------------------------- | |
| Paul Hansmeier, | |
| *Plaintiff.* | ADV No. 16-4124 |
| v. | |
| Sandipan Chowdhury and Booth Sweet LLP, | |
| *Defendants.* | |

## AFFIDAVIT OF NON-COMPLIANCE

1.      I am the Plaintiff in this adversary proceeding. I am over the age of 21 and am making this affidavit based upon my personal knowledge. I am competent to testify about the matters set forth herein.

2.      This case was commenced by the filing of a voluntary petition under Chapter 13 on July 13, 2015, the case was converted to a case under Chapter 7 on December 3, 2015.

3.      On March 7, 2018, the Court entered a restitution judgment in favor of Plaintiff, and jointly payable to Plaintiff and the Chapter 7 Trustee, against Chowdhury and Booth Sweet. Dkt. 43.

4. Defendants have taken appeal of the judgment and the appeal is still pending.

5. On March 26, 2018, Plaintiff served Defendants with signed judgment enforcement discovery directed at both Defendants, including interrogatories and requests for production of documents.

6. On March 30, 2018, Plaintiff served Defendants with signed notices of depositions for Chowdhury and a representative of Booth Sweet. The depositions were scheduled for May 1, 2018.

7. Defendants did not object to or appear for their depositions.

8. Defendants did not respond to Plaintiff's discovery requests or appear for their deposition.

9. On April 5, 2018, at 3:00 p.m. (Eastern Time), Plaintiff met and conferred with Jason Sweet regarding the discovery requests Plaintiff issued to Booth Sweet and Chowdhury. Mr. Sweet indicated that he would force Plaintiff to go through the "whole rigmarole" in enforcing the Court's judgment.

10. On May 16, 2018, the Court heard and denied without prejudice Plaintiff's motion to compel on the grounds that a motion to stay filed by the now-appellants was currently pending before District Court.

11. The Court reasoned that it would deny the motion to compel, without prejudice, so as to avoid potentially conflicting rulings based on the pendency of a motion to stay at the District Court level.

12.    The District Court subsequently denied Defendants' motion to stay, stating in part that: "Appellants do not address any of the factors that would assist the Court in determining whether the bond requirement should be waived. For example, Appellants' memorandum in support of the motion does not address the collection process, their ability to pay the judgment, or the existence of any other creditors...." *See Chowdhury v. Hansmeier*, No. 18-cv-761 (WMW) (D. Minn. July 13, 2018), Slip Op. *2.

13.    On August 7, 2018, Plaintiff filed a renewed motion to compel. Dkt. 62.

14.    The Court heard Plaintiff's motion on August 21, 2018, and granted Plaintiff's motion. Dkt. 67.

15.    The Court's order directed Defendants to produce written answers to Plaintiff's interrogatories and documents responsive to the plaintiff's request for production of documents in an electronic format acceptable to plaintiff within 14 days of the order. Dkt. 67.

16.    The Court's order stated that if Defendants fail to comply with the Court's order, then Plaintiff "may file an affidavit of non-compliance. Upon receipt of the affidavit, the Court shall issue an Order to Show Cause as to why a coercive civil contempt sanction of $250.00 per day of non-compliance should not be issued against any defendant who fails to comply with the court's order." Dkt. 67.

17.    On September 12, 2018, Jason Sweet e-mailed Plaintiff pdf files nominally labeled as Defendants' respective responses to Plaintiff's request for production of documents and Plaintiff's interrogatories. True and correct copies of Defendants' "responses" are attached hereto as Exhibit A.

3

18.    Defendants did not produce any documents in response to Plaintiff's request for production of documents.

19.    Defendants' answers to Plaintiff's interrogatories were essentially non-responsive. For example, both Defendants refused to answer Plaintiff's interrogatory requesting the name of any financial institution where they held a bank account, where the account was located, the name and number under which the account was carried, the balance of the account, and the identity of the authorized signatory for the account. Instead, Defendants' interrogatories interposed objections that have long since been waived based on Defendants' failure to timely object to Plaintiff's discovery requests.

20.    In their response to Plaintiff's request for documents, Defendants asserted they would not produce any document absent the entry of a protective order which, to date, they have not moved for. It has been over a half of a year since the Court entered judgment.

21.    Defendants and the undersigned met-and-conferred regarding Plaintiff's discovery requests on September 12, 2018 and September 13, 2018. A true and correct copy of the parties' meet-and-confer e-mails are attached as Exhibit B hereto. Defendants have been non-communicative since September 13, 2018.

22.    Based on the foregoing, Plaintiff believes the Defendants have not complied with the Court's order granting Plaintiff's motion to compel. Plaintiff does not believe that Defendants have any intention to comply with judgment enforcement discovery. Instead, Plaintiff takes Defendants word that they are going to force him to go through the "whole rigamarole" to enforce the judgment.

23.    To date, Defendants have produced zero documents and their answers to Plaintiff's interrogatories were non-responsive except as to such basic information as their names, addresses and other basic information they know Plaintiff already possesses.

24.    Plaintiff respectfully requests that the Court issue the order to show cause contemplated in its August 7, 2018 order.

Respectfully submitted,

October 9, 2018                 /s/

Paul R. Hansmeier
9272 Cortland Alcove
Woodbury, MN 55125

State of Minnesota

County of Washington

This instrument was acknowledged before me on ___10/9/2018___

By: _Paul Hansmeier_



Seal:

AMY ROSE SEIM
Notary Public
Minnesota
My Commission Expires
Jan 31, 2022

Signature of notarial officer: ___Amy Seim___

My commission expires: ___Jan. 31, 2022___

RECEIVED

18 OCT 10 PM 12: 49

U.S BANKRUPTCY COURT
ST. PAUL, MN

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

In re:

PAUL HANSMEIER,

    Debtor.

Chapter 7

No. 15-42460

---

PAUL HANSMEIER, Debtor,

    Plaintiff

    v.

SANDIPAN CHOWDHURY and BOOTH SWEET LLP,

    Defendants.

Adv. No. 16-04124

---

### DEFENDANT BOOTH SWEET LLP'S OBJECTIONS & RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

---

Defendant Booth Sweet LLP ("Responding Party") serves these Objections and Responses to Plaintiff's Request for Production of Documents under Federal Rule of Civil Procedure 34.

### PRELIMINARY STATEMENT

Without in any way obligating itself to do so, Responding Party reserves the right to modify or supplement the Responses herein with such pertinent information or documents as it may subsequently discover. Furthermore, these Responses are provided without prejudice to using subsequently discovered information or documents, or information or documents omitted from the Response as a result of mistake, error, oversight or inadvertence. Accordingly, Responding Party further reserves its right to produce additional facts and evidence to object on appropriate grounds to the introduction of any evidence included in these Responses. Nothing contained in these Responses shall in any way limit Responding Party's ability to make all uses at trial or otherwise of evidence that may be discovered in the future. The information set forth in these Responses is true and correct to the best of Responding Party's knowledge as of this date.

These Responses are provided without prejudice to the right of Responding Party to produce and introduce at the time of trial subsequently discovered evidence relating to the proof of presently known material facts, and to produce and introduce all evidence whenever discovered relating to

1



proof of subsequently discovered material facts. Moreover, because the facts and evidence now known may be improperly understood, or the relevancy or consequence of certain facts and evidence may be imperfectly understood, such facts and evidence in good faith may not be included in the following Responses. Responding Party reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any and all documents, evidence and things notwithstanding the following Responses and Objections interposed.

These Responses are made solely for the purpose of this action. Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred and each answer is subject to all appropriate Objections which may be made at the time of trial. Responding Party hereby reserves all Objections to competence, relevance, materiality, proprietary, admissibility, and any and all other Objections on any other ground that would require the exclusion of any information from being admitted into evidence. Any such Objections may be interposed upon the attempted introduction of such evidence, including at the time of trial.

These Responses are made by Responding Party subject to and without waiving, but to the contrary reserving, Responding Party's right to object to other discovery procedures relating to the subject matter of the Requests propounded. Responding Party has provided Responses to the Requests set forth below to the extent they seek information which is relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

## GENERAL OBJECTIONS

These Objections and Responses are made solely for the purpose of this action. Responding Party hereby reserves all Objections to competence, relevance, materiality, proprietary, admissibility, and any and all other Objections on any other ground that would require the exclusion of any information from being admitted into evidence. Any such Objections may be interposed upon the attempted introduction of such evidence, including at the time of trial.

The Objections and Responses contained herein are made on the basis of information now known to Responding Party and are made without waiving any further objections to or admitting the relevancy or materiality of any of the information requested.

Responding Party submits these Objections and Responses without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive

2

materials exist. A response that Responding Party will produce documents should not be construed to mean that documents actually exist or are in Responding Party's possession, custody, or control.

Responding Party's responses and objections are not intended to be, and shall not be construed as, agreement with Responding Party's characterization of any facts, circumstances, or legal obligations. Responding Party reserves the right to contest any such characterization as inaccurate. Responding Party also objects to the Requests to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

Responding Party generally objects to these Requests to the extent that they seek information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine. Responding Party further objects to the Requests to the extent they seek information the disclosure of which would violate the constitutional, statutory or common law privacy or associational rights of Responding Party or any person or entity. Nothing contained in these Objections and Responses is intended as, or shall in any way be deemed, a waiver of any such privilege or protection, or any other applicable privilege or doctrine. To the extent that any Request, or any part thereof, is intended to elicit such documents or information, Responding Party objects and asserts the applicable privilege to the fullest extent. Responding Party reserves the right not to produce documents that are in part protected by privilege, except on a redacted basis. Inadvertent disclosure of such information or documents shall not constitute a waiver of any privilege, or any basis for objecting to discovery, or the right of Responding Party to object to the use of any document or information inadvertently disclosed, and Propounding Party shall return all such documents to Responding Party.

Responding Party objects to these Requests to the extent that they seek information obtainable from other sources that are more convenient and less burdensome or are equally available to Propounding Party.

Responding Party further objects to each Request to the extent that each is vague, ambiguous, overbroad in scope, uncertain as to time, burdensome, oppressive, or seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to these Requests on the basis the Requests served upon Responding Party were neither signed, nor contained the required certification of service under Rule

26(g); and that Responding Party provided the Court with evidence to support that contention. *See* Doc. 68.

Responding Party further objects to each Request on basis of issue preclusion. The Plaintiff and his co-conspirators, John Steele and Paul Duffy (collectively, "Principals"), were found to be the real parties in interest for claims brought by AF Holdings and Ingenuity 13. The Principals were held to be jointly and severally liable for the acts of one another, Prenda Law, AF Holdings, and Ingenuity 13. *Ingenuity 13 LLC v. John Doe*, 2013 U.S. Dist. LEXIS 64564 (C.D. Cal. 2013). The Ninth Circuit affirmed *Ingenuity 13* on all grounds and specifically affirmed the findings that they controlled and bore responsibility for the cases litigated in Prenda Law or AF Holdings' name. *Ingenuity 13 v. Doe*, 651 Fed. App'x. 716 (9th Cir. 2016). The judgment Plaintiff seeks to clawback in this matter, still stands against those alter-egos. *AF Holdings v. Chowdhury*, No. 12-cv-12105 (D. Mass. 2012). Plaintiff was precluded as a matter of law from bringing this action, and is likewise precluded from enforcing it, which makes substantive responses to these Requests improper.

Responding Party further objects to each Request on the basis that two motions are currently pending. The first, is to substitute the Plaintiff for the judgment he seeks to clawback in this matter. *AF Holdings v. Chowdhury*, No. 12-cv-12105 (D. Mass. 2012). The second, is an appeal of this court's grant of summary judgment. *Chowdhury v. Hansmeier*, No. 18-cv-00761 (D. Minn. 2018). If either of Responding Party's motions are granted, discovery will be stayed, which would make substantive responses to these Requests improper. If Responding Party's motions are denied, this objection shall be deemed withdrawn.

Responding Party further objects to each Request on basis that Plaintiff has pleaded guilty to the federal indictment's counts of conspiracy to commit mail fraud, wire fraud and money laundering against him. *U.S. v. Hansmeier et al*, No. 16-cr-00334 (D. Minn. 2016). In his plea agreement, Plaintiff admitted he "substantially controlled and beneficially-owned" Prenda Law; and was one of "the *de facto* owners of AF Holdings." *Id.* Plaintiff was precluded as a matter of law from bringing this action, and is likewise precluded from enforcing it, which makes substantive responses to these Requests improper. *See e.g. McCarthy v. United States*, 394 U.S. 459, 466 (1969).

Responding Party will provide its responses based on terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure. Responding Party objects to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions.

4

Responding Party submits these Objections and Responses without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist.

## RESPONSES TO REQUESTS FOR PRODUCTION

Without waiving any of the foregoing general Objections, each of which is incorporated into each of the following specific Objections, Responding Party responds to each Request as follows:

**REQUEST No. 1:** Copies of federal income tax returns for Booth Sweet for the years 2015 through the latest return you have filed, including all schedules and exhibits.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party generally objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine. Responding Party further objects that the information sought in this Request is not relevant and Plaintiff has failed to make a showing of a "compelling need" for the returns. *East Iowa Plastics, Inc. v. Pi, Inc.*, 2014 U.S. Dist. LEXIS 69908, *16-20 (N.D. Iowa May 21, 2014).

---

**REQUEST No. 2:** All financial statements prepared by Booth Sweet from 2015 through the present date.

**DEFENDANT'S RESPONSE:** Responding Party objects to the term "financial statements" as vaguely defined, overbroad, and burdensome. Responding Party further objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party generally objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine. Responding Party objects to this Request as duplicative, in part, of the information sought in Request No. 1, and thus Responding Party further objects that the information sought in this Request is not relevant and Plaintiff has failed to make a showing of a

"compelling need." *East Iowa Plastics, Inc. v. Pi, Inc.*, 2014 U.S. Dist. LEXIS 69908, *16-20 (N.D. Iowa May 21, 2014).

---

**REQUEST No. 3:** Copies of any and all bank statements for accounts in the name of Booth Sweet AND in the name of any entity in which Booth Sweet has an equitable interest from 2017 to the present.

**DEFENDANT'S RESPONSE:** Responding Party objects to the terms "bank statements" and "accounts" as vaguely defined, overbroad, and burdensome. Responding Party further objects to this Request in that it seeks documents not in its custody, possession or control. Responding Party generally objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

---

**REQUEST No. 4:** Each document which provides a description and/or value for each interest in real property owned by Booth Sweet (including but not limited to deeds, notes, deeds of trust, insurance policies, closing statements, *ad valorem* tax statements, and appraisals) from 2015 to the present, regardless of whether or not such property is still titled in Booth Sweet's name as of this date.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party further objects to this Request in that it seeks documents not in its custody, possession or control. Responding Party further objects to this Request to the extent it seeks documents relating to transfers that may have occurred prior to the relevant time period, and thus seeks information not relevant to the subject matter of this litigation.

Subject to and without waiving the general objections as stated above, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis should they become available.

---

6

**REQUEST No. 5:** Each document which provides a description and/or value for each interest in real property owned by entities in which Booth Sweet has a legal or equitable interest (including but not limited to deeds, notes, deeds of trust, insurance policies, closing statements, *ad valorem* tax statements, and appraisals) from 2015 to the present, regardless of whether or not such property is still titled in Booth Sweet's name as of this date.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request as duplicative of Request No. 4 and refers Plaintiff to its Objection and Response thereto.

---

**REQUEST No. 6:** All joint venture agreements, general partnership agreements, limited partnership agreements, certificates of limited partnership and other documentary evidence of any form of partnership agreement(s) entered into by Booth Sweet.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it is uncertain as to time, and thus is overly burdensome and oppressive. Responding Party further objects to this Request as seeking information not relevant to the subject matter of this litigation. Responding Party further objects to this Request to the extent it encompasses documents publicly available and equally accessible to Plaintiff. Responding Party generally objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis should they become available.

---

**REQUEST No. 7:** Each document which provides or reflects a title, description, and/or value for each interest in non-real property owned by Booth Sweet (including but not limited to title certificates, registrations, insurance policies, receipts, and appraisals) from 2015 to the present, regardless of whether or not such property is still titled in Booth Sweet's name as of this date. This shall include all documents which provide a description of the following items owned by Booth Sweet in the past three years, including the present value of the item and the amount of the indebtedness outstanding against the item:

    i.   stocks, bonds, or other securities, including the name and address of the corporation in which the equity or shares are owned, and dividends paid or payable to you within the last three years;
    ii.  mortgages or liens on real or personal property;
   iii.  promissory notes, drafts, bills of exchange, or other commercial paper;
   iv.  judgments;
    v.  savings bonds or other government-issued bonds or treasury bills;
   vi.  any interests in oil, gas, or mineral leases;

vii. certificates of deposit, letters of credit, money orders, cashier's checks, travelers checks bank deposits, escrow funds, safety deposit boxes, savings accounts, or accounts at any financial institution or organization;

viii. leases, life estates, remainder interests, or other interests in real property; and

ix. patents, copyrights, trademarks, franchises, and other licenses.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party further objects to this Request to the extent it seeks documents relating to transfers that may have occurred prior to the relevant time period, and thus seeks information not relevant to the subject matter of this litigation. Responding Party objects to this Request to the extent it is duplicative of documents already requested herein or publicly available and equally accessible to Plaintiff.

Subject to and without waiving the general objections as stated above, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis should they become available.

---

**REQUEST No. 8:** Copies of all documents pertaining to the sale or transfer of any of Booth Sweet's non-real property to third parties since 2015, such documents to include without limitation assignments, transfer documents, bills of sale, and the like.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party further objects to this Request to the extent it seeks documents relating to transfers that may have occurred prior to the relevant time period, and thus seeks information not relevant to the subject matter of this litigation.

Subject to and without waiving the general objections as stated above, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis should they become available.

---

**REQUEST No. 9:** Copies of all communications, correspondence, email, or memoranda sent, received, or exchanged pertaining to the transfer by (a) Booth Sweet of any real or personal property to third parties within the last calendar year; and (b) any entity in which Booth Sweet owns a legal or equitable interest to third parties within the last calendar year.

**DEFENDANT'S RESPONSE:** Responding Party generally objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis should they become available.

---

**REQUEST No. 10:** Any promissory note, judgment, or statement of account(s) receivable evidencing any debts owed to Booth Sweet.

**DEFENDANT'S RESPONSE:** Responding Party generally objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis should they become available.

---

**REQUEST No. 11:** Please furnish all certificates of formation, articles of incorporation or organization, partnership agreements (general or limited), and any amendments thereto for Booth Sweet, LLP.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request in that it seeks documents not in its custody, possession or control. Responding Party further objects to this Request to the extent it encompasses documents publicly available online and equally accessible to Plaintiff.

---

**REQUEST No. 12:** Please furnish copies of any and all, loan applications, personal financial statements, profit and loss statements, cash flow projections, business models, and/or records containing financial information of any nature that have been prepared by Booth Sweet or any other person for Booth Sweet that have then been submitted to banks or other lenders in order to seek financing from 2014 to the present.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it is outside the relevant time period and thus, is overly broad. Responding Party generally objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine.

9

Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis should they become available.

Dated: September 4, 2018

Respectfully submitted,

s/ Jason E. Sweet
BOOTH SWEET LLP
BBO# 668596
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2018 a copy of the foregoing Responses were emailed to Paul R. Hansmeier at prhansmeier@gmail.com.

s/ Jason E. Sweet

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Chapter 7 |
| PAUL HANSMEIER, | No. 15-42460 |
| Debtor. | |

| | |
|---|---|
| PAUL HANSMEIER, Debtor, | Adv. No. 16-04124 |
| Plaintiff | |
| v. | |
| SANDIPAN CHOWDHURY and BOOTH SWEET LLP, | |
| Defendants. | |

**DEFENDANT BOOTH SWEET LLP's OBJECTIONS & RESPONSES TO
PLAINTIFF'S REQUEST FOR INTERROGATORIES**

Defendant Booth Sweet LLP ("Responding Party") serves these Objections and Responses to Plaintiff's Request for Interrogatories under Federal Rule of Civil Procedure 33.

**PRELIMINARY STATEMENT**

Without in any way obligating itself to do so, Responding Party reserves the right to modify or supplement the Responses herein with such pertinent information or documents as it may subsequently discover. Furthermore, these Responses are provided without prejudice to using subsequently discovered information or documents, or information or documents omitted from the Response as a result of mistake, error, oversight or inadvertence. Accordingly, Responding Party further reserves its right to produce additional facts and evidence to object on appropriate grounds to the introduction of any evidence included in these Responses. Nothing contained in these Responses shall in any way limit Responding Party's ability to make all uses at trial or otherwise of evidence that may be discovered in the future. The information set forth in these Responses is true and correct to the best of Responding Party's knowledge as of this date.

These Responses are provided without prejudice to the right of Responding Party to produce and introduce at the time of trial subsequently discovered evidence relating to the proof of presently known material facts, and to produce and introduce all evidence whenever discovered relating to

1

proof of subsequently discovered material facts. Moreover, because the facts and evidence now known may be improperly understood, or the relevancy or consequence of certain facts and evidence may be imperfectly understood, such facts and evidence in good faith may not be included in the following Responses. Responding Party reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any and all documents, evidence and things notwithstanding the following Responses and Objections interposed.

These Responses are made solely for the purpose of this action. Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred and each answer is subject to all appropriate Objections which may be made at the time of trial. Responding Party hereby reserves all Objections to competence, relevance, materiality, proprietary, admissibility, and any and all other Objections on any other ground that would require the exclusion of any information from being admitted into evidence. Any such Objections may be interposed upon the attempted introduction of such evidence, including at the time of trial.

These Responses are made by Responding Party subject to and without waiving, but to the contrary reserving, Responding Party's right to object to other discovery procedures relating to the subject matter of the Requests propounded. Responding Party has provided Responses to the Requests set forth below to the extent they seek information which is relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

## GENERAL OBJECTIONS

These Objections and Responses are made solely for the purpose of this action. Responding Party hereby reserves all Objections to competence, relevance, materiality, proprietary, admissibility, and any and all other Objections on any other ground that would require the exclusion of any information from being admitted into evidence. Any such Objections may be interposed upon the attempted introduction of such evidence, including at the time of trial.

The Objections and Responses contained herein are made on the basis of information now known to Responding Party and are made without waiving any further objections to or admitting the relevancy or materiality of any of the information requested.

Responding Party submits these Objections and Responses without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist.

2

Responding Party's responses and objections are not intended to be, and shall not be construed as, agreement with Responding Party's characterization of any facts, circumstances, or legal obligations. Responding Party reserves the right to contest any such characterization as inaccurate. Responding Party also objects to the Requests to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

Responding Party generally objects to these Requests to the extent that they seek information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine. Responding Party further objects to the Requests to the extent they seek information the disclosure of which would violate the constitutional, statutory or common law privacy or associational rights of Responding Party or any person or entity. Nothing contained in these Objections and Responses is intended as, or shall in any way be deemed, a waiver of any such privilege or protection, or any other applicable privilege or doctrine. To the extent that any Request, or any part thereof, is intended to elicit such documents or information, Responding Party objects and asserts the applicable privilege to the fullest extent. Responding Party reserves the right not to produce documents that are in part protected by privilege, except on a redacted basis. Inadvertent disclosure of such information or documents shall not constitute a waiver of any privilege, or any basis for objecting to discovery, or the right of Responding Party to object to the use of any document or information inadvertently disclosed, and Propounding Party shall return all such documents to Responding Party.

Responding Party objects to these Requests to the extent that they seek information obtainable from other sources that are more convenient and less burdensome or are equally available to Propounding Party.

Responding Party further objects to each Request to the extent that each is vague, ambiguous, overbroad in scope, uncertain as to time, burdensome, oppressive, or seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to these Requests on the basis the Requests served upon Responding Party were neither signed, nor contained the required certification of service under Rule 26(g); and that Responding Party provided the Court with evidence to support that contention. *See* Doc. 68.

Responding Party further objects to each Request on basis of issue preclusion. The Plaintiff and his co-conspirators, John Steele and Paul Duffy (collectively, "Principals"), were found to be the real parties in interest for claims brought by AF Holdings and Ingenuity 13. The Principals were held to be jointly and severally liable for the acts of one another, Prenda Law, AF Holdings, and Ingenuity 13. *Ingenuity 13 LLC v. John Doe*, 2013 U.S. Dist. LEXIS 64564 (C.D. Cal. 2013). The Ninth Circuit affirmed *Ingenuity 13* on all grounds and specifically affirmed the findings that they controlled and bore responsibility for the cases litigated in Prenda Law or AF Holdings' name. *Ingenuity 13 v. Doe*, 651 Fed. App'x. 716 (9th Cir. 2016). The judgment Plaintiff seeks to clawback in this matter, still stands against those alter-egos. *AF Holdings v. Chowdhury*, No. 12-cv-12105 (D. Mass. 2012). Plaintiff was precluded as a matter of law from bringing this action, and is likewise precluded from enforcing it, which makes substantive responses to these Requests improper.

Responding Party further objects to each Request on the basis that two motions are currently pending. The first, is to substitute the Plaintiff for the judgment he seeks to clawback in this matter. *AF Holdings v. Chowdhury*, No. 12-cv-12105 (D. Mass. 2012). The second, is an appeal of this court's grant of summary judgment. *Chowdhury v. Hansmeier*, No. 18-cv-00761 (D. Minn. 2018). If either of Responding Party's motions are granted, discovery will be stayed, which would make substantive responses to these Requests improper. If Responding Party's motions are denied, this objection shall be deemed withdrawn.

Responding Party further objects to each Request on basis that Plaintiff has pleaded guilty to the federal indictment's counts of conspiracy to commit mail fraud, wire fraud and money laundering against him. *U.S. v. Hansmeier et al*, No. 16-cr-00334 (D. Minn. 2016). In his plea agreement, Plaintiff admitted he "substantially controlled and beneficially-owned" Prenda Law; and was one of "the *de facto* owners of AF Holdings." *Id.* Plaintiff was precluded as a matter of law from bringing this action, and is likewise precluded from enforcing it, which makes substantive responses to these Requests improper. *See e.g. McCarthy v. United States*, 394 U.S. 459, 466 (1969).

Responding Party will provide its responses based on terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure. Responding Party objects to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions.

4

Responding Party submits these Objections and Responses without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist.

## RESPONSES TO INTERROGATORIES

Without waiving any of the foregoing general Objections, each of which is incorporated into each of the following specific Objections, Responding Party responds to each Request as follows:

**INTERROGATORY No. 1:** What is the full legal name of the person answering these interrogatories for the Defendant?

**DEFENDANT'S RESPONSE:** Jason Sweet.

---

**INTERROGATORY No. 2:** Please state the full legal name of the Defendant and each other name by which it has ever been known.

**DEFENDANT'S RESPONSE:** Booth Sweet LLP.

---

**INTERROGATORY No. 3:** Please state the full name and complete address of each registered agent for service designated by the Defendant in any state.

**DEFENDANT'S RESPONSE:** Dan Booth, Booth Sweet LLP, 32R Essex Street, Cambridge, MA 02139.

---

**INTERROGATORY No. 4:** Please name each state in which the Defendant does business.

**DEFENDANT'S RESPONSE:** Massachusetts.

---

**INTERROGATORY No. 5:** Please state the Defendant's address (street address, city, county, state, zip code) of each place in which the company is doing business or has done business within the last five (5) years.

**DEFENDANT'S RESPONSE:** 32R Essex Street, Cambridge, MA 02139.

---

**INTERROGATORY No. 6:** For each person who is a partner or member of the Defendant or has been a partner or member at any time in the last five years, please state:

a.  the partner/member's full name;
b.  his or her complete present address; and
c.  whether the person is now a partner/member and, if no, when the partnership or membership ended.

**DEFENDANT'S RESPONSE:**

5

Dan Booth, Partner           Jason Sweet, Partner
Booth Sweet LLP              Booth Sweet LLP
32R Essex Street            32R Essex Street
Cambridge, MA 02139         Cambridge, MA 02139

**INTERROGATORY No. 7:** Please state the full name and complete address of each institution or business organization with which the Defendant has engaged in any joint venture or partnership at any time within the last five years and the nature of the Defendant's involvement.

**DEFENDANT'S RESPONSE:** Responding Party further objects to this Request as it is uncertain as to time, and thus is overly burdensome and oppressive. Responding Party further objects to this Request as seeking information not relevant to the subject matter of this litigation. Responding Party further objects to this Request to the extent it encompasses documents publicly available and equally accessible to Plaintiff. Responding Party generally objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Responding Party has no responsive information.

**INTERROGATORY No. 8:** Has the Defendant furnished or exhibited a statement of its financial condition to any person or entity in the last five (5) years? If it has, for each occurrence please state:

    a.  the full name and complete address of the person or entity receiving the information;
    b.  the date and place the information was received; and
    c.  the contents of the financial statement, copying it verbatim or, if you will do so without a court order, attaching a copy of the statement to your answers.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks information and documents outside of the relevant time period and thus, is overly broad. Responding Party generally objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine. Responding Party objects to this Request as duplicative, in part, of the information sought in Plaintiff's Request for Production No. 1, and thus Responding Party further objects that the information sought in this Request is not relevant and Plaintiff has failed to make a showing of a "compelling need." *East Iowa Plastics, Inc. v. Pi, Inc.*, 2014 U.S. Dist. LEXIS 69908, *16-20 (N.D. Iowa May 21, 2014).

Subject to and without waiving the foregoing objections, Responding Party answers, it has not.

---

**INTERROGATORY No. 9:** Please attach to your answers a copy of each of the Defendant's federal income tax returns and IRS Forms 940 and 941 for the last five (5) years. Please state

    a.  the source and amount of each item of income listed;
    b.  the total income received for each year, whether reported or not;
    c.  the date each return was filed and the address of the Internal Revenue Service office where filed;
    d.  the amount and source of each receipt of income that is not shown on any of the returns that you are attaching to your answers; and
    e.  the full name and complete address of each person who worked on or helped prepare each return.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it is not a question, but rather a request for production. Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party generally objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine. Responding Party objects to this Request as duplicative of Plaintiff's Request for Production No. 1, and thus Responding Party further objects that the information sought in this Request is not relevant and Plaintiff has failed to make a showing of a "compelling need" for the returns. *East Iowa Plastics, Inc. v. Pi, Inc.*, 2014 U.S. Dist. LEXIS 69908, *16-20 (N.D. Iowa May 21, 2014).

---

**INTERROGATORY No. 10:** If the Defendant has an ownership interest in, option to purchase, contract to sell, leasehold in, or other interest in any real property, for each property please state:

    a.  the legal and common descriptions and the location of the property;
    b.  the size of the property;
    c.  a description of every structure or other improvement on the property;
    d.  the full name and complete address of each person or other entity having an interest in it;
    e.  the ownership of the property stated in the title documents and the location of each document;
    f.  the present value of the Defendant's equity interest in the property; and
    g.  the present market value of the property; and the amount paid for the property.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it is outside the relevant time period. Responding Party further objects to this Request to the extent it seeks documents or information publicly available and equally accessible to Plaintiff. Responding

7

Party further objects to this Request in that it requires the Responding Party to provide information outside its scope of knowledge.

Subject to and without waiving the foregoing objections, Responding Party answers, it has none.

---

**INTERROGATORY No. 11:** For each item of personal property, including but not limited to tools, equipment, inventory, livestock, boats, sporting goods, vehicles, aircraft, or stamp, coin, other kinds of collections, regardless of location, that the Defendant now owns, claims any interest in, or has title to, please state:

    a. a complete description of the item, including as applicable the year, make, model, serial number, and other permanent identification numbers;
    b. the estimated present market value of the item; and
    c. the complete address of its present location.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it is not a question. Responding Party objects to this Request to the extent that it is outside the relevant time period and thus, is overly broad and burdensome.

Subject to and without waiving the foregoing objections, Responding Party has no responsive information.

---

**INTERROGATORY No. 12:** Is any real or personal property that the Defendant now owns, claims any interest in, or has title to now encumbered by a mortgage, security interest, or other kind of lien? If so, for each item of encumbered property please state

    a. a complete description of the item, including as applicable the year, make, model, serial number, and other permanent identification numbers;
    b. the nature of the encumbrance;
    c. the date the property was encumbered;
    d. the full name and complete address of each person or entity holding the encumbrance;
    e. the payment or other consideration received for the encumbrance; and
    f. the full name and complete address of each person or entity who paid the consideration.

**DEFENDANT'S RESPONSE:** Subject to and without waiving the foregoing objections, Responding Party states: no.

---

**INTERROGATORY No. 13:** Does the Defendant maintain any bank account, including but not limited to checking accounts and savings accounts? If it does, for each account please state:

    a. the full name and complete address of the institution holding the account;
    b. where the account is located;
    c. the full name and number under which it is carried;

d.   the balance of the account five (5) calendar days before these interrogatories were received
by the Defendant; and
e.   the identity of each authorized signature for the account at any time in the last five (5) years
and the dates between which the signature was authorized.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it is

outside the relevant time period and thus, is overly broad. Responding Party generally objects to this

Request to the extent that it seeks information protected from discovery by the attorney-client

privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine.

Subject to and without waiving the foregoing objections, Responding Party will produce

relevant, non-privileged or appropriately redacted responsive answers pending entry of an

appropriate protective order.

---

**INTERROGATORY No. 14:** Does the Defendant have any money on deposit in a name other than
its own? If it does, for each account please state

a.   the type of account;
b.   where the account is maintained;
c.   the full name and number under which the account is maintained;
d.   the full name and complete address of the institution holding the deposits;
e.   the balance of the account five (5) calendar days before these interrogatories were received
by the Defendant; and
f.   the amount or portion of the account that belongs to the Defendant.

**DEFENDANT'S RESPONSE:** Subject to and without waiving the foregoing objections,

Responding Party states: no.

---

**INTERROGATORY No. 15:** Does the Defendant have any interest in a patent or copyright? If so,
for each interest please state:

a.   A complete description of the patent or copyright;
b.   Its registration number;
c.   The full name and complete address of each person sharing an interest in the patent or
copyright;
d.   The extent of the Defendant's share, expressed as fraction or percentage; and
e.   The annual income derived by the Defendant from the patent or copyright.

**DEFENDANT'S RESPONSE:** Subject to and without waiving the foregoing objections,

Responding Party states: no.

---

**INTERROGATORY No. 16:** Does the Defendant now have any right to payment of money from any person or entity for any reason, including but not limited to promissory notes, accounts receivables, certificates of deposit, securities, foreign currency, traveler's checks, treasury checks, treasury bills, and savings bonds? If so, for each claim please state:

    a.  A complete description of the claim;
    b.  The full name and complete address of the debtor;
    c.  The amount of the claim; and
    d.  Whether any suit or action has been brought to reduce the claim to judgment; if so, please state:
        1.  The title number of the case;
        2.  The name, number, and location of the court in which it was filed or is now pending; and
        3.  The present status of the case.

**DEFENDANT'S RESPONSE:** Subject to and without waiving the foregoing objections, Responding Party states:

Case: *AF Holdings v. Chowdhury,* No. 12-cv-12105 (D. Mass. 2012)

Status: Motion to substitute pending.

Debtor: Paul Robert Hansmeier
       9272 Cortland Alcove
       Woodbury, MN 55125

Amount: $71,620.90.

---

Case: *Prenda Law, et al v. Godfread, et al,* No. 13-cv-04341 (N.D. Ill. 2013)

Status: Motion to substitute pending.

Debtor: Paul Robert Hansmeier
       9272 Cortland Alcove
       Woodbury, MN 55125

Amount: $674,206.94 plus applicable interest.

---

**INTERROGATORY No. 17:** In the last five years, has the Defendant furnished a financial statement to any person or entity? If it has, for each financial statement please state:

    a.  Why it was prepared;
    b.  The full name and complete address of each person or entity to whom it was furnished;
    c.  The date it was furnished;
    d.  The full name and complete address of the person or entity now owning each asset shown on the statement; and
    e.  The contents of the statement, copying it verbatim or, attaching a copy of the statement to your answers.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it is outside the relevant time period and thus, is overly broad.

Subject to and without waiving the foregoing objections, Responding Party answers, it has not.

---

**INTERROGATORY No. 18:** For each bank or other financial or lending institution with which the Defendant has transacted any type of business or maintained any account in the last five years, please state:

    a.  The full name and complete address of the institution;
    b.  The account or transaction number involved; and
    c.  A complete description of the transaction.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request as duplicative of Interrogatory No. 13 and directs Plaintiff to its response thereto. Responding Party further objects that the Request is overly broad in that it seeks documents without limitation as to the source or nature of the transactions.

Dated: September 4, 2018

Respectfully submitted,

s/ Jason E. Sweet
BOOTH SWEET LLP
BBO# 668596
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2018 a copy of the foregoing Responses were emailed to Paul R. Hansmeier at prhansmeier@gmail.com.

s/ Jason E. Sweet

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Chapter 7 |
| PAUL HANSMEIER, | No. 15-42460 |
|     Debtor. | |

| | |
|---|---|
| PAUL HANSMEIER, Debtor, | Adv. No. 16-04124 |
|     Plaintiff | |
|     v. | |
| SANDIPAN CHOWDHURY and BOOTH SWEET LLP, | |
|     Defendants. | |

**DEFENDANT CHOWDHURY'S OBJECTIONS & RESPONSES TO
PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Sandipan Chowdhury ("Responding Party") serves these Objections and Responses to Plaintiff's Request for Production of Documents under Federal Rule of Civil Procedure 34.

**PRELIMINARY STATEMENT**

Without in any way obligating himself to do so, Responding Party reserves the right to modify or supplement the Responses herein with such pertinent information or documents as he may subsequently discover. Furthermore, these Responses are provided without prejudice to using subsequently discovered information or documents, or information or documents omitted from the Response as a result of mistake, error, oversight or inadvertence. Accordingly, Responding Party further reserves his right to produce additional facts and evidence to object on appropriate grounds to the introduction of any evidence included in these Responses. Nothing contained in these Responses shall in any way limit Responding Party's ability to make all uses at trial or otherwise of evidence that may be discovered in the future. The information set forth in these Responses is true and correct to the best of Responding Party's knowledge as of this date.

1

These Responses are provided without prejudice to the right of Responding Party to produce and introduce at the time of trial subsequently discovered evidence relating to the proof of presently known material facts, and to produce and introduce all evidence whenever discovered relating to proof of subsequently discovered material facts. Moreover, because the facts and evidence now known may be improperly understood, or the relevancy or consequence of certain facts and evidence may be imperfectly understood, such facts and evidence in good faith may not be included in the following Responses. Responding Party reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any and all documents, evidence and things notwithstanding the following Responses and Objections interposed.

These Responses are made solely for the purpose of this action. Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred and each answer is subject to all appropriate Objections which may be made at the time of trial. Responding Party hereby reserves all Objections to competence, relevance, materiality, proprietary, admissibility, and any and all other Objections on any other ground that would require the exclusion of any information from being admitted into evidence. Any such Objections may be interposed upon the attempted introduction of such evidence, including at the time of trial.

These Responses are made by Responding Party subject to and without waiving, but to the contrary reserving, Responding Party's right to object to other discovery procedures relating to the subject matter of the Requests propounded. Responding Party has provided Responses to the Requests set forth below to the extent they seek information which is relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

## GENERAL OBJECTIONS

These Objections and Responses are made solely for the purpose of this action. Responding Party hereby reserves all Objections to competence, relevance, materiality, proprietary, admissibility, and any and all other Objections on any other ground that would require the exclusion of any information from being admitted into evidence. Any such Objections may be interposed upon the attempted introduction of such evidence, including at the time of trial.

The Objections and Responses contained herein are made on the basis of information now known to Responding Party and are made without waiving any further objections to or admitting the relevancy or materiality of any of the information requested.

Responding Party submits these Objections and Responses without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist. A response that Responding Party will produce documents should not be construed to mean that documents actually exist or are in Responding Party's possession, custody, or control.

Responding Party's responses and objections are not intended to be, and shall not be construed as, agreement with Responding Party's characterization of any facts, circumstances, or legal obligations. Responding Party reserves the right to contest any such characterization as inaccurate. Responding Party also objects to the Requests to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

Responding Party generally objects to these Requests to the extent that they seek information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine. Responding Party further objects to the Requests to the extent they seek information the disclosure of which would violate the constitutional, statutory or common law privacy or associational rights of Responding Party or any person or entity. Nothing contained in these Objections and Responses is intended as, or shall in any way be deemed, a waiver of any such privilege or protection, or any other applicable privilege or doctrine. To the extent that any Request, or any part thereof, is intended to elicit such documents or information, Responding Party objects and asserts the applicable privilege to the fullest extent. Responding Party reserves the right not to produce documents that are in part protected by privilege, except on a redacted basis. Inadvertent disclosure of such information or documents shall not constitute a waiver of any privilege, or any basis for objecting to discovery, or the right of Responding Party to object to the use of any document or information inadvertently disclosed, and Propounding Party shall return all such documents to Responding Party.

Responding Party objects to these Requests to the extent that they seek information obtainable from other sources that are more convenient and less burdensome or are equally available to Propounding Party.

Responding Party further objects to each Request to the extent that each is vague, ambiguous, overbroad in scope, uncertain as to time, burdensome, oppressive, or seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to these Requests on the basis the Requests served upon Responding Party were neither signed, nor contained the required certification of service under Rule 26(g); and that Responding Party provided the Court with evidence to support that contention. *See* Doc. 68.

Responding Party further objects to each Request on basis of issue preclusion. The Plaintiff and his co-conspirators, John Steele and Paul Duffy (collectively, "Principals"), were found to be the real parties in interest for claims brought by AF Holdings and Ingenuity 13. The Principals were held to be jointly and severally liable for the acts of one another, Prenda Law, AF Holdings, and Ingenuity 13. *Ingenuity 13 LLC v. John Doe*, 2013 U.S. Dist. LEXIS 64564 (C.D. Cal. 2013). The Ninth Circuit affirmed *Ingenuity 13* on all grounds and specifically affirmed the findings that they controlled and bore responsibility for the cases litigated in Prenda Law or AF Holdings' name. *Ingenuity 13 v. Doe*, 651 Fed. App'x. 716 (9th Cir. 2016). The judgment Plaintiff seeks to clawback in this matter, still stands against those alter-egos. *AF Holdings v. Chowdhury*, No. 12-cv-12105 (D. Mass. 2012). Plaintiff was precluded as a matter of law from bringing this action, and is likewise precluded from enforcing it, which makes substantive responses to these Requests improper.

Responding Party further objects to each Request on the basis that two motions are currently pending. The first, is to substitute the Plaintiff for the judgment he seeks to clawback in this matter. *AF Holdings v. Chowdhury*, No. 12-cv-12105 (D. Mass. 2012). The second, is an appeal of this court's grant of summary judgment. *Chowdhury v. Hansmeier*, No. 18-cv-00761 (D. Minn. 2018). If either of Responding Party's motions are granted, discovery will be stayed, which would make substantive responses to these Requests improper. If Responding Party's motions are denied, this objection shall be deemed withdrawn.

Responding Party further objects to each Request on basis that Plaintiff has pleaded guilty to the federal indictment's counts of conspiracy to commit mail fraud, wire fraud and money laundering against him. *U.S. v. Hansmeier et al*, No. 16-cr-00334 (D. Minn. 2016). In his plea agreement, Plaintiff admitted he "substantially controlled and beneficially-owned" Prenda Law; and was one of "the *de facto* owners of AF Holdings." *Id.* Plaintiff was precluded as a matter of law from bringing this action, and is likewise precluded from enforcing it, which makes substantive responses to these Requests improper. *See e.g. McCarthy v. United States*, 394 U.S. 459, 466 (1969).

4

Responding Party further objects on the basis that the Trustee, Court and Plaintiff have been repeatedly informed that the money judgment at issue was paid to his counsel as compensation for their fees and costs and not to the Responding Party.

Responding Party will provide its responses based on terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure. Responding Party objects to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions.

Responding Party submits these Objections and Responses without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist.

## RESPONSES TO REQUESTS FOR PRODUCTION

Without waiving any of the foregoing general Objections, each of which is incorporated into each of the following specific Objections, Responding Party responds to each Request as follows:

**REQUEST No. 1:** Copies of federal income tax returns for yourself individually AND for any entity in which you own any legal or equitable interest for the years 2015 through the latest return you have filed, including all schedules and exhibits.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party generally objects to this Request to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine. Responding Party further objects that the information sought in this Request is not relevant and Plaintiff has failed to make a showing of a "compelling need" for the returns. *East Iowa Plastics, Inc. v. Pi, Inc.*, 2014 U.S. Dist. LEXIS 69908, *16-20 (N.D. Iowa May 21, 2014).

---

**REQUEST No. 2:** All financial statements prepared by you for yourself individually AND for any entity in which you own any legal or equitable interest from 2015 through the present date.

**DEFENDANT'S RESPONSE:** Responding Party objects to the term "financial statements" as vaguely defined, overbroad, and burdensome. Responding Party further objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party generally objects to this Request to the extent that it seeks information protected

5

from discovery by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine. Responding Party objects to this Request as duplicative, in part, of the information sought in Request No. 1, and thus Responding Party further objects that the information sought in this Request is not relevant and Plaintiff has failed to make a showing of a "compelling need." *East Iowa Plastics, Inc. v. Pi, Inc.*, 2014 U.S. Dist. LEXIS 69908, *16-20 (N.D. Iowa May 21, 2014).

---

**REQUEST No. 3:** Copies of any and all bank statements for accounts in your name individually AND in the name of any entity in which you own a legal or equitable interest from 2016 to the present.

**DEFENDANT'S RESPONSE:** Responding Party objects to the term "bank statements" as vaguely defined, overbroad, and burdensome. Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad.

Subject to and without waiving the foregoing objections, Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

---

**REQUEST No. 4:** Each document which provides a description and/or value for each interest in real property owned by you (including but not limited to deeds, notes, deeds of trust, insurance policies, closing statements, *ad valorem* tax statements, and appraisals) from 2015 to the present, regardless of whether or not such property is still titled in your name as of this date.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party further objects to this Request to the extent it seeks documents relating to transfers that may have occurred prior to the relevant time period, and thus seeks information not relevant to the subject matter of this litigation. Responding Party further objects to this Request in that it seeks documents not in his custody, possession or control. Responding Party objects to this Request to the extent it encompasses documents publicly available online and equally accessible to Plaintiff.

Subject to and without waiving the foregoing objections, Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

---

**REQUEST No. 5:** Each document which provides a description and/or value for each interest in real property owned by entities in which you have a legal or equitable interest (including but not limited to deeds, notes, deeds of trust, insurance policies, closing statements, *ad valorem* tax statements, and appraisals) from 2015 to the present, regardless of whether or not such property is still titled in your name as of this date.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request as duplicative of Request No. 4 and refers Plaintiff to his Objection and Response thereto.

---

**REQUEST No. 6:** All joint venture agreements, general partnership agreements, limited partnership agreements, certificates of limited partnership and other documentary evidence of any form of partnership agreement(s) entered into by you.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request in that it seeks documents not in his custody, possession or control. Responding Party further objects to this Request to the extent it encompasses documents publicly available online and equally accessible to Plaintiff.

Subject to and without waiving the foregoing objections, Responding Party has nc responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

---

**REQUEST No. 7:** Copies of all documents pertaining to the sale or transfer of any of your real property to third parties since 2015, such documents to include without limitation contracts, agreements, deeds, promissory notes, deeds of trust, modifications, extensions, work orders, invoices, receipts, checks and other documents.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party further objects to this Request to the extent it seeks documents relating to transfers that may have occurred prior to the relevant time period, and thus seeks information not relevant to the subject matter of this litigation. Responding Party further objects to this Request in that it seeks documents not in his custody, possession or control. Responding Party objects to this Request to the extent it encompasses documents publicly available online and equally accessible to Plaintiff. Responding Party objects to this Request as unduly burdensome in that is seeks documents not relevant to determining if Responding Party's "real property" may be used to satisfy the judgment.

Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted

7

documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

**REQUEST No. 8:** Copies of all documents pertaining to the sale or transfer of any of real property by any entity in which you have a legal or equitable interest to third parties since 2015, such documents to include without limitation contracts, agreements, deeds, promissory notes, deeds of trust, modifications, extensions, work orders, invoices, receipts, checks and other documents.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party further objects to this Request to the extent it seeks documents relating to transfers that may have occurred prior to the relevant time period, and thus seeks information not relevant to the subject matter of this litigation. Responding Party further objects to this Request in that it seeks documents not in his custody, possession or control. Responding Party objects to this Request to the extent it encompasses documents publicly available online and equally accessible to Plaintiff. Responding Party objects to this Request as unduly burdensome in that is seeks documents not relevant to determining if this "real property" may be used to satisfy the judgment.

Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

**REQUEST No. 9:** Produce any leases, residential or commercial, and executory contracts in which you have an interest.

**DEFENDANT'S RESPONSE:** Responding Party objects to the terms "leases" and "executory contracts" as vaguely defined, overbroad, and burdensome. Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party further objects to this Request is without scope, and thus unduly burdensome. Responding Party further objects to this Request as seeking information duplicative of other Requests herein.

Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted

8

documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

---

**REQUEST No. 10:** Produce all documents which refer or relate to other lawsuits in which you are presently involved or have been involved in within the last three years, including any unsatisfied judgments in which you are the judgment creditor; any other unsatisfied judgments against you or for which you are liable; and any filing in bankruptcy by you.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party further objects to this Request is without scope, and thus unduly burdensome. Responding Party further objects to this Request as seeking information duplicative of other Requests herein.

Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

---

**REQUEST No. 11:** Each document which provides or reflects a title, description, and/or value for each interest in non-real property owned by you (including but not limited to title certificates, registrations, insurance policies, receipts, and appraisals) from 2015 to the present, regardless of whether or not such property is still titled in your name as of this date. This shall include all documents which provide a description of the following items owned by you in the past three years, including the present value of the item and the amount of the indebtedness outstanding against the item:
    i.  stocks, bonds, or other securities, including the name and address of the corporation in which the equity or shares are owned, and dividends paid or payable to you within the last three years;
    ii.  mortgages or liens on real or personal property;
    iii.  promissory notes, drafts, bills of exchange, or other commercial paper;
    iv.  judgments;
    v.  savings bonds or other government-issued bonds or treasury bills;
    vi.  any interests in oil, gas, or mineral leases;
    vii.  certificates of deposit, letters of credit, money orders, cashier's checks, travelers checks bank deposits, escrow funds, safety deposit boxes, savings accounts, or accounts at any financial institution or organization;
    viii.  keogh plans, individual retirement accounts, profit sharing plans, deferred compensation plans, pension plans, prepaid funeral plans, retirement benefits, or other retirement plans;
    ix.  leases, life estates, remainder interests, or other interests in real property; and
    x.  patents, copyrights, trademarks, franchises, and other licenses.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party further objects to this Request to the extent it seeks documents relating to transfers that may have occurred

9

prior to the relevant time period, and thus seeks information not relevant to the subject matter of this litigation.

Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

**REQUEST No. 12:** Copies of all documents pertaining to the sale or transfer of any of your non-real property to third parties since 2015, such documents to include without limitation assignments, transfer documents, bills of sale, and the like.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party further objects to this Request to the extent it seeks documents relating to transfers that may have occurred prior to the relevant time period, and thus seeks information not relevant to the subject matter of this litigation.

Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

**REQUEST No. 13:** Copies of all documents pertaining to the sale or transfer of any of any non-real property by any entity in which you own a legal or equitable interest to third parties since 2015, such documents to include without limitation assignments, transfer documents, bills of sale, and the like.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party further objects to this Request to the extent it seeks documents relating to transfers that may have occurred prior to the relevant time period, and thus seeks information not relevant to the subject matter of this litigation.

Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

**REQUEST No. 14:** Copies of all communications, correspondence, email, or memoranda sent, received, or exchanged by you pertaining to the transfer by (a) you of any real or personal property to third parties within the last calendar year; and (b) any entity in which you own a legal or equitable interest to third parties within the last calendar year.

**DEFENDANT'S RESPONSE:** Responding Party further objects to this Request to the extent it seeks documents relating to transfers that may have occurred prior to the relevant time period, and thus seeks information not relevant to the subject matter of this litigation.

Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

**REQUEST No. 15:** Any promissory note, judgment, or statement of account(s) receivable evidencing any debts owed to you personally AND for any debts owed to any entity in which you have a legal or equitable interest.

**DEFENDANT'S RESPONSE:** Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

**REQUEST No. 16:** Please furnish documentary evidence of your ownership interest in any and all business entities in which you have a legal or equitable interest, including but not limited to any limited liability company, corporation, trust, general partnership, limited partnership, or other entity, including any "dba," in which you own or claim, or have owned or claimed, any interest from 2014 to the present.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party further objects to this Request to the extent it seeks documents relating to entities which no longer exist and thus seeks information not relevant to the subject matter of this litigation. Responding Party further objects to this Request in that it seeks documents not in his custody, possession or control. Responding Party further objects to this Request to the extent it encompasses documents publicly available online and equally accessible to Plaintiff.

Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

---

**REQUEST No. 17:** Please furnish documentary evidence of your ownership in all non-business entities (e.g., living trusts, testamentary trusts, non-profit organizations, and the like) in which you have a legal or equitable interest.

**DEFENDANT'S RESPONSE:** Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

---

**REQUEST No. 18:** Please furnish documentary evidence of your role in any entity in which you serve as trustee, including but not limited to (1) the trust agreement for such entity; (2) copies of the deeds to any real property held by the trust; and (3) any inventory or written record of any non-real property held by the trust.

**DEFENDANT'S RESPONSE:** Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

---

**REQUEST No. 19:** Please furnish all certificates of formation, articles of incorporation or organization, partnership agreements (general or limited), or joint venture agreements that form the basis of any entity in which you now claim or have claimed any legal or equitable interest from 2015 to the present date.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party further objects to this Request to the extent it seeks documents relating to entities which no longer exist and thus seeks information not relevant to the subject matter of this litigation. Responding Party further objects to this Request in that it seeks documents not in his custody, possession or control. Responding Party further objects to this Request to the extent it encompasses documents publicly available online and equally accessible to Plaintiff.

Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

---

**REQUEST No. 20:** Please furnish all records pertaining to all real estate (including oil, gas, and other minerals) in which you rent, own or claim, or have rented, owned or claimed, any interest since 2015, including but not limited to any and all deeds, mortgages, deeds of trust, liens, leases, promissory notes, surveys, and settlement statements of purchasers or sellers, together with any evidence showing monthly payments and present outstanding balance of principal and interest, including but not limited to the property the subject of this litigation as defined hereinabove.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request as duplicative of Request No. 4 and refers Plaintiff to his Objection and Response thereto.

---

**REQUEST No. 21:** Please furnish copies of any and all, loan applications, personal financial statements profit and loss statements, cash flow projections, business models, and/or records containing financial information of any nature that have been prepared by you or any other person for you or for any other entity in which your ownership percentage exceeds 25% and that have then been submitted to banks or other lenders in order to seek financing from 2014 to the present.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party further objects to this Request to the extent it seeks documents relating to entities which no longer exist and thus seeks information not relevant to the subject matter of this litigation.

Subject to and without waiving the foregoing objections, Responding Party has no responsive documents. Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

---

**REQUEST No. 22:** Please furnish all formation documents, including without limitation, certificates of formation, articles of incorporation or organization, partnership agreements, or joint venture agreements that form the basis of any entity in which you now claim or have claimed any legal or equitable interest from January 1, 2004 to the present date.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent it encompasses documents publicly available and equally accessible to Plaintiff. Responding Party

13

further objects to this Request to the extent that it is outside the relevant time period and thus, is overly broad.

Subject to and without waiving the foregoing objections, Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis should they become available.

Dated: September 4, 2018

Respectfully submitted,

Sandipan Chowdhury

s/ Jason E. Sweet
BOOTH SWEET LLP
BBO# 668596
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2018 a copy of the foregoing Responses were emailed to Paul R. Hansmeier at prhansmeier@gmail.com.

s/ Jason E. Sweet

15

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Chapter 7 |
| PAUL HANSMEIER, | No. 15-42460 |
| Debtor. | |

| | |
|---|---|
| PAUL HANSMEIER, Debtor, | Adv. No. 16-04124 |
| Plaintiff | |
| v. | |
| SANDIPAN CHOWDHURY and BOOTH SWEET LLP, | |
| Defendants. | |

**DEFENDANT CHOWDHURY'S OBJECTIONS & RESPONSES TO
PLAINTIFF'S REQUEST FOR INTERROGATORIES**

Defendant Sandipan Chowdhury ("Responding Party") serves these Objections and Responses to Plaintiff's Request for Interrogatories under Federal Rule of Civil Procedure 33.

**PRELIMINARY STATEMENT**

Without in any way obligating himself to do so, Responding Party reserves the right to modify or supplement the Responses herein with such pertinent information or documents as he may subsequently discover. Furthermore, these Responses are provided without prejudice to using subsequently discovered information or documents, or information or documents omitted from the Response as a result of mistake, error, oversight or inadvertence. Accordingly, Responding Party further reserves his right to produce additional facts and evidence to object on appropriate grounds to the introduction of any evidence included in these Responses. Nothing contained in these Responses shall in any way limit Responding Party's ability to make all uses at trial or otherwise of evidence that may be discovered in the future. The information set forth in these Responses is true and correct to the best of Responding Party's knowledge as of this date.

These Responses are provided without prejudice to the right of Responding Party to produce and introduce at the time of trial subsequently discovered evidence relating to the proof of presently known material facts, and to produce and introduce all evidence whenever discovered relating to

1

proof of subsequently discovered material facts. Moreover, because the facts and evidence now known may be improperly understood, or the relevancy or consequence of certain facts and evidence may be imperfectly understood, such facts and evidence in good faith may not be included in the following Responses. Responding Party reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any and all documents, evidence and things notwithstanding the following Responses and Objections interposed.

These Responses are made solely for the purpose of this action. Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred and each answer is subject to all appropriate Objections which may be made at the time of trial. Responding Party hereby reserves all Objections to competence, relevance, materiality, proprietary, admissibility, and any and all other Objections on any other ground that would require the exclusion of any information from being admitted into evidence. Any such Objections may be interposed upon the attempted introduction of such evidence, including at the time of trial.

These Responses are made by Responding Party subject to and without waiving, but to the contrary reserving, Responding Party's right to object to other discovery procedures relating to the subject matter of the Requests propounded. Responding Party has provided Responses to the Requests set forth below to the extent they seek information which is relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

### GENERAL OBJECTIONS

These Objections and Responses are made solely for the purpose of this action. Responding Party hereby reserves all Objections to competence, relevance, materiality, proprietary, admissibility, and any and all other Objections on any other ground that would require the exclusion of any information from being admitted into evidence. Any such Objections may be interposed upon the attempted introduction of such evidence, including at the time of trial.

The Objections and Responses contained herein are made on the basis of information now known to Responding Party and are made without waiving any further objections to or admitting the relevancy or materiality of any of the information requested.

Responding Party submits these Objections and Responses without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive

2

materials exist. A response that Responding Party will produce documents should not be construed to mean that documents actually exist or are in Responding Party's possession, custody, or control.

Responding Party's responses and objections are not intended to be, and shall not be construed as, agreement with Responding Party's characterization of any facts, circumstances, or legal obligations. Responding Party reserves the right to contest any such characterization as inaccurate. Responding Party also objects to the Requests to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

Responding Party generally objects to these Requests to the extent that they seek information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or doctrine. Responding Party further objects to the Requests to the extent they seek information the disclosure of which would violate the constitutional, statutory or common law privacy or associational rights of Responding Party or any person or entity. Nothing contained in these Objections and Responses is intended as, or shall in any way be deemed, a waiver of any such privilege or protection, or any other applicable privilege or doctrine. To the extent that any Request, or any part thereof, is intended to elicit such documents or information, Responding Party objects and asserts the applicable privilege to the fullest extent. Responding Party reserves the right not to produce documents that are in part protected by privilege, except on a redacted basis. Inadvertent disclosure of such information or documents shall not constitute a waiver of any privilege, or any basis for objecting to discovery, or the right of Responding Party to object to the use of any document or information inadvertently disclosed, and Propounding Party shall return all such documents to Responding Party.

Responding Party objects to these Requests to the extent that they seek information obtainable from other sources that are more convenient and less burdensome or are equally available to Propounding Party.

Responding Party further objects to each Request to the extent that each is vague, ambiguous, overbroad in scope, uncertain as to time, burdensome, oppressive, or seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to these Requests on the basis the Requests served upon Responding Party were neither signed, nor contained the required certification of service under Rule

26(g); and that Responding Party provided the Court with evidence to support that contention. *See* Doc. 68.

Responding Party further objects to each Request on basis of issue preclusion. The Plaintiff and his co-conspirators, John Steele and Paul Duffy (collectively, "Principals"), were found to be the real parties in interest for claims brought by AF Holdings and Ingenuity 13. The Principals were held to be jointly and severally liable for the acts of one another, Prenda Law, AF Holdings, and Ingenuity 13. *Ingenuity 13 LLC v. John Doe*, 2013 U.S. Dist. LEXIS 64564 (C.D. Cal. 2013). The Ninth Circuit affirmed *Ingenuity 13* on all grounds and specifically affirmed the findings that they controlled and bore responsibility for the cases litigated in Prenda Law or AF Holdings' name. *Ingenuity 13 v. Doe*, 651 Fed. App'x. 716 (9th Cir. 2016). The judgment Plaintiff seeks to clawback in this matter, still stands against those alter-egos. *AF Holdings v. Chowdhury*, No. 12-cv-12105 (D. Mass. 2012). Plaintiff was precluded as a matter of law from bringing this action, and is likewise precluded from enforcing it, which makes substantive responses to these Requests improper.

Responding Party further objects to each Request on the basis that two motions are currently pending. The first, is to substitute the Plaintiff for the judgment he seeks to clawback in this matter. *AF Holdings v. Chowdhury*, No. 12-cv-12105 (D. Mass. 2012). The second, is an appeal of this court's grant of summary judgment. *Chowdhury v. Hansmeier*, No. 18-cv-00761 (D. Minn. 2018). If either of Responding Party's motions are granted, discovery will be stayed, which would make substantive responses to these Requests improper. If Responding Party's motions are denied, this objection shall be deemed withdrawn.

Responding Party further objects to each Request on basis that Plaintiff has pleaded guilty to the federal indictment's counts of conspiracy to commit mail fraud, wire fraud and money laundering against him. *U.S. v. Hansmeier et al*, No. 16-cr-00334 (D. Minn. 2016). In his plea agreement, Plaintiff admitted he "substantially controlled and beneficially-owned" Prenda Law; and was one of "the *de facto* owners of AF Holdings." *Id.* Plaintiff was precluded as a matter of law from bringing this action, and is likewise precluded from enforcing it, which makes substantive responses to these Requests improper. *See e.g. McCarthy v. United States*, 394 U.S. 459, 466 (1969).

Responding Party further objects on the basis that the Trustee, Court and Plaintiff have been repeatedly informed that the money judgment at issue was paid to his counsel as compensation for their fees and costs and not to the Responding Party.

4

Responding Party will provide its responses based on terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure. Responding Party objects to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions.

Responding Party submits these Objections and Responses without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist.

## RESPONSES TO INTERROGATORIES

Without waiving any of the foregoing general Objections, each of which is incorporated into each of the following specific Objections, Responding Party responds to each Request as follows:

**INTERROGATORY No. 1:** As to the person or persons who participated in responding to these Interrogatories please supply:

 a. the name and title of each such person;
 b. the home address of the defendant in this case; and
 c. the business address of the defendant in this case.

**DEFENDANT'S RESPONSE:** Sandipan Chowdhury, 354 America Boulevard, Unit 54D, Ashland, MA 01721 and Jason Sweet, Booth Sweet LLP, 32R Essex Street, Studio 1A, Cambridge, MA 02139.

---

**INTERROGATORY No. 2:** If you are currently employed, provide the name and address of your employer.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request in that it seeks information already in the Plaintiff's possession. Responding Party further objects to this Request to the extent it encompasses information publicly available online and equally accessible to Plaintiff.

Subject to and without waiving the foregoing objections, Responding Party states his current employer is Empyrean Solutions US, 304 Cambridge Rd., Woburn, Massachusetts 01801.

---

**INTERROGATORY No. 3:** If you own or operate any business, directly or indirectly, state:

 a. the principal address of business and telephone number of the business;
 b. the nature of the business;
 c. the form of organization of the business (e.g., sole proprietorship, corporation, limited liability company, etc.);

d.  the nature and/or percentage amount of your ownership in the business (e.g., 100% membership interest in a certain limited liability company);

e.  the name of the person who has the most knowledge of the assets and liabilities of the business;

f.  the present value of your interest in each such business;

g.  the registered agent and registered address of the entity, if a registered entity; and

h.  with respect to any bank at which the business has a bank account, state:

   1.  the name and address of each such bank;
   2.  the account number of each such account; and
   3.  the balance in each such account.

**DEFENDANT'S RESPONSE:** Responding Party further objects to this Request to the extent it encompasses information publicly available online and equally accessible to Plaintiff.

---

**INTERROGATORY No. 4:** Identify jobs and/or contracts awarded to you relating to services or products you provided or will provide for compensation from and after January 1, 2016 to the present.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request as it is uncertain as to time, and thus is overly burdensome and oppressive. Responding Party further objects to this Request as seeking information not relevant to the subject matter of this litigation.

Subject to and without waiving the foregoing objections, Responding Party has no responsive reply.

---

**INTERROGATORY No. 5:** If you have an ownership interest in any real property (land), for each parcel, please state:

a.  The address and legal description of the property;

b.  a description of the improvements upon the property;

c.  the present value of the property;

d.  the present value of your equity interest in the property;

e.  the amount you paid for the property; and

f.  The name and address of each person or business, other than you, with an ownership interest in the property.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request as undefined in scope or time and thus, it is unduly burdensome and seeks information not relevant. Responding Party further objects to this Request to the extent it encompasses documents publicly available online and equally accessible to Plaintiff. Responding Party objects to this Request in that it seeks information already in the Plaintiff's possession. Responding Party further objects to this Request as duplicative of Plaintiff's Request for Production No. 4 and refers Plaintiff to his Objection and Response thereto.

Subject to and without waiving the foregoing objections, Responding Party answers, 354 America Boulevard, Unit 54D, Ashland, MA 01721.

---

**INTERROGATORY No. 6:** List each item and state the estimated value of the personal property (everything except land) in which you have an ownership interest, regardless of whether or not you claim that any such item is exempt from execution upon a judgment.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it is vague, overbroad in scope, and uncertain as to time and thus it is burdensome, oppressive, and seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the general objections as stated above, Responding Party has no responsive reply. Responding Party will produce a responsive reply to this request once the scope is narrowed or upon the entry of an appropriate protective order.

---

**INTERROGATORY No. 7:** List each item and state the estimated value of the intellectual property in which you have an ownership interest, including trademarks, copyrights, and/or patents.

**DEFENDANT'S RESPONSE:** Subject to and without waiving the general objections as stated above, Responding Party has no responsive reply.

---

**INTERROGATORY No. 8:** If any of the real or personal property owned by you, either jointly or otherwise, is encumbered by either a real estate mortgage, deed of trust, security interest, or any other type of lien, then please state:

    a. A description of the property encumbered and the nature and the amount of such encumbrance; and

    b. The date the property was encumbered, the name and address of each person who holds the encumbrance, and the present balance of such encumbrance.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request as undefined in scope or time and thus, it is unduly burdensome and seeks information not relevant. Responding Party further objects to this Request to the extent it encompasses documents publicly available online and equally accessible to Plaintiff. Responding Party further objects to this Request as duplicative of Plaintiff's Request for Production No. 4 and and Interrogatory No. 5 and refers Plaintiff to his Objection and Response thereto.

---

**INTERROGATORY No. 9:** If you maintain any personal or business checking accounts, certificate of deposits, money market accounts, individual retirement accounts, Keogh accounts, or trust accounts (either as settler, trustee, or beneficiary), whether held in your name or in another's name, for each such account state:

    a.  the name and address of the bank or institution holding or maintaining the account on your behalf;

    b.  the name and account number under which the account is held, and whether it is business, personal, or joint; and

    c.  the balance of the accounts as of the date you answered these Interrogatories.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request as duplicative of Plaintiff's Request for Production No. 3 and refers Plaintiff to his Objection and Response thereto.

Subject to and without waiving the foregoing objections, Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

---

**INTERROGATORY No. 10:** If you have access to any safe deposit boxes or other depositories for securities, cash, or other valuables, state:

    a.  the name and address of such box or depository;

    b.  the contents of each such box or depository; and

    c.  the value of each item stored in each such box or depository.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request as duplicative of Plaintiff's Request for Production No. 11(vii) and refers Plaintiff to his Objection and Response thereto.

Subject to and without waiving the foregoing objections, Responding Party will produce relevant, non-privileged or appropriately redacted documents that are responsive to this request on a rolling basis pending entry of an appropriate protective order.

---

**INTERROGATORY No. 11:** If you are owed or anticipate that you will be owed money by any person, business, or entity, then please state:

    a.  the name and address of each person, business, or entity which owes you money; and

    b.  the amount of money due, and the date such sums are due or will become due.

**DEFENDANT'S RESPONSE:** Subject to and without waiving the general objections as stated above, Responding Party has no responsive reply.

---

8

**INTERROGATORY No. 12:** If you are a party to any pending litigation, whether as a plaintiff or a defendant, then please state:

    a.   The case name of any such litigation, together with the cause number and the name of the court in which such litigation is pending;

    b.   a general description of the nature of the claim or suit; and

    c.   The names and the addresses of the attorneys of record in such litigation, together with an identification of the parties that they represent.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request in that it seeks information already in the Plaintiff's possession. Responding Party objects to this Request as duplicative of Plaintiff's Requests for Production Nos. 10 and 15 and refers Plaintiff to his Objection and Response thereto.

Subject to and without waiving the general objections as stated above, Responding Party refers Plaintiff, to which he is a party, to the litigation pending in Massachusetts: *AF Holdings v. Chowdhury,* No. 12-cv-12105 (D. Mass. 2012).

---

**INTERROGATORY No. 13:** If you have transferred, assigned, or otherwise conveyed any interest in real or personal property since Jan. 1, 2015, including any substantial or bulk transfer of inventory or stock in trade, then please state:

    a.   A description of the property so conveyed;

    b.   the name(s) and addresses of the persons, businesses, or entities to whom such property was conveyed;

    c.   the date the property was conveyed; and

    d.   the consideration received by you for conveyance of such property.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request as duplicative of Plaintiff's Requests for Production Nos. 7 and 8 and refers Plaintiff to his Objection and Response thereto. Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party further objects to this Request to the extent it seeks documents relating to transfers that may have occurred prior to the relevant time period, and thus seeks information not relevant to the subject matter of this litigation.

Subject to and without waiving the general objections as stated above, Responding Party has no responsive reply.

---

**INTERROGATORY No. 14:** If you owe money to any person, business, or entity other than Plaintiff, then please state the name and address of each person, business, or entity to which you owe money and the amount owed to each.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request to the extent that it seeks documents outside of the relevant time period and thus, is overly broad. Responding Party further objects to this Request to the extent it seeks documents relating to transfers that may have occurred prior to the relevant time period, and thus seeks information not relevant to the subject matter of this litigation.

Subject to and without waiving the general objections as stated above, Responding Party has no responsive reply.

---

**INTERROGATORY No. 15:** If you own any membership interest, stock, bonds, or other securities of any class in any company, firm, limited liability company, or corporation, whether foreign or domestic, please identify each such stock, bond, or other security by naming the entity issuing such security, and state the present value of each such security.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request as duplicative of Plaintiff's Request for Production No. 16 and refers Plaintiff to his Objection and Response thereto.

---

**INTERROGATORY No. 16:** As to any person or entity that holds real or personal property belonging to you, whether that person or entity is acting as trustee, nominee, or in some other capacity, describe:

    a.  the name and address of such person or entity;
    b.  the capacity in which such person or entity is acting (e.g., trustee, property manager, etc.);
    c.  a description of the property that such person or entity is holding on your behalf; and
    d.  the value of the property so held.

**DEFENDANT'S RESPONSE:** Subject to and without waiving the general objections as stated above, Responding Party has no responsive reply.

---

**INTERROGATORY No. 17:** Do you hold any real or personal property in trust for any other person or entity? If so, supply:

    a.  the name and address of such person or entity;
    b.  a description of the property held in trust;
    c.  the date the trust was created;
    d.  the source of the trust assets; and
    e.  the value of the property held in trust.

**DEFENDANT'S RESPONSE:** Subject to and without waiving the general objections as stated above, Responding Party states, he does not.

---

**INTERROGATORY No. 18:** Do you claim that any real or personal property, tangible or intangible, is exempt from the claims of creditors? If so, list such items of property.

**DEFENDANT'S RESPONSE:** Responding Party objects to this Request as duplicative of Plaintiff's Interrogatory No. 6 and refers Plaintiff to his Objection and Response thereto.

---

**INTERROGATORY No. 19:** In responding to these Interrogatories and the attached Requests for Production, have you made a diligent search of your records and resources, as well as the records and resources reasonably available to you, in order to answer the questions or obtain the materials requested?

**DEFENDANT'S RESPONSE:** The information set forth in these Responses is true and correct to the best of Responding Party's knowledge as of this date. Because the facts and evidence now known may be improperly understood, or the relevancy or consequence of certain facts and evidence may be imperfectly understood, such facts and evidence in good faith may not be included in the following Responses.

Without in any way obligating himself to do so, Responding Party reserves the right to modify or supplement the Responses herein with such pertinent information or documents as he may subsequently discover.

---

**INTERROGATORY No. 20:** If you believe or contend that material information or documents exist that are responsive to these interrogatories or to the attached requests for production but are not in your possession, supply:

    a.   the name of the person who has possession of such information or documents;
    b.   the address of any such person; and
    c.   the location of any such documents.

**DEFENDANT'S RESPONSE:** Subject to and without waiving the general objections as stated above, Responding Party has no responsive reply.

---

**INTERROGATORY No. 21:** Please supply three dates within the next 90 days on which you will be available for an oral deposition.

**DEFENDANT'S RESPONSE:** Subject to and without waiving the general objections as stated above, Responding Party will provide dates should the Plaintiff decide to depose the Responding Party.

Dated: September 4, 2018

Respectfully submitted,

Sandipan Chowdhury

s/ Jason E. Sweet
BOOTH SWEET LLP
BBO# 668596
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2018 a copy of the foregoing Responses were emailed to Paul R. Hansmeier at prhansmeier@gmail.com.

s/ Jason E. Sweet

12

 Gmail

Paul Hansmeier <prhansmeier@gmail.com>

## Discovery

**jsweet@boothsweet.com** <jsweet@boothsweet.com>                     Wed, Sep 12, 2018 at 5:29 PM
To: Paul Hansmeier <prhansmeier@gmail.com>

Paul

In pursuing post-judgment discovery, the relevant inquiry should be limited to whether the judgment debtor possesses assets to be applied in order to satisfy the judgment. Asset discovery should be tailored to the specific purpose of enabling a judgment creditor to discover assets upon which it can seek to execute a judgment and that the judgment debtor's discovery should not devolve into a fishing expedition for irrelevant or cumulative information which does not advance that purpose. *E.I. DuPont de Nemours and Co. v, Kolon Industries, Inc.*, 286 F.R.D. 288 (E.D. Virginia Oct. 5, 2012).

Defendants have identified the following issues with the requests. These issues are not the only ones, but would seem the most relevant.

1. The requests with regard to time period are overbroad, in that they seek over 3 years of banking information.

    a. Defendants propose to limit the scope of the requests to account summaries for a period of one year. An "account summary" or "account statement" being defined as a summary of financial transactions which have occurred over a given period on a bank account held by a person or business with a financial institution.

2. The scope of the documents sought to be obtained is undefined. The requests, as drafted, would  encompass cancelled checks, deposited items and other transactions not relevant to the purpose of the discovery sought — executing upon the judgment. The requests would also provide banking information and account information of non-parties to the case without notice to those parties.

    a. Defendants propose the parties jointly amend the requests to properly define the financial documents sought; and
    b. to limit the scope of the requests such that the non-privileged banking and account information of non-parties are either withheld or redacted.

3. Defendants further propose redacting the names of any financial institutions and account identifiers (i.e. account numbers) on any documents produced pending resolution of the proceedings in Massachusetts and Minnesota.

Further, due to the sensitive nature of information set forth within bank records, Defendants would propose limiting the use of any responsive documents obtained to purposes of executing upon the judgment and limiting the disclosure of the records obtained to the parties and their attorneys as exemplified in the attached proposed protective order.

Regards,
Jason


Jason Sweet
Booth Sweet LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
www.boothsweet.com
www.facebook.com/BoothSweet

This e-mail is from the law firm Booth Sweet LLP, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments.

**2 attachments**



📄 **Proposed Protective Order.docx**
    490K

BoothSweet.pdf
14K

 Gmail

**Paul Hansmeier <prhansmeier@gmail.com>**

_____

## Discovery

**Paul Hansmeier** <prhansmeier@gmail.com>                                    Thu, Sep 13, 2018 at 10:55 AM
To: Jason Sweet <jsweet@boothsweet.com>, Sandipan Chowdhury <sanjoy24y@yahoo.com>

All:

Thank you for your e-mail. I believe the discovery that I issued to Mr. Chowdhury and your law firm is narrowly-tailored towards the purpose of enforcing the judgment that has been entered in this case. The requests are modeled after discovery used by the Chapter 7 Trustee---who obviously has a lot of experience in this area and is held to high standards of professionalism.

As a procedural matter: it is my position that you have waived any right to object to my discovery requests. In my experience, courts within the Eighth Circuit (and I imagine elsewhere) enforce the deadline for objections. The time for objections has long passed, and practically speaking you should have raised the protective order issue long ago. I've scheduled the hearing on the motion for a rule to show cause and, if the motion is granted, you will have the choice of responding to my discovery or face the coercive contempt sanction contemplated by any order the Court might issue.

As for your specific points:

I disagree with the Defendants' proposal to limit the scope of the discovery to a single year's worth of "account summaries." You enforced the judgment roughly three years ago and I want to be able to trace where the funds went in case a clawback is necessary. One year's worth of "account summaries" would not allow me to do that.

I also disagree with Defendants' proposal to "jointly amend" the discovery requests. The discovery requests are clear. That being said, if you are unclear as to what a certain discovery request contemplates, I will be happy to meet and confer with you so that we both have the same expectations with respect to any particular request. I also disagree with the proposal of withholding or redacting information within the scope of the discovery requests, including the account information of non-parties. Again, I want to be able to trace where the funds went. It is my expectation that when your law firm received the money you swept it into your personal accounts---leaving your law firm unable to return the funds in the event that Mr. Chowdhury lost the appeal. Or maybe you are hiding the money in other accounts. The purpose of discovery is to find out where you are hiding the money, and your proposed limitation would make it impossible to do so.

I disagree with your proposal to redact account and banking name pending the resolution of the MN and MA matters. If you would like to stay judgment enforcement, then you are welcome to pay the judgment or post security for the judgment pending appeal. In the alternative, we could set up a payment plan which would allow you to pay off the judgment over time. But if you are going to take no action to pay back the money that you owe, then we need to continue moving the judgment enforcement process forward so that I can begin garnishing wages and seizing assets.

As for the protective order, I don't really see what the point is. I can't imagine there is any information that you would disclose that would be so sensitive and confidential as to justify the imposition of a protective order. I've attached a form of protective order drafted by the District of Minnesota (with modifications) if you really want to pursue this. Take a look at it and let me know what you think. I should be clear, though, that I continue to consider you to be in breach of the order on my renewed motion to compel. I intend to move forward with the contempt sanctions until you make a good faith effort to comply with my discovery requests.

Thanks,
Paul

[Quoted text hidden]
    [Quoted text hidden]

Jason Sweet
Booth Sweet LLP
32R Essex Street

Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
www.boothsweet.com
www.facebook.com/BoothSweet

This e-mail is from the law firm Booth Sweet LLP, and may contain information that is confidential or privileged. If you
are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the
sender and delete the e-mail and any attachments.

**Stipulation-for-Protective-Order-Form.docx**
26K