## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:                                                    Chapter 7

PAUL HANSMEIER,                                           No. 15-42460

      Debtor.

---

PAUL HANSMEIER, Debtor,                                   Adv. No. 16-04124

      Plaintiff

v.

SANDIPAN CHOWDHURY and BOOTH SWEET LLP,

      Defendants.

---

### DEFENDANTS' AMENDED NOTICE & MOTION FOR PROTECTIVE ORDER

---

TO: The Debtor and all parties in interest specified in Local Rule 9013-3.

1.  Defendants Sandipan Chowdhury and Booth Sweet LLP (collectively "Defendants") respectfully move the Court for the relief requested below and give notice of hearing.

2.  The Court will hold a hearing on this motion on 10:30 a.m. on October 24, 2018 in Courtroom 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415.

3.  Any response to this motion must be filed and served by delivery not later than October 19, 2018, which is five days before the time set for the hearing. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.  This bankruptcy case was commenced under Chapter 13 on July 13, 2015. It was converted to a case under Chapter 7 on December 3, 2015. Discharge was waived on January 3, 2018.

5.  This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bank. P. 5005, and Local Rule 1070-1.

6.  Through this motion, Defendants hereby move for an Order pursuant to Fed. R. Bank. P. 7026 for a protective order.

7. On October 18, 2018, notice of this hearing and the filing [Doc. 37] were both emailed and sent via overnight mail to the Plaintiff. The Defendants email stated the filing [Doc. 37] was to be heard at the show cause hearing already scheduled for October 24th at 10:30 in this matter. The Plaintiff emailed a response stating his intent to oppose the motion.

8. That evening, Defendants received an email from this Court stating that a notice of hearing was not filed with the motion. After inquiring as to proper procedure, the Court instructed Defendants to file an amended motion to include the notice.

9. Defendants will again email and overnight the amended motion to the Plaintiff.

10. The basis for this motion are set forth in the accompanying memorandum of law.


WHEREFORE, Defendants hereby move this Court to issue a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) by entering the Proposed Order submitted to the Court. This motion is based upon the Memorandum in Support of Plaintiffs' Motion for Protective Order, the Declaration of Jeffrey S. Storms and the exhibits thereto, the arguments of counsel, and the pleadings and records on file in this case.


Dated: October 19, 2018

Respectfully,

s/ Jason Sweet
_____
BOOTH SWEET LLP
BBO# 668596
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com
*Counsel for Defendants*
*Pro Hac Vice Appearance*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: | Chapter 7 |
| PAUL HANSMEIER, | No. 15-42460 |
| Debtor. | |

---

| | |
|---|---|
| PAUL HANSMEIER, Debtor, | Adv. No. 16-04124 |
| Plaintiff | |
| v. | |
| SANDIPAN CHOWDHURY and BOOTH SWEET LLP, | |
| Defendants. | |

---

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

---

The parties agree that a Protective Order is appropriate in this matter, but disagree as to its scope. Plaintiff believes he should have unfettered access to the Defendants' finances. Whereas, Defendants maintain that the unique nature of this case warrants more stringent protections.

Defendants in this matter include a law firm, Booth Sweet LLP, that has represented several individuals in matters instrumental to the pending federal criminal claims against the Plaintiff. Not only would Booth Sweet's finances contain privileged information of non-parties, it would also include the information of individuals whom Plaintiff has reason to unduly harass. Likewise, several pending actions, soon to be decided, may negate the information Plaintiff seeks—meaning confidential information would unnecessarily have been placed into the hands of an individual who, at best, has a checkered past with fundamental notions of ethics.

Defendants are prepared to give Plaintiff more than sufficient information to establish their current finances; they only ask that the Court issue a Protective Order that sufficiently protects and preserves their privacy and that of their clients in doing so.

### Statement of Facts

1. On November 13, 2012, the Plaintiff, Paul Hansmeier ("Plaintiff") under the guise of AF Holdings LLC, filed suit against Sandipan Chowdhury ("Chowdhury") in the District Court of

Massachusetts. *AF Holdings LLC v. Chowdhury*, No. 12-CV-12105 (D. Mass.) (hereinafter "*AF Holdings*").

2. On May 6, 2013, it was determined that the Plaintiff, John Steele ("Steele") and Paul Duffy ("Duffy")—collectively, "Principals"—employed AF Holdings as an alter-ego in a deliberate attempt to obscure the fact that any settlements collected for AF Holdings were then diverted into their own pockets. The *Ingenuity 13* court found the Principals jointly and severally liable for the acts of one another, AF Holdings and Prenda Law. *Ingenuity 13 LLC v. Doe*, No. 12-CV-8333, 2013 U.S. Dist. LEXIS 64564 (C.D. Cal. May 6, 2013) *aff'd* 651 Fed. App'x. 716 (9th Cir. 2016); *AF Holdings v. Navasca*, No. 12-CV-02396, 2013 U.S. Dist. LEXIS 149156, *34 (N.D. Cal. Sep. 16, 2013); *Hansmeier v. Chowdhury*, No. 17-CV-00723-JRT, Doc. 22 (D. Minn. Nov. 16, 2017) (emphasis in original) (quoting *Navasca*) ("[i]ssue preclusion bars AF, Steele and [Plaintiff] from re-litigating the findings of fact Judge Wright made in *Ingenuity 13* regarding their alter ego relationship.").

3. The *AF Holdings* court entered an uncontested $64,180.80 default judgment against AF Holdings LLC. *AF Holdings,* Doc. 31. The *AF Holdings* court re-entered the judgment jointly and severally against AF Holdings, Prenda Law, and their Principals, and denied their motions to vacate that judgment. *Id.,* Docs. 34, 43. The Principals appealed the judgment. *Id.*, Doc. 45. The District Court of Massachusetts certified the judgment for registration in other districts [*id.*, Doc. 67], and on October 17, 2014, the *AF Holdings* judgment was registered as a lien on Plaintiff's homestead in Minnesota.

4. On July 13, 2015, Plaintiff filed a voluntary Chapter 13 Petition and moved to avoid the lien imposed by the *AF Holdings* judgment. *In re Hansmeier*, No. 15-BK-42460, Doc. 23 (Bankr. D. Minn. 2015) (hereinafter *"Hansmeier"*). Defendants opposed [*id.*, Doc. 27], and Plaintiff withdrew the motion [*id.*, Doc. 46].

5. Plaintiff then petitioned the Court for, and was granted, permission to sell his homestead pursuant to 11 U.S.C. §§ 363, 1303 and use the proceeds to pay the Defendants. *Id.,* Doc. 49 at 4–5; *id.*, Doc. 78 at 17:25; *id.,* Doc. 59 at ¶ 3. At that same hearing, the Court then converted Plaintiff's bankruptcy to Chapter 7 on the basis of his fraud. *In re Hansmeier*, 558 B.R. 299, 302–303 (B.A.P. 8th Cir. 2016).

6.  On August 4, 2016, the First Circuit vacated and remanded the *AF Holdings* court's judgment against the Principals on a procedural issue. *AF Holdings*, Doc. 76. The judgment against AF Holdings and Prenda Law still stands. *Id.*, Doc. 78. The *AF Holdings* court ordered Chowdhury to file an amended judgment. *Id.*, Doc. 79. However, Plaintiff's bankruptcy had triggered the automatic stay pursuant to 11 U.S.C. § 362, which prevented further judicial proceedings in *AF Holdings*. Defendants and the other creditors with judgments against Plaintiff's various alter-egos were denied relief from the stay or had their claims dismissed on the basis that the judgments were not held in the name of the Plaintiff, but rather his alter-egos. *See e.g. Hansmeier*, Doc. 97.

7.  On November 18, 2016, the Trustee commenced the present adversary proceeding against Defendants. The complaint sought to avoid and recover the settlement paid from the proceeds of the sale of Plaintiff's homestead. Doc. 1 at ¶ 2.

8.  On September 1, 2017, the parties entered into a confidential settlement agreement in another matter. *Hansmeier v. Booth et al*, No. 17-ADV-4076, Doc. 6 (Bankr. D. Minn. 2017). As part of that agreement, Plaintiff agreed to relinquish any claim against the Defendants arising out of the claim for restitution.

9.  On December 6, 2017, the Court granted a settlement proposal wherein control of the adversary proceeding would be transferred from the Trustee to Plaintiff in exchange for a contingent security interest in any recoverable proceeds and the dismissal of Plaintiff's claims against the Trustee. *Id.*, Docs. 247, 258.

10. On January 3, 2018, the Court granted Plaintiff's waiver of discharge. *Hansmeier,* Doc. 262. By virtue of Plaintiff's waiver, the automatic stay was terminated and the Defendants moved to substitute Plaintiff on the judgment in *AF Holdings* under Fed. R. Civ. P. 25(c). *AF Holdings*, Doc. 123. If approved, Plaintiff's substitution will relate back to the filing of the complaint. The issue of substitution in *AF Holdings* has been fully briefed by the parties. *Id.*, Docs. 133, 135 and 139. A hearing on the motion is scheduled for November 29, 2018.[1]

11. Plaintiff moved for summary judgment on February 21, 2018 [Doc. 35] and Defendants opposed [Doc. 38]. At the hearing on March 7, 2018, the Court granted Plaintiff's summary judgment. The

_____

[1] A motion to substitute the Plaintiff on the judgment in *Prenda Law v. Godfread*, et al, No. 13-cv-01569 (N.D. Ill. 2013) will be heard on October 25, 2018. If successful, the amount at issue—$674,206.94 plus applicable interest—would offset any amount due by the Defendants herein.

Defendants noticed their appeal on March 20, 2018. *Chowdhury v. Hansmeier*, No. 18-CV-00761 (D. Minn. 2018) (hereinafter "*Chowdhury*"). A decision is expected come November of this year.

12. On March 26, 2018, Plaintiff emailed Defendants with judgment enforcement discovery directed at both Defendants, including interrogatories and requests for production of documents. These documents were not signed in accordance with Rule 26. Docs. 63 and 68.

13. On April 5, 2018, the parties met and conferred on Plaintiff's discovery requests. At that time, Defendants informed Plaintiff they would oppose any in-person deposition that required them to appear in Minnesota. Knowing of Defendants' opposition and that the deposition of a nonresident defendant is conducted at the defendant's "place of residence," Plaintiff noticed depositions in Minnesota—which Defendants were not required to attend. Doc. 63 at 4–5; Doc. 67 at ¶ 3.

14. Defendants filed a motion to stay discovery in the appellate action on April 25, 2018. That same day, despite being aware of the earlier-filed, pending motion to stay, Plaintiff set a hearing date for a motion to compel he had yet to draft. Plaintiff filed his opposition to the motion to stay in *Chowdhury* on May 2, 2018. *Chowdhury,* Doc. 11.

15. On May 3, 2018, Plaintiff—without first conferring with the Defendants—moved to compel Defendants' compliance with his post-judgment discovery requests. Doc. 54.

16. On May 16, 2018, the Court denied without prejudice, Plaintiff's motion to compel so as to avoid a conflicting ruling with the then pending motion to stay. The Defendants' motion to stay was denied by the District Court on July 13, 2018. *Chowdhury*, Doc. 16. On August 8, 2018, Plaintiff renewed his motion to compel—again without first conferring with the Defendants.

17. On August 17, 2018, the Plaintiff pleaded guilty to Counts 1 and 17 of the federal criminal charges against him and to all material facts alleged in the complaint. Doc. 64.[2] Defendants requested judicial notice of the plea agreement, which was denied.

18. On August 21, Plaintiff's renewed motion to compel was granted. During the hearing, Plaintiff represented to the Court he had served signed copies of the discovery requests on the Defendants [Doc. 66] despite documents on the record showing otherwise [Doc. 68].

---

[2] Plaintiff's fellow Principal, John Steele, pleaded guilty to the same counts and facts on March 3, 2017. *U.S. v. Hansmeier, et al*, No. 16-CR-00334, Doc. 43 (D. Minn. 2016)

19. Despite tangible evidence that Defendants have never been served with discovery requests in this matter, Defendants timely complied with the Court's order compelling responses to Plaintiff's discovery requests on September 7, 2018. Exhibit A. Further, now that Defendants knew the scope of the documents Plaintiff was requesting, they sought to confer with the Plaintiff regarding an appropriate protective order and provided a draft for consideration. Doc. 70 at Ex. B.

20. On September 13, 2018, Plaintiff responded; disagreeing as to scope of discovery proposed by the Defendants and rather than comment on the submitted draft, proffered a form order. Exhibit B.

21. Plaintiff—at no point—ever notified Defendants of any alleged deficiencies in their responses. Exhibit A.

22. October 10, 2018, Plaintiff filed an affidavit, made under oath, of noncompliance containing several averments of fact, despite those facts being contradicted by the record and the Court's prior orders. Doc. 70.

### Standard

A court may issue a protective order forbidding or otherwise limiting discovery pursuant to Rule 26(c)(1) upon a showing of "good cause," specifically including, but not limited to, a showing of "annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1). Discovery of a judgment debtor's assets is permissible under the Federal Rules of Civil Procedure. Fed.R.Civ.P. 69(a)(2). Under Rule 69(a)(2), a "judgment creditor … whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed.R.Civ.P. 69(a)(2); *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 317 (8th Cir. 1993) ("The remedies of a judgment creditor include the ability to question the judgment debtor about the nature and location of assets that might satisfy the judgment."); *Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974) ("the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.").

However, like the other discovery rules, Rule 69(a)(2) is not a blank check. The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied—"and not be allowed to become a means of harassment of the debtor to

third persons." *Matthias Jans & Assocs. v. Dropic*, 2001 U.S. Dist. LEXIS 4841, *6 (W.D. Mich.,
Apr. 9, 2001) (*quoting Caisson*, 62 F.R.D. at 334.); *Evans v. Chicago Football Franchise Ltd.
Partnership*, 127 F.R.D. 492 (N.D. Ill. 1989).

## Argument

### I.   The Court has Wide Discretion to Fashion a Protective Order.

Federal Rule of Civil Procedure 26(c) states, in relevant part, that:

> The court may, for good cause, issue an order to protect a party or person from
> annoyance, embarrassment, oppression, or undue burden or expense, including one or
> more of the following:
>
> (A)   forbidding the disclosure of discovery;
>
> (B)   specifying terms, including time and place or the allocation of expenses, for
> the disclosure or discovery;
>
> (C)   prescribing a discovery method other than the one selected by the party
> seeking discovery;
>
> (D)   forbidding inquiry into certain matters, or limiting the scope of disclosure or
> discovery to certain matters;
>
> (E)   designating the persons who may be present while the discovery is conducted;
>
> (F)   requiring that a deposition be sealed and opened only on court order;
>
> (G)   …
>
> (H)   requiring that the parties simultaneously file specified documents or
> information in sealed enveloped to be opened as the court directs.

This rule "confers broad discretion on the trial court to decide when a protective order is
appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20,
36 (1984); *see also Bison Advisors LLC v. Kessler*, 2015 U.S. Dist. LEXIS 96740, *4 (D. Minn. July
24, 2015) ("District courts have broad discretion to decide discovery motions and to limit discovery
… Likewise, the court has discretion to decide when a protective order is appropriate and what
degree of protection is required.") (citations and quotations omitted). This vast discretion afforded to
the trial court on issuing protective orders is critical because each case has unique facts, concerns,
and interests. *See Seattle Times*, 467 U.S. at 36 ("The unique character of the discovery process
requires that the trial court have substantial latitude to fashion protective orders.").

## II.  Good Cause Exists to Issue Defendants' Proposed Protective Order.

There is no dispute that good cause exists to issue a protective order in this case. However, there are several unique aspects to this matter, which warrant a heightened level of protection in this case.

The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied. Asset discovery should be tailored to the specific purpose of enabling a judgment creditor to discover assets upon which it can seek to execute a judgment and that the judgment debtor's discovery should not devolve into a fishing expedition for irrelevant or cumulative information which does not advance that purpose. *E.I. DuPont de Nemours and Co. v. Kolon Industries, Inc.,* 286 F.R.D. 288 (E.D. Virginia 2012).

First, is the legitimate concern that Plaintiff will improperly use any information obtained, absent an appropriate protective order. Indeed, his recent statement: "I want to be able to trace where the funds went" [Doc. 70 at Ex. B] runs contrary to the purpose of discovery under Rule 69(a)(2) and portends an intrusive invasion into the lives of non-parties. Especially when one takes into account the Plaintiff's past acts.

Second, this litigation inherently requires extreme confidentiality because it involves not only the financial transactions of a law firm and its clients, but that of a firm that has represented numerous defendants in matters brought by Plaintiff. *See e.g. Prenda Law v. Godfread, et al,* No. 13-CV-01569 (N.D. Ill. 2013) (wherein Plaintiff and his co-conspirators filed several identical defamation claims in state courts around the country against the man whose identity they stole as retribution for his altering the courts of the fraud).

Third, the requests are overbroad as to time in that it seeks over three and a half years of banking information. The Defendant, Booth Sweet LLP, was not paid until the week of January 2016, anything prior to that time is irrelevant. More so, the purpose of discovery is to allow the judgment creditor to identify assets from which the judgment may be satisfied, not "trace where the funds went". Defendants propose to limit the scope of the requests to account summaries for a period of one year.

Fourth, at the core of these requests are extreme privacy concerns because the scope of the documents sought to be obtained is undefined, and Plaintiff has chosen not to work with the Defendants to define them. The requests, as drafted, would encompass cancelled checks, deposited

7

items, IOLTA records and other transactions not relevant to the purpose of the discovery sought—executing upon the judgment. The requests would also provide banking information and account information of non-parties to the case without notice to those parties, making it critically important that documents bearing this information be redacted

Fifth, there is a very imminent and realistic reason to expect that the discovery sought will soon be mooted by any one of three pending matters mentioned above—meaning confidential information would unnecessarily have been placed into the hands of a Plaintiff with a penchant for stealing identities and committing fraud.

Taking these unique facts and interests into consideration, and that the Plaintiff has not identified any deficiency in Defendants' responses, Defendants propose a protective order that allows Plaintiff to verify Defendants assets without broadly exposing privileged or confidential information or that of non-parties.

### Conclusion

For the foregoing reasons, Defendants respectfully request that the Court enter their proposed Protective Order.


Dated: October 18, 2018                          Respectfully,

                                                 s/ Jason E. Sweet
                                                 _____
                                                 BOOTH SWEET LLP
                                                 BBO# 668596
                                                 32R Essex Street
                                                 Cambridge, MA 02139
                                                 Tel.: (617) 250-8619
                                                 Fax: (617) 250-8883
                                                 Email: jsweet@boothsweet.com

                                                 *Counsel for Defendants*
                                                 *Pro Hac Vice Appearance*


### CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2018 a copy of the foregoing brief was filed electronically through the ECF system. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Notice will be delivered via overnight mail and email to:

Paul R. Hansmeier
9272 Cortland Alcove
Woodbury, MN 55125
prhansmeier@gmail.com

                                                        s/ Jason E. Sweet

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:                                          Chapter 7

PAUL HANSMEIER,                                 No. 15-42460

     Debtor.

---

PAUL HANSMEIER, Debtor,                         Adv. No. 16-04124

     Plaintiff

v.

SANDIPAN CHOWDHURY and BOOTH SWEET LLP,

     Defendants.

---

## LOCAL RULE 7.1(f) WORD COUNT COMPLIANCE
---

The undersigned hereby certifies that in accordance with Local Rule 7.1(f), the Memorandum in Support of Defendants' Motion for Protective Order was prepared in a 12 point proportional font, and contains 2,924 words, including headings, footnotes, and quotations, according to Pages word count feature.

Dated: October 18, 2018                         Respectfully,

                                         s/ Jason E. Sweet
                                         BOOTH SWEET LLP
                                         BBO# 668596
                                         32R Essex Street
                                         Cambridge, MA 02139
                                         Tel.: (617) 250-8619
                                         Fax: (617) 250-8883
                                         Email: jsweet@boothsweet.com

                                         *Counsel for Defendants*
                                         *Pro Hac Vice Appearance*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                    Chapter 7

PAUL HANSMEIER,                                           No. 15-42460

     Debtor.

---

PAUL HANSMEIER, Debtor,                                   Adv. No. 16-04124

     Plaintiff

v.

SANDIPAN CHOWDHURY and BOOTH SWEET LLP,

     Defendants.

---

**MEET & CONFER STATEMENT**

---

     I, Jason E. Sweet, hereby certify that the parties have engaged in numerous written and oral meet-and-confer efforts, including emails that took place on April 5, 2018, September 12, 2018 and September 13, 2018. Written meet-and-confer efforts are attached to my declaration, which is filed herewith.

Dated: October 18, 2018                                   Respectfully,

     s/ Jason E. Sweet
     BOOTH SWEET LLP
     BBO# 668596
     32R Essex Street
     Cambridge, MA 02139
     Tel.: (617) 250-8619
     Fax: (617) 250-8883
     Email: jsweet@boothsweet.com

     *Counsel for Defendants*
     *Pro Hac Vice Appearance*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                          Chapter 7

PAUL HANSMEIER,                                 No. 15-42460

      Debtor.

---

PAUL HANSMEIER, Debtor,                         Adv. No. 16-04124

      Plaintiff

v.

SANDIPAN CHOWDHURY and BOOTH SWEET LLP,

      Defendants.

---

**DECLARATION OF JASON E. SWEET**

---

      I, Jason Sweet, state under penalty of perjury that the following is true and based on personal knowledge.

1.  I am an attorney at law licensed to practice before the Courts of the State of Massachusetts, the First Circuit, the Seventh Circuit and the Sixth Circuit. I represent the Defendants, Sandipan Chowdhury and Booth Sweet LLP, in this matter.

2.  I submit this affidavit in support of the Defendants' Motion for a Protective Order.

3.  A true and accurate copy of email correspondence with the Plaintiff dated September 7, 2018 are attached as Exhibit A.

4.  A true and accurate copy of of email correspondence with the Plaintiff dated September 12, 2018 and September 13, 2018, including the attached proposed protective order are attached as Exhibit B.

**I, Jason Sweet, hereby declare pursuant to 28 U.S.C. § 1746 under penalty of perjury that the foregoing is true and correct based on personal knowledge, and a review of the pleadings and other documents filed on the Court's docket set forth above. Executed at St. Paul, Minnesota on this 18th day of October, 2018.**

                                s/ Jason E. Sweet _____

From: jsweet@boothsweet.com  
Subject: Re: Discovery responses
Date: September 7, 2018 at 1:04 PM
To: Paul Hansmeier prhansmeier@gmail.com
Bcc: Sandipan Chowdhury sanjoy24y@yahoo.com

Paul

We produced substantive responses that comply with the Court's order and with our discovery obligations under the Federal Rules. We will stand on our responses and objections to the discovery requests.

In particular, as our responses indicated, there are no responsive documents to produce relevant to most of the requests for production. More importantly, you have not indicated which responses you consider deficient or why. See L.R. 7037-1.

The few other requests are outside the scope of discovery as provided by Federal Rule of Civil Procedure 26(b)(1).

That said, we are preparing a draft protective order. When would you be available, over the next week, to meet and confer as to its terms?

Regards,

Jason

> On Sep 7, 2018, at 10:08 AM, Paul Hansmeier <prhansmeier@gmail.com> wrote:
>
> All:
>
> I received your e-mail discovery responses, but have not received any mailed copies of the discovery responses. As I have indicated many times, I appreciate courtesy e-mail copies of litigation materials, but I do not accept e-mail service of materials from you, since your e-mails often are marked as spam by Gmail. Your e-mails to me are "hit or miss" as to whether I will ever see them, so I will continue to insist on mail service.
>
> Moving beyond that issue, a review of your discovery responses indicates that you have not made a good faith effort to respond to the discovery requests pursuant to the Court's order. You produced zero documents in response to my request for documents, and your answers to my interrogatories were mostly non-responsive. If you want to move for a protective order that is fine, but you have had more than enough time to do so and your delay in moving for a protective order does not justify a delay in responding to discovery requests.
>
> In light of the foregoing, I intend to move the Court to begin imposing coercive sanctions in the amount of $250/day until you make a good faith effort at providing discovery responses. If you think I am missing something, please feel free to give me a call.
>
> Thanks,
> Paul

Jason Sweet
Booth Sweet LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
www.boothsweet.com
www.facebook.com/BoothSweet

This e-mail is from the law firm Booth Sweet LLP, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments.

BOOTH SWEET LLP

**From:** **Paul Hansmeier** prhansmeier@gmail.com 
**Subject:** Re: Discovery
**Date:** September 13, 2018 at 11:56 AM
**To:** Jason Sweet jsweet@boothsweet.com, Sandipan Chowdhury sanjoy24y@yahoo.com

All:

Thank you for your e-mail. I believe the discovery that I issued to Mr. Chowdhury and your law firm is narrowly-tailored towards the purpose of enforcing the judgment that has been entered in this case. The requests are modeled after discovery used by the Chapter 7 Trustee---who obviously has a lot of experience in this area and is held to high standards of professionalism.

As a procedural matter: it is my position that you have waived any right to object to my discovery requests. In my experience, courts within the Eighth Circuit (and I imagine elsewhere) enforce the deadline for objections. The time for objections has long passed, and practically speaking you should have raised the protective order issue long ago. I've scheduled the hearing on the motion for a rule to show cause and, if the motion is granted, you will have the choice of responding to my discovery or face the coercive contempt sanction contemplated by any order the Court might issue.

As for your specific points:

I disagree with the Defendants' proposal to limit the scope of the discovery to a single year's worth of "account summaries." You enforced the judgment roughly three years ago and I want to be able to trace where the funds went in case a clawback is necessary. One year's worth of "account summaries" would not allow me to do that.

I also disagree with Defendants' proposal to "jointly amend" the discovery requests. The discovery requests are clear. That being said, if you are unclear as to what a certain discovery request contemplates, I will be happy to meet and confer with you so that we both have the same expectations with respect to any particular request. I also disagree with the proposal of withholding or redacting information within the scope of the discovery requests, including the account information of non-parties. Again, I want to be able to trace where the funds went. It is my expectation that when your law firm received the money you swept it into your personal accounts---leaving your law firm unable to return the funds in the event that Mr. Chowdhury lost the appeal. Or maybe you are hiding the money in other accounts. The purpose of discovery is to find out where you are hiding the money, and your proposed limitation would make it impossible to do so.

I disagree with your proposal to redact account and banking name pending the resolution of the MN and MA matters. If you would like to stay judgment enforcement, then you are welcome to pay the judgment or post security for the judgment pending appeal. In the alternative, we could set up a payment plan which would allow you to pay off the judgment over time. But if you are going to take no action to pay back the money that you owe, then we need to continue moving the judgment enforcement process forward so that I can begin garnishing wages and seizing assets.

As for the protective order, I don't really see what the point is. I can't imagine there is any information that you would disclose that would be so sensitive and confidential as to justify the imposition of a protective order. I've attached a form of protective order drafted by the District of Minnesota (with modifications) if you really want to pursue this. Take a look at it and let me know what you think. I should be clear, though, that I continue to consider you to be in breach of the order on my renewed motion to compel. I intend to move forward with the contempt sanctions until you make a good faith effort to comply with my discovery requests.

Thanks,
Paul


On Wed, Sep 12, 2018 at 5:29 PM jsweet@boothsweet.com <jsweet@boothsweet.com> wrote:

Paul

In pursuing post-judgment discovery, the relevant inquiry should be limited to whether the judgment debtor possesses assets to be applied in order to satisfy the judgment. Asset discovery should be tailored to the specific purpose of enabling a judgment creditor to discover assets upon which it can seek to execute a judgment and that the judgment debtor's discovery should not devolve into a fishing expedition for irrelevant or cumulative information which does not advance that purpose. *E.I. DuPont de Nemours and Co. v. Kolon Industries, Inc.*, 286 F.R.D. 288 (E.D. Virginia Oct. 5, 2012).

Defendants have identified the following issues with the requests. These issues are not the only ones, but would seem the most relevant.

1. The requests with regard to time period are overbroad, in that they seek over 3 years of banking information.

   a. Defendants propose to limit the scope of the requests to account summaries for a period of one year. An "account summary" or "account statement" being defined as a summary of financial transactions which have occurred over a given period on a bank account held by a person or business with a financial institution.

2. The scope of the documents sought to be obtained is undefined. The requests, as drafted, would  encompass cancelled checks, deposited items and other transactions not relevant to the purpose of the discovery sought — executing upon the judgment. The requests would also provide banking information and account information of non-parties to the case without notice to those parties.

    a.  Defendants propose the parties jointly amend the requests to properly define the financial documents sought; and

    b.  to limit the scope of the requests such that the non-privileged banking and account information of non-parties are either withheld or redacted.

3. Defendants further propose redacting the names of any financial institutions and account identifiers (i.e. account numbers) on any documents produced pending resolution of the proceedings in Massachusetts and Minnesota.

Further, due to the sensitive nature of information set forth within bank records, Defendants would propose limiting the use of any responsive documents obtained to purposes of executing upon the judgment and limiting the disclosure of the records obtained to the parties and their attorneys as exemplified in the attached proposed protective order.

Regards,
Jason


Jason Sweet
Booth Sweet LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
www.boothsweet.com
www.facebook.com/BoothSweet

This e-mail is from the law firm Booth Sweet LLP, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments.



Stipulation-for-Protective-
Order-Form.docx

DRAFT PROPOSED PROTECTIVE ORDER

In order to protect confidential information obtained by the parties in connection with this case, the parties, by and through their respective undersigned counsel and subject to the approval of the Court, hereby agree as follows:

### Definitions

### Limitations as to Scope of Discovery

### Proceedings and Information Governed

1.  This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this action. The Confidential Information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

### Designation and Maintenance of Information

2.  Any producing party or non-party may designate as "Confidential Information" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that producing party considers in good faith to contain information involving trade secrets, or confidential business or financial information, including personal financial information about any party to this lawsuit, information regarding any producing party's banking relationship with any banking institution, including information regarding any producing party's financial transactions or financial accounts, and any information regarding any producing party not otherwise available to the public. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

3.  Any producing party may designate as "Confidential Information" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any

1

information designated by that party or non-party as Confidential Information, although a document may lose its confidential status if it is made public. If a party produces materials designated Confidential Information in compliance with this Order, that production shall be deemed to have been made consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

4. Any producing party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. In addition, any producing party or non-party may designate in writing, within thirty (30) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential Information." Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. A producing party that makes original documents or materials available for inspection need not designate them as Confidential Information until after the inspecting party has indicated which materials it would like copied and produced. During the inspection and before the designation and copying, all of the material made available for inspection shall be considered Confidential Information.

**Inadvertent Failure to Designate**

5. The inadvertent failure to designate or withhold any information as Confidential or Privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as Confidential at a later date in writing and with particularity. The information must be treated by the receiving party as Confidential from the time the receiving party is notified in writing of the change in the designation.

DRAFT PROPOSED PROTECTIVE ORDER

### Challenge to Designations

6.  If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the producing party or non-party who designated the material. The producing party or non-party who designated the material shall have twenty (20) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The producing party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

7.  Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    a.  the producing party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

    b.  the producing party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    c.  the Court rules the material is not Confidential Information.

### Use of Confidential Materials in Discovery

8.  All Confidential Information produced or exchanged in the course of this case (not including information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case. Confidential Information shall not be used for any commercial competitive, personal, or other purpose.

9.  Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than the respective parties to this litigation.

10. The party receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If the receiving party inadvertently discloses any Confidential Information to persons who are not authorized to use or possess such material, the receiving party shall provide immediate written notice of the disclosure to the producing party whose material was inadvertently disclosed. If the receiving party has actual knowledge that Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the receiving party shall provide immediate written notice of the unauthorized use or possession to the producing party whose material is being used or pos-

DRAFT PROPOSED PROTECTIVE ORDER

sessed. No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

11. In connection with discovery proceedings as to which a party submits Confidential Information, all documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be attached. If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> "This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties."

If another court or administrative agency subpoenas or orders production of Confidential Information, such party shall promptly notify the party who produced the material of the pendency of such subpoena or order and shall furnish counsel with a copy of said subpoena or order.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the producing parties' counsel or by oral advice at the time of any deposition or similar proceeding.

**Use of Confidential Materials in Court**

DRAFT PROPOSED PROTECTIVE ORDER

The following provisions govern the treatment of Confidential Information used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings.

12. A party that files with the Court, or seeks to use at trial, materials designated as Confidential Information, shall submit to the Court a motion or an application to seal.

13. A party that files with the Court, or seeks to use at trial, materials designated as Confidential Information by anyone other than itself, and who does not seek to have the record containing such information sealed, shall comply with either of the following requirements:

   a. At least ten (10) business days prior to the filing or use of the Confidential Information, the submitting party shall give notice to all other parties, and to any non-party that designated the materials as Confidential Information pursuant to this Order, of the submitting party's intention to file or use the Confidential Information, including specific identification of the Confidential Information. Any affected party or non-party may then file a motion to seal.

14. In connection with a request to have materials sealed, the requesting party's declaration pursuant shall contain sufficient particularity with respect to the particular Confidential Information and the basis for sealing to enable the Court to make the required findings.

**No Prejudice**

15. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) prejudice the rights of a producing party to object to the production of information or material that the producing party does not consider to be within the scope of discovery; (b) prejudice the rights of a producing party to seek a determination by the presiding judge that particular materials not be produced; (c) prejudice the rights of a producing party to apply to the presiding judge for further protective orders; or (d) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation**

16. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, and to certify to the producing party that this destruction or return has been done.

DRAFT PROPOSED PROTECTIVE ORDER

However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

### Other Proceedings

17. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### Remedies

18. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b)/Fed. R. Bank. P. 7037 and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

19. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

PAUL HANSMEIER,                    )
                                   )      BKY No. 15-42460
        Plaintiff,                 )      Adv. No. 16-4124
                                   )
        v.                         )
                                   )      STIPULATION FOR
SANDIPAN CHOWDHURY AND             )      PROTECTIVE ORDER
BOOTH SWEET, LLP,                  )
                                   )
                    Defendants.    )


The parties stipulate that the court may enter the following protective order:

**1    Definitions.**  As used in this protective order:

    (a)    "attorney" means an attorney who has appeared in this action;

    (b)    "confidential document" means a document designated as confidential under this protective order;

    (c)    to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (d)    "document" means information disclosed or produced in discovery, including at a deposition;

    (e)    "notice" or "notify" means written notice;

    (f)    "party" means a party to this action; and

    (g)    "protected document" means a document protected by a privilege or the work-product doctrine.

1

**2**      **Designating a Document or Deposition as Confidential.**

(a)      A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b)      A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c)      Deposition testimony may be designated as confidential:

(1)      on the record at the deposition; or

(2)      after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d)      If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3**      **Who May Receive a Confidential Document.**

(a)      A confidential document may be used only in this action.

(b)      No person receiving a confidential document may reveal it, except to:

(1)      the court and its staff;

(2)      an attorney or an attorney's partner, associate, or staff;

(3)      a person shown on the face of the confidential document to have authored or received it;

(4)      a court reporter or videographer retained in connection with this action;

2

(5)    a party (subject to paragraph 3(c));

(6)    any person who:

  (A)    is retained to assist a party or attorney with this action; and

  (B)    signs a declaration that contains the person's name,

    address, employer, and title, and that is in substantially this

    form:

    I have read, and agree to be bound by, the protective
    order in the case captioned [case caption and number] in the
    United States Bankruptcy Court for the District of Minnesota.
    As soon as my work in connection with that action has
    ended, but not later than 30 days after the termination of that
    action (including any appeals and satisfaction of judgment), I
    will return or destroy any confidential document that I
    received, any copy of or excerpt from a confidential
    document, and any notes or other document that contains
    information from a confidential document.
    I declare under penalty of perjury that the foregoing is
    true and correct.; and

(7)    the Chapter 7 Trustee and any of his attorneys or representatives.

(c)    If a confidential document is revealed to someone not entitled to receive it,

    the parties must make reasonable efforts to retrieve it.

**4    Correcting an Error in Designation.** A party or non-party who discloses or

produces a confidential document not designated as confidential may, within 7

days after discovering the error, provide notice of the error and produce a copy of

the document designated as confidential.

**5    Use of a Confidential Document in Court.**

(a)    Filing.  This protective order does not authorize the presentation of any

    document to the Court under seal.  Confidential documents presented to

    the Court will not be filed under seal unless a party who wants a document

3

to be filed under seal has obtained an order from the Court requiring that the document must be filed under seal.

**6      Changing a Confidential Document's Designation.**

(a)      Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b)      Document produced by a non-party.  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c)      Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**7      Handling a Confidential Document after Termination of Litigation.**

(a)      Within 60 days after the termination of this action (including any appeals and enforcement of any judgment), each party must:

(1)      return or destroy all confidential documents; and

(2)      notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

4

(b)     Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court.

**8      Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)     Notice.

(1)     A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection.  If the party or non-party provides such notice and description, the privilege or protection is not waived.

(2)     A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b)     Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**9      Security Precautions and Data Breaches.**

(a)     Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b)     A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**10     Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

5

Stipulated to:

Date: _____          By:

Date: _____          By:

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                          Chapter 7

PAUL HANSMEIER,                                 No. 15-42460

     Debtor.

_____

PAUL HANSMEIER, Debtor,                         Adv. No. 16-04124

     Plaintiff

v.

SANDIPAN CHOWDHURY and BOOTH SWEET LLP,

     Defendants.

_____

## PROTECTIVE ORDER
_____

### Proceedings and Information Governed

1. This Protective Order ("Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this action. The Confidential Information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

### Cooperation of the Parties

2. Parties shall confer in good faith to properly define the specific financial documents sought and amend the discovery requests accordingly.

## Limitations as to Scope of Discovery

3. For purposes of this discovery, any requests, current or amended will be limited in scope as follows:

   a. an "account summary" or "account statement" is herein defined as a summary of financial transactions which have occurred over a given period on a bank account held by a person or business with a financial institution. Plaintiff is entitled to request the account summaries for a period of one year.

   b. transactions which are not relevant to the purpose of the discovery of assets that may be used to satisfy the judgment are to be withheld or redacted. This includes banking or account information of non-parties, whether privileged or not.

   c. the names of any financial institutions and account identifiers (i.e. account numbers) on any documents produced pending resolution of the proceedings in *AF Holdings v. Chowdhury*, No. 12-cv-12105 (D. Mass. 2012); *Chowdhury v. Hansmeier*, No. 18-cv-00761 (D. Minn. 2018) and *Prenda Law v. Godfread*, No. 13-cv-01569 (N.D. Ill. 2013) shall be redacted.

## Designation and Maintenance of Information

4. Any producing party or non-party may designate as "Confidential Information" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that producing party considers in good faith to contain information involving privileged or confidential business or financial information, including personal financial information about any party to this lawsuit, information regarding any producing party's banking relationship with any banking institution, including information regarding any producing party's financial transactions or financial accounts, and any information regarding any producing party not otherwise available to the public. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

5. Any producing party may designate as "Confidential Information" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential Information, although a document may lose its confidential status if it is made public. If a party produces materials

designated Confidential Information in compliance with this Order, that production shall be deemed to have been made consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

6.  Any producing party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. In addition, any producing party or non-party may designate in writing, within thirty (30) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential Information." Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. A producing party that makes original documents or materials available for inspection need not designate them as Confidential Information until after the inspecting party has indicated which materials it would like copied and produced. During the inspection and before the designation and copying, all of the material made available for inspection shall be considered Confidential Information.

### Inadvertent Failure to Designate

7.  The inadvertent failure to designate or withhold any information as Confidential or Privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as Confidential at a later date in writing and with particularity. The information must be treated by the receiving party as Confidential from the time the receiving party is notified in writing of the change in the designation.

### Challenge to Designations

8.  If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the producing party or non-party who designated the material. The producing party or non-party who designated the material shall have twenty (20) days from the

receipt of such written notice to apply to the Court for an order designating the material as confidential. The producing party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    a. the producing party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

    b. the producing party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    c. the Court rules the material is not Confidential Information.

### Use of Confidential Materials in Discovery

8. All Confidential Information produced or exchanged in the course of this case (not including information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case. Confidential Information shall not be used for any commercial competitive, personal, or other purpose.

9. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than the respective parties to this litigation.

10. The party receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If the receiving party inadvertently discloses any Confidential Information to persons who are not authorized to use or possess such material, the receiving party shall provide immediate written notice of the disclosure to the producing party whose material was inadvertently disclosed. If the receiving party has actual knowledge that Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the receiving party shall provide immediate written notice of the unauthorized use or possession to the producing party whose material is being used or

possessed. No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

11. In connection with discovery proceedings as to which a party submits Confidential Information, all documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be attached. If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> "This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties."

If another court or administrative agency subpoenas or orders production of Confidential Information, such party shall promptly notify the party who produced the material of the pendency of such subpoena or order and shall furnish counsel with a copy of said subpoena or order.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the producing parties' counsel or by oral advice at the time of any deposition or similar proceeding.

**Use of Confidential Materials in Court**

The following provisions govern the treatment of Confidential Information used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings.

12. A party that files with the Court, or seeks to use at trial, materials designated as Confidential Information, shall submit to the Court a motion or an application to seal.

13. A party that files with the Court, or seeks to use at trial, materials designated as Confidential Information by anyone other than itself, and who does not seek to have the record containing such information sealed, shall comply with either of the following requirements:

   a. At least ten (10) business days prior to the filing or use of the Confidential Information, the submitting party shall give notice to all other parties, and to any non-party that designated the materials as Confidential Information pursuant to this Order, of the submitting party's intention to file or use the Confidential Information, including specific identification of the Confidential Information. Any affected party or non-party may then file a motion to seal.

14. In connection with a request to have materials sealed, the requesting party's declaration pursuant shall contain sufficient particularity with respect to the particular Confidential Information and the basis for sealing to enable the Court to make the required findings.

**No Prejudice**

15. Producing or receiving confidential information, or otherwise complying with the terms of this Order, will not (a) prejudice the rights of a producing party to object to the production of information or material that the producing party does not consider to be within the scope of discovery; (b) prejudice the rights of a producing party to seek a determination by the presiding judge that particular materials not be produced; (c) prejudice the rights of a producing party to apply to the presiding judge for further protective orders; or (d) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Order with respect to any particular information or material.

**Conclusion of Litigation**

16. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information,

6

and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Order.

## Other Proceedings

17. By entering this Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who may be subject to a motion to disclose another party's information designated Confidential pursuant to this Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## Remedies

18. It is Ordered that this Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b)/ Fed. R. Bank. P. 7037 and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Order in contempt. All other remedies available to any person injured by a violation of this Order are fully reserved.

19. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Order.

Dated: October _____ , 2018


_____
KATHLEEN H. SANBERG
Chief United States Bankruptcy Judge