**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re | Bky No. 15-42460 |
| Paul Hansmeier, | |
| *Debtor.* | |
| ----------------------------------------------------- | |
| Paul Hansmeier, | |
| *Plaintiff.* | |
| v. | ADV No. 16-4124 |
| Sandipan Chowdhury and Booth Sweet LLP, | |
| *Defendants.* | |

**NOTICE OF HEARING AND SECOND MOTION FOR CONTEMPT**

1.    Paul Hansmeier ("Hansmeier"), the Plaintiff, submits this Second Motion for Contempt against Defendants Sandipan Chowdhury ("Chowdhury") and Booth Sweet LLP ("Booth Sweet") (collectively, "Defendants") regarding Hansmeier's Judgment Enforcement Discovery.

2.    The hearing will be held on December 5, 2018, at 10:30 a.m. before the United States Bankruptcy Court, Courtroom 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

3.    Any response to this motion must be filed and delivered not later than November 30, 2018, which is five days before the time set for the hearing. UNLESS A

RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY

GRANT THE MOTION WITHOUT A HEARING.

4.     This Court has jurisdiction over this adversary proceeding pursuant to 28

U.S.C. §§157 and 1334. This case arises under 11 U.S.C. §§ 105, 541, 542, 544, 548,

550, 704, Fed. R. Bank. Pro. 7001(1), (2) and (9), 28 U.S.C. § 2201 and common law.

5.     This adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2).

6.     This case was commenced by the filing of a voluntary petition under

Chapter 13 on July 13, 2015, the case was converted to a case under Chapter 7 on

December 3, 2015.

7.     Defendant Chowdhury ("Chowdhury") is an individual who resides in the

state of Massachusetts.

8.     Defendant Booth Sweet, LLP ("Booth Sweet") is a limited liability

partnership organized under the laws of Massachusetts and operating in Massachusetts.

The principals of Booth Sweet LLP and Jason Sweet and Dan Booth, both of whom are

residents of Massachusetts.

9.     On March 7, 2018, the Court entered a restitution judgment against

Chowdhury and Booth Sweet. Dkt. No. 43.

10.     Defendants have taken appeal of the judgment and the appeal is still

pending.

11.     On August 21, 2018, the Court granted Plaintiff's motion to compel

Defendants' compliance with Plaintiff's discovery requests. Dkt. 67.

12.     Defendants refused to comply with Plaintiff's discovery requests.

13.     On October 24, 2018, the Court ordered Defendants to "produce complete written discovery responses to Plaintiff's Interrogatories and produce all documents in Plaintiff's Request for Production, removing any asserted objections...." Dkt. 79. In addition, the Court threatened coercive contempt sanctions of $250 per Defendant per day of non-compliance if the Defendants did not comply with the Court's order. *See id.*

14.     Defendants refused to comply with the Court's order. In defiance of the Court's order, Defendants' response to Plaintiff's Interrogatories and Requests for Production of Documents continued to assert objections that were stricken by the Court's order. Dkt. 83 at 11-76.

15.     To date, Defendants have refused to answer Plaintiff's Interrogatories, including providing such basic information as the identification of their bank and bank account numbers.

16.     To date, Defendant Chowdhury has produced literally zero documents in response to Plaintiff's Request for Production of Documents.

17.     To date, Defendant Booth Sweet LLP has produced literally zero documents in response to Plaintiff's Request for Production of Documents (with the exception of an apparent bank account ledger which redacted the bank account number and name of the bank).

18.     In an affidavit dated October 26, 2018, Jason Sweet perjuriously attested to Defendants' compliance with the Court's order dated October 24, 2018.

19.     To the undersigned's knowledge, Defendants have not paid any amount of the Court's coercive contempt sanction.

20.    The undersigned is unable to enforce the Court's judgment or domesticate

the judgment in Massachusetts based on Defendants' refusal to comply with the Court's

order dated August 21, 2018.

**WHEREFORE**, Plaintiff seeks an order for the following:

1.    An order directing the clerk to issue and deliver to the United States

Marshal a warrant for the arrest of Sandipan Chowdhury and Jason Sweet and Dan Booth

(the principals of Booth Sweet LLP) for confinement as directed by this order; and

2.    An order directing Sandipan Chowdhury and Jason Sweet and Dan Booth

to produce the discovery compelled by the Court's order granting Plaintiff's motion to

compel and to pay the accrued civil contempt sanctions.

Respectfully submitted,

November 21, 2018                    /s/ _____
                                     Paul R. Hansmeier
                                     9272 Cortland Alcove
                                     Woodbury, MN 55125

**<u>VERIFICATION</u>**

I, Paul Hansmeier, the Plaintiff herein, declare under the penalty of perjury that the foregoing second motion for contempt is true and correct to the best of my knowledge, information and belief.

Dated November 21, 2018

_____
Paul R. Hansmeier

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re<br><br>Paul Hansmeier,<br><br>*Debtor.*<br>-------------------------------------------------------------<br><br>Paul Hansmeier,<br><br>*Plaintiff.*<br><br>v.<br><br>Sandipan Chowdhury and Booth Sweet LLP,<br><br>*Defendants.* | Bky No. 15-42460<br><br><br><br><br>ADV No. 16-4124 |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF SECOND MOTION FOR CONTEMPT

The facts supporting Plaintiff's second motion for contempt are set forth in Plaintiff's motion. Defendants have utterly refused to comply with Plaintiff's judgment enforcement discovery. Plaintiff's discovery requests were served on Defendants in March 2018. Since that time, Defendants: (1) refused to answer Plaintiff's discovery requests; (2) failed on a motion before the district court to stay Plaintiff's judgment enforcement discovery pending appeal; (3) have been compelled by this Court to produce discovery responses; (4) have been held in contempt by this Court, with a final 48-hour window to provide responses to Plaintiff's discovery requests; and (5) have ignored the Court's contempt order by continuing to assert objections that have been deemed waived,

refusing to produce documents and answers in response to Plaintiff's discovery requests,

and ignoring the Court's $250 per day per defendant coercive civil contempt sanction.

First, Defendants must comply with the Court's order by paying the accrued civil

contempt sanctions. Second, Defendants must comply with the Court's order by

producing responses to Plaintiff's interrogatories and requests for production of

documents, with the understanding that they have waived all outstanding objections. If

Defendants refuse to do so by the date of the hearing, then it is unclear what (besides

incarceration) will coerce them to do so. Defendants are either attorneys or are

individuals represented by attorneys.

## CONCLUSION

The Court should grant Hansmeier's second motion for contempt.

Respectfully submitted,

November 21, 2018

/s/
Paul R. Hansmeier
9272 Cortland Alcove
Woodbury, MN 55125

2

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re

Paul Hansmeier,

       *Debtor.*

\----------------------------------------------------------

Paul Hansmeier,

       *Plaintiff.*

v.

Sandipan Chowdhury and Booth Sweet LLP,

       *Defendants.*

Bky No. 15-42460

ADV No. 16-4124

## ORDER

Plaintiff Paul Hansmeier's second motion for contempt came before the Court. For reasons stated orally and recorded in open court,

**IT IS ORDERED**

1.     Hansmeier's motion is granted.

2.     The clerk shall issue, and deliver to the United States Marshal, a warrant for the arrest of Sandipan Chowdhury, Jason Sweet and Dan Booth.

3.     Sandpian Chowdhury, Jason Sweet and Dan Booth shall be confined until they have fully complied with Plaintiff's discovery requests and paid the accrued civil contempt sanctions.

**LET JUDGMENT BE ENTERED ACCORDINGLY**


Dated: _____


_____
Kathleen H. Sanberg
United States Bankruptcy Judge