UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                               Case No. 15-42460

PAUL HANSMEIER,                                  Chapter 7

          Debtor.

---

PAUL HANSMEIER,

          Plaintiff,

                                                         Adv. Case No. 16-04124

     v.

SANDIPAN CHOWDHURY AND
BOOTH SWEET, LLP,

          Defendants.

---

## REPORT AND RECOMMENDATION

---

At Minneapolis, Minnesota, January 14, 2019.

Kathleen H. Sanberg, Chief United States Bankruptcy Judge

COUNSEL FOR BOTH PARTIES ARE NOTIFIED that this Report and Recommendation will be submitted to Judge Wilhelmina Wright, District Judge for this District, pursuant to Fed. R. Bankr. P. 9033(a). Within fourteen (14) days of the filing of this Report and Recommendation, either party may file with the Clerk of the Bankruptcy Court an objection to this Report and Recommendation. All such objections shall comply with Fed. R. Bankr. P. 9033(b). All objections shall not exceed ten (10) pages in length, double-spaced format. After the 14-day objection period, this Report and Recommendation and all objections will be transmitted to the Clerk of District Court, for filing in Case Numbers 18-cv-00761 and 18-cv-03403. Any party objecting shall forthwith arrange for preparation of a transcript of the record before the Bankruptcy Court and transmission thereof to Judge Wright. Judge Wright will then enter an order after considering this Report and Recommendation and any objections.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *01/14/2019*
Lori Vosejpka, Clerk, by LH

**Introduction**

This adversary proceeding originates from Plaintiff Paul Hansmeier's ("Plaintiff") voluntary petition for relief under the United States Bankruptcy Code. As part of the Plaintiff's bankruptcy case, the Plaintiff filed an Expedited Motion to Sell Free and Clear requesting that the Bankruptcy Court approve the sale of his homestead. As stated in the Plaintiff's expedited motion, the property was subject to a nonavoidable judgment lien in the amount of $71,620.90 (the "Chowdhury Judgment").

Following the sale of the Plaintiff's homestead, Defendant Sandipan Chowdury ("Chowdhury") and the law firm representing him, Defendant Booth Sweet, LLP ("Booth Sweet") (together, the "Defendants"), received $71,620.90 in satisfaction of the Chowdhury Judgment. Chowdhury is a resident of Massachusetts and Booth Sweet, LLP, is a Massachusetts limited liability partnership. Jason Sweet ("Sweet") and Dan Booth ("Booth") are the partners of Booth Sweet.

Subsequently, the United States Court of Appeals for the First Circuit vacated the Chowdhury Judgment for lack of personal jurisdiction, as the Plaintiff was not a named party in the matter. The Bankruptcy Court was not informed that the judgment was on appeal.

On November 18, 2016, Randall Seaver, the Chapter 7 Trustee (the "Trustee"), commenced this adversary proceeding seeking a restitution judgment against the Defendants due to the post-petition payment received by the Defendants pursuant to the now vacated Chowdhury Judgment. Plaintiff commenced a separate adversary proceeding against the bankruptcy estate seeking declaratory relief to determine what portion of the claim underlying the Chowdhury Judgment was property of the estate. As part of a settlement agreement between the Trustee and the Plaintiff, the estate's interest in this adversary proceeding was transferred to the Plaintiff. In exchange, the estate is entitled to certain amounts recovered against the Defendants.

On March 7, 2018, summary judgment was entered in favor of the Plaintiff. Defendants have taken an appeal of the Bankruptcy Court's judgment, which is currently pending before the United States District Court for the District of Minnesota.

Discovery has commenced in enforcement proceedings as no stay pending appeal has been granted. Plaintiff has filed several discovery and contempt motions and the Bankruptcy Court has found the Defendants to be in contempt of court, as will be more fully described below. Defendants have acknowledged their ongoing contempt and have failed to show that compliance with the Bankruptcy Court's discovery orders was then impossible. As a result, the Bankruptcy Court has ordered escalating civil contempt monetary sanctions and has threatened additional civil contempt sanctions in the event of continued non-compliance. To date, the Defendants have refused to comply with the Bankruptcy Court's discovery orders and indicate that they do not intend to comply in the future. At each step, the Bankruptcy Court has given the Defendants time to comply with the various orders. They have not done so.

Because less severe civil contempt sanctions have failed to produce compliance with the Bankruptcy Court's discovery orders, and for the reasons that follow, the Bankruptcy Court recommends that the District Court issue arrest warrants for Chowdhury, Booth, and Sweet and have the Defendants held in custody until they have purged themselves of their contempt of court by responding completely to Plaintiff's discovery requests.

### Background and Bankruptcy Case History

### Plaintiff's Bankruptcy Case, the Chowdhury Judgment, and the Commencement of the Instant Adversary Proceeding:

Plaintiff filed a voluntary petition for Chapter 13 bankruptcy relief on July 13, 2015.[1] [Case No. 15-42460, Dkt. No. 1.] On November 25, 2015, the Plaintiff filed an Expedited Motion to Sell Free and Clear, requesting the Bankruptcy Court to approve the sale of his homestead. [*Id*. at Dkt. No. 49.] Plaintiff valued the property at $1,200,000.00 and stated that the property had a "nonavoidable judgment lien in the approximate amount of $71,620.90." [*Id*.]

The judgment referenced in the Plaintiff's Expedited Motion to Sell was a judgment in the original amount of $64,180.80 entered on or about October 22, 2013, in favor of Chowdhury in a civil district court case titled *AF Holdings, LLC v. Chowdhury*. The case had been filed pre-petition on or about November 13, 2012, under Case No. 12-cv-12015-T in the United States District Court for the District of Massachusetts. On or about October 15, 2014, the Chowdhury Judgment was registered in the Hennepin County District Court, Court File No. 27-CV-14-15391, and on October 17, 2014, the Chowdhury Judgment was memorialized on the certificate of title for the Plaintiff's homestead.

The Bankruptcy Court entered its order granting the Plaintiff's Expedited Motion to Sell Free and Clear on December 3, 2015. [Case No. 15–42460, Dkt. No. 59.] Plaintiff, however, had noticed his appeal of the Chowdhury Judgment on December 16, 2013 and, as of the petition date, that appeal was pending before the United States Court of Appeals for the First Circuit under Case No. 13-2535. No one had notified the Bankruptcy Court that the Chowdhury Judgment had been appealed. As a result, and based on the representations made to the

---

[1] The Bankruptcy Court subsequently entered an order granting the United States Trustee's motion to convert the case to Chapter 7. [Case No. 15–42460, Dkt. No. 60.]

4

Bankruptcy Court regarding the Chowdhury Judgment, the sale order provided that "[t]he proceeds from the sale of the property shall be used at closing only to satisfy the underlying first mortgage on the property, judgment lien, realtor fees, and all other usual and customary closing costs such as deed recording fees paid to the county." [Case No. 15-42460, Dkt. No. 59.] On or about December 15, 2015, the sale of the Plaintiff's homestead closed and payment of $71,620.90 was made to the Defendants in satisfaction of the Chowdhury Judgment.

On August 4, 2016, the United States Court of Appeals for the First Circuit vacated the Chowdhury Judgment and remanded the matter back to the District of Massachusetts due to lack of personal jurisdiction, as the Plaintiff was not a named party in the matter. *See generally AF Holdings, LLC v. Chowdhury*, Case No. 13-2535 (1st Cir. Aug. 4, 2016).

On November 18, 2016, the Trustee commenced this adversary against the Defendants seeking a declaratory judgment and avoidance of transfer of estate property made because of the vacated Chowdhury Judgment. [Dkt. No. 1.] Specifically, the Trustee sought restitution against the Defendants and return of the post-petition moneys paid to them from the proceeds of the sale of the Plaintiff's homestead. [*See id*.] As the judgment creating the lien on the homestead had been vacated, the Defendants were not secured creditors.[2]

A motion to approve a settlement agreement between the Trustee and the Plaintiff was filed with the Bankruptcy Court in the Plaintiff's bankruptcy case on November 15, 2017 (the "Settlement Agreement"). [Case No. 15-42460, Dkt. No. 247.] Under the Settlement Agreement, the bankruptcy estate's interest in the instant adversary proceeding was transferred to the Plaintiff and, in exchange, the estate is entitled to the first $25,000.00 recovered from the

---

[2] On September 18, 2017, the Plaintiff commenced a separate adversary proceeding under Adversary Case No. 17-4114 seeking declaratory relief to determine what portion of the claim underlying the Chowdhury Judgment was property of the estate.

claims against the Defendants, the Plaintiff is entitled to the next $25,000.00 recovered, and in the event over $50,000.00 is recovered, the estate and the Plaintiff are to split the proceeds equally. [*Id.*] The Settlement Agreement was approved by the Bankruptcy Court on December 6, 2017 (Case No. 15-42460, Dkt. No. 258) and on January 11, 2018, a Stipulation to Substitute Party was entered in this adversary proceeding, which substituted the Plaintiff for the Trustee (Dkt. Nos. 31–32).

Contrary to the Defendants' assertions, the estate does have an interest in this case. As of the date of the Settlement Agreement, and as confirmed by counsel for the Trustee on January 9, 2019: 1) the Trustee has approximately $100,000.00 in the estate; 2) the total amount of administrative claims, including statutory trustee compensation and attorneys' fees, exceeds $150,000.00; and 3) the total amount of general unsecured non-priority claims against the estate is approximately $57,000.00. [Case No. 15-42460, Dkt. No. 247.] There are still claims outstanding that will not be paid in full if the current amount the Trustee has on hand remains the same.

**Summary Judgment and the Commencement of Post-Judgment Discovery**:

Defendants filed a Motion to Dismiss on February 21, 2018, arguing that this adversary should be dismissed for lack of subject matter jurisdiction. [Dkt. No. 36.] Plaintiff filed a Motion for Summary Judgment on the same day. [Dkt. No. 35.] On March 7, 2018, the Bankruptcy Court denied the Defendants' Motion to Dismiss (Dkt. No. 41) and granted the Plaintiff's Motion for Summary Judgment (Dkt. No. 42). Judgment was entered in favor of the Plaintiff in the amount of $71,620.90, payable jointly to the Plaintiff and the Trustee. [Dkt. No. 43.]

Defendants filed a notice of appeal on March 22, 2018. [Dkt. No. 48.] That appeal is pending before the United States District Court for the District of Minnesota as Case No. 18-cv-

00761. On March 26, 2018, the Plaintiff served the Defendants with discovery requests, including interrogatories and requests for production.[3] To date, the Defendants have failed to meaningfully respond to any of the Plaintiff's discovery requests. Any documents that have been produced are almost completely redacted.

On April 25, 2018, the Defendants filed a motion to stay execution of the judgment in the District Court case. [Case No. 18-cv-00761, Dkt. No. 8.] Plaintiff filed an objection on May 2, 2018. [*Id*. at Dkt. No. 11.] Plaintiff also filed a Motion to Compel Compliance with Judgment Enforcement Discovery in this adversary on that same day. [Dkt. No. 54.] The Bankruptcy Court denied the Plaintiff's motion without prejudice to avoid possibly inconsistent orders as the Defendants' motion to stay was still pending in the District Court case. The District Court denied the Defendants' motion on July 13, 2018. [Case No. 18-cv-00761, Dkt. No. 16.]

**Order to Compel, the First Contempt Order, the Second Contempt Order, and the Defendants' Refusal to Comply with Bankruptcy Court Orders:**

What follows is a detailed chronology of the discovery and contempt motions in this adversary. Following the District Court's denial of the Defendants' motion, the Plaintiff filed a Renewed Motion to Compel Compliance with Judgment Enforcement Discovery. [Dkt. No. 62.] The Bankruptcy Court issued an order granting the Plaintiff's motion, requiring the Defendants to produce discovery responses within 14 days of the order (the "Order to Compel"). [Dkt. No. 67.] In the event of the Defendants' failure to comply, the Order to Compel permitted the Plaintiff to file an affidavit of non-compliance. [*Id*.] Upon receipt of such an affidavit, the Order

---

[3] Defendants have argued that they were under no obligation to respond to the Plaintiff's discovery requests, alleging that the requests were not signed by the Plaintiff. Plaintiff has filed a certificate of service confirming that he signed the discovery requests (Dkt. No. 65) and the Bankruptcy Court has determined on several occasions that the requests were properly signed and served on the Defendants. This matter has been decided and was not appealed by the Defendants.

7

to Compel provided that the Bankruptcy Court would issue and order to show cause as to why a civil contempt sanction of $250.00 per Defendant per day of non-compliance should not be issued. [*Id.*]

On October 10, 2018, the Plaintiff filed an Affidavit of Non-Compliance (Dkt. No. 70) and the Bankruptcy Court issued an Order to Appear and Show Cause to determine if civil contempt sanctions against the Defendants should be necessary (Dkt. No. 71). On October 24, 2018, a hearing was held on the Order to Appear and Show Cause. At the hearing, and later that day based on submissions by the Plaintiff, the Bankruptcy Court made the following relevant findings:

1) Plaintiff's discovery requests were signed, properly served, and date back to the original date of service;

2) Plaintiff is legally entitled to be seeking the post-judgment discovery at issue;

3) Defendants' responses to the Plaintiff's interrogatories were nonresponsive, except as to basic information such as their names, addresses, and other information already known to the Plaintiff;

4) Defendants did not produce any documents responsive to the Plaintiff's requests for production;

5) Plaintiff adequately identified numerous deficiencies in the Defendants' discovery responses, although the Plaintiff was not legally required to do so under the relevant Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Minnesota;

6) Defendants had waived their right to object to the Plaintiff's discovery requests pursuant to Federal Rules of Civil Procedure 33 and 34;

7) Defendants failed to comply with the Order to Compel; and

    8) Defendants were in contempt of court.

[Oct. 24, 2018 Tr. at 6:15–20, 18:23–19:3, 21:15–22:2, 24:5–13, 25:6–13, 26:13–22.] Following the hearing on October 24, 2018, the Bankruptcy Court entered an order requiring the Defendants to produce complete written discovery responses to the Plaintiff's interrogatories and produce all documents requested in the Plaintiff's requests for production (the "Contempt Order"). [Dkt. No. 79.] Defendants were explicitly ordered to remove any asserted objections, as the Bankruptcy Court determined that they had waived their right to do so. [*Id*.] Further, the Defendants were subjected to a civil contempt sanction of $250.00 per Defendant per day of non-compliance with the Contempt Order. [*Id*.] Defendants have failed to comply with their obligations under the Contempt Order.

    On October 26, 2018, the Defendants filed an Affidavit of Compliance as required by the Contempt Order, asserting that the Defendants would be unable to obtain responsive documents from their financial institutions for two to three weeks. [Dkt. No. 81.] The Affidavit of Compliance stated that the Defendants had mailed supplemental discovery responses to the Plaintiff. [*Id*.] Plaintiff, however, filed a response to the Affidavit of Compliance asserting that the Defendants had entirely failed to comply with the Contempt Order. [Dkt. No. 83.] Plaintiff alleged that the Defendants produced no documents, continued to assert objections contrary to the Contempt Order's clear instructions otherwise, failed to make any payments of the civil contempt sanction, and continued to provide non-responsive answers to the Plaintiff's interrogatories. [*Id*.]

    Plaintiff then filed a Second Motion for Contempt on November 11, 2018. [Dkt. No. 84.] Defendants' response acknowledged their ongoing non-compliance with the Order to Compel and Contempt Order. [*See generally* Dkt. No. 85.] Defendants' response sought to relitigate

issues that had previously been decided by the Bankruptcy Court and disagree with the Bankruptcy Court's previous orders. [*Id*.]

On December 13, 2018, the Bankruptcy Court held a hearing on the Plaintiff's Second Motion for Contempt. At the hearing, the Bankruptcy Court granted Plaintiff's motion and found that the Defendants had failed to comply with the Order to Compel and Contempt Order. [Dec. 13, 2018 Tr. at 18:22–24.] Defendants continued to assert objections in violation of the Contempt Order, failed to produce any documents in violation of the Order to Compel and Contempt Order,[4] and continued to provide non-responsive answers to the Plaintiff's interrogatories in violation of the Order to Compel and Contempt Order. [*Id*. at 22:24–23:10.] Defendants also failed to make any payment of the civil contempt sanction. [*Id*. at 29:24–30:2.] The Bankruptcy Court found that the Defendants remained in contempt and had failed to meet their burden to show that compliance with the Order to Compel and Contempt Order was impossible at that time. [*Id*. at 29:7–16, 30:21–23.] Defendants did not advance the argument that compliance with the discovery orders was then impossible. [*See generally* Dkt. No. 85.]

At the hearing on the Plaintiff's Second Motion for Contempt, the Bankruptcy Court expressed its concern that the Defendants were not taking their ongoing contempt seriously as they had willfully ignored the Order to Compel and Contempt Order. [Dec. 13, 2018 Tr. at 30:3–6.] Defendants intended to continue to disregard the Bankruptcy Court's orders, stating at the hearing that the Bankruptcy Court's ruling on the issue of whether the Defendants waived their right to assert objections to the Plaintiff's discovery requests was "an error" and that "my clients intend to continue to at least raise the objections." [*Id*. at 10:24–11:3.]

---

[4] Defendants' limited production consisted of a 90-day redacted bank account ledger produced on October 30, 2018 and certain redacted checking account records for Booth Sweet produced on December 13, 2018 that lacked the name or address of the financial institution and lacked the account signatories and numbers.

The Bankruptcy Court advised the Defendants that continued and increased imposition of monetary sanctions and the issuance of a bench warrant may be an appropriate sanction upon a finding of civil contempt, particularly when a contemnor continually fails to comply with court orders and when less severe sanctions have been unsuccessful in producing compliance. [*Id*. at 30:9–13.] The Bankruptcy Court was clear with the Defendants that if their contempt of court continued, a report and recommendation for the issuance of arrest warrants for Chowdhury, Booth, and Sweet may be submitted to the District Court or that the Bankruptcy Court may issue a bench warrant on its own. [*Id*. at 30:16–20.]

Following the hearing, the Bankruptcy Court entered an order granting Plaintiff's Second Motion for Contempt (the "Second Contempt Order"). [Dkt. No. 95.] The Second Contempt Order required the Defendants to: 1) produce the names of their financial institutions, corresponding addresses, and account numbers and all other identifying information to the Plaintiff by 4:00 PM on December 13, 2018; 2) produce all remaining discovery responses with any asserted objections removed by 4:00 PM on December 17, 2018; and 3) pay the accrued civil contempt sanctions in the amount of $24,000.00 to the Trustee[5] by 4:00 PM on December 20, 2018. [*Id*.] In the event the Defendants were to change financial institutions or transfer funds for purposes of avoiding the Plaintiff's judgment, the Defendants were to be subject to additional contempt sanctions. [*Id*.] The Second Contempt Order also provided that if the Defendants failed to comply by the dates specified, the civil contempt sanctions would escalate to an amount of $1,000.00 per Defendant per day of non-compliance commencing on December 18, 2018, and

---

[5] Pursuant to the Settlement Agreement, the Plaintiff would receive the next $25,000.00 recovered, and in the event over $50,000.00 is recovered, the estate and the Plaintiff would split the proceeds equally. [Case No. 15-42460, Dkt. No. 247.]

11

that the Bankruptcy Court may impose further sanctions as necessary. [*Id.*] Defendants have failed to comply with their obligations under the Second Contempt Order.

Defendants filed a notice of appeal from the Bankruptcy Court's Second Contempt Order on December 14, 2018. [Dkt. No. 96.] That appeal is pending before the United States District Court for the District of Minnesota under Case No. 18-cv-03403. On December 18, 2018, the Plaintiff filed a Declaration of Non-Compliance asserting that the Defendants had failed to comply with any aspect of the Second Contempt Order. [Dkt. No. 101.] On December 20, 2018, the Bankruptcy Court entered an Order to Show Cause as to why the Defendants should not be subject to civil sanctions in the amount of $1,000.00 per day per Defendant and arrested for their failure to comply with the Second Contempt Order. [*Id.* at 102.]

Defendants filed a motion to stay the Second Contempt Order with the District Court on December 24, 2018. [Case No. 18-cv-03403, Dkt. No. 5.] Sweet filed a Declaration in support of the Defendants' appeal of the Second Contempt Order with the Bankruptcy Court on December 28, 2018, informing the Court of their pending motion to stay. [Dkt. No. 110.] The District Court denied the Defendants' motion to stay as procedurally deficient on January 4, 2019. [Case No. 18-cv-03403, Dkt. No. 16.]

The Bankruptcy Court held a hearing on its Order to Show Cause on January 9, 2019. At the hearing and in their response to the Order to Show Cause, the Defendants acknowledged their non-compliance with the Bankruptcy Court's discovery orders, ongoing contempt of court, and that they have willfully incurred contempt sanctions. [Dkt. No. 120.] Defendants also informed the Bankruptcy Court that they do not intend to comply with the discovery orders and failed to offer any other workable solutions. Defendants argued that their contempt was substantially justified, but the Bankruptcy Court rejected this argument. To date, the Defendants have failed to produce any documents except for limited and redacted financial information.

Defendants' discovery responses continue to assert objections in violation of the Contempt Order and Second Contempt Order. Defendants' supplemental responses to the Plaintiff's interrogatories remain non-responsive in violation of the Order to Compel, Contempt Order, and Second Contempt Order. Defendants have failed to produce basic information such as the names of their financial institutions, corresponding addresses, and account numbers. Defendants have not paid the civil contempt sanction as provided for by the Contempt Order and Second Contempt Order.

At the January 9, 2019 hearing, the Bankruptcy Court also found that the imposition of additional monetary sanctions would be unlikely to produce compliance. As of the December 13, 2018 hearing on Plaintiff's Second Motion for Contempt, the Defendants had accrued $24,000.00 in civil contempt sanctions. Between December 13, 2018 and December 17, 2018, the Defendants accrued additional civil contempt sanctions of $2,000.00. Pursuant to the Second Contempt Order, sanctions increased to $1,000.00 per day per Defendant on December 18, 2018. [Dkt. No. 95.] To date, the Defendants have incurred $72,000.00 in unpaid civil contempt payments. Further, the Bankruptcy Court noted that its threat of submitting a report and recommendation for the issuance of arrest warrants as a civil contempt sanction for Chowdhury, Booth, and Sweet similarly had no success in producing the Defendants' compliance with the Bankruptcy Court's discovery orders.

The Bankruptcy Court gave the Defendants one final chance to comply by 12:00 PM on Friday, January 11, 2019 and issued an Order to that effect. [Dkt. No. 121.] Given the Defendants' ongoing contempt of court and continuing refusal to comply with the Order to Compel, Contempt Order, and Second Contempt Order, the Bankruptcy Court informed the Defendants that in the event the Defendants failed to comply with its discovery orders by that time, it would be compelled to submit the instant Report and Recommendation with the District

Court for the District of Minnesota recommending the issuance of bench warrants for the conditional arrest of Chowdhury, Booth, and Sweet until the Defendants have purged their contempt of court. On January 14, Defendants made a motion for a stay pending appeal. It was denied because the Defendants did not post a bond or offer any type of security.

Considering the failure of other lesser civil contempt sanctions to produce compliance, the Bankruptcy Court believes that the issuance of arrest warrants is the only alternative. Acknowledging the potential Constitutional implications at play, the Bankruptcy Court submits this Report and Recommendation to the District Court rather than issuing bench warrants *sua sponte*. *But see In re Burkman Supply, Inc.*, 217 B.R. 223, 227 (W.D. Mich. 1998) (determining that it was not necessary for the bankruptcy court to submit a report and recommendation when it imposed sanctions, including the civil sanction of incarceration, pursuant to its own civil contempt order).[6]

## Discussion

### Jurisdiction

Bankruptcy courts have subject matter jurisdiction over civil proceedings "arising under title 11, or arising in or related to cases under title 11." *McDougall v. Ag. Country Farm Credit Servs.* (*In re McDougall*), 587 B.R. 87, 90 (B.A.P. 8th Cir. 2018) (quoting 28 U.S.C. § 1334(b)) (citing 28 U.S.C. § 157(a)). Such proceedings are either core proceedings or non-core, related to proceedings. *Id.* A core proceeding is one that *arises under* title 11 or *arises in* a case under title

---

[6] Bankruptcy courts in other jurisdictions have issued arrest warrants as a coercive civil contempt sanction. *See, e.g.*, *Lawrence v. Goldberg*, 279 F.3d 1294, 1300–01 (11th Cir. 2002) (affirming the bankruptcy court's coercive civil contempt sanction of incarceration); *Tate v. Tate* (*In re Tate*), 521 B.R. 427, 446 (Bankr. S.D. Ga. 2014); *In re Burkman Supply, Inc.*, 217 B.R. at 227–28 (W.D. Mich. 1998) (adopting the bankruptcy court's report and recommendation, but recognizing that the submitted report and recommendation was not required); *In re Duggan*, 131 B.R. 671, 672–74 (Bankr. D. Mass. 1991).

11 and involves rights established by federal bankruptcy law. 28 U.S.C. § 157(b)(1); *In re McDougall*, 587 B.R. at 90 (citing *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995)). Claims that *arise under* title 11 involve causes of action created or determined by a statutory provision of title 11. *In re McDougall*, 587 B.R. at 90 (citation omitted). Claims that *arise in* title 11 "are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.* (citation omitted).

Here, the Bankruptcy Court's sale order formed the basis of the claim for restitution asserted in the instant adversary proceeding. [Case No. 15–42460, Dkt. No. 59.] Pursuant to the Settlement Agreement, the bankruptcy estate retains an interest in any proceeds recovered from the restitution claims against the Defendants. [Case No. 15–42460, Dkt. Nos. 247, 258.] The contempt and related proceedings are core proceedings under 28 U.S.C. § 157(b)(2)(A) and the Bankruptcy Court has jurisdiction over these matters. *See In re Tate* 521 B.R. at 430 ("[C]ivil contempt proceedings arising out of core matters are themselves core matters.") (citing *In re Skinner*, 917 F.2d 444, 448 (10th Cir. 1990)).

**<u>Civil Contempt Sanctions</u>**

The Eighth Circuit recognizes that bankruptcy courts have the authority to exercise civil contempt power. *Steward v. Steward* (*In re Steward*), 828 F.3d 672, 686 (8th Cir. 2016) (recognizing the bankruptcy court's authority to issue civil contempt sanctions for non-compliance with the court's discovery orders); *see Reed v. Reed* (*In re Reed*), 888 F.3d 930, 935–36 (8th Cir. 2018) (recognizing the bankruptcy court's authority to issue civil contempt sanctions for noncompliance with the court's order compelling turnover and show cause order); *see also Law v. Siegel*, 571 U.S. 415, 420–21 (2014) (noting that bankruptcy courts "may also possess 'inherent power . . . to sanction abusive litigation practices.'") (quoting *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375–76 (2007)).

Federal Rule of Civil Procedure 37, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7037, provides that a court may issue sanctions for disobeying a discover order and may treat a party's non-compliance as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii). A party "who fails to produce documents . . . pursuant to court order is subject to sanctions." *Leduc Gifts & Specialty Prods., LLC v. Sachs*, CIVIL NOS. 15-2743 (JRT/DTS), 5-2744 (JRT/DTS), 2017 WL 3141922, at *4 (D. Minn. June 29, 2017) (citing Fed. R. Civ. P. 26 & 37). Contempt for "failure to comply with document discovery . . . touch[es] upon the core justification for the contempt power." *Id.* (quoting *United Mine Workers v. Bagwell*, 512 U.S. 821, 827 (1994)). Civil contempt sanctions are designed to coerce the offending party to do the affirmative act required by the court's order for the benefit of the complaining party. *In re Steward*, 828 F.3d at 686. The sanction applies continuously until the offending party performs the affirmative act required by the court's order. *Leduc Gifts*, 2017 WL 3141922, at *4.

As discussed in detail above, the Bankruptcy Court has held the Defendants in contempt on several occasions resulting from their willful non-compliance with the Order to Compel, Contempt Order, and Second Contempt Order. Defendants have repeatedly acknowledged their non-compliance and admit to their ongoing contempt of court. [*See, e.g.*, Case No. 18-cv-03403, Dkt. No. 15 at 7–8 ("Appellants chose not to comply and to risk contempt sanctions even when the bankruptcy court issued its December 13 order . . . . A decision that will have serious consequences if they lose their appeal on the merits.").] At the Bankruptcy Court's hearing on its Order to Show Cause held on January 9, 2019, the Defendants informed the Bankruptcy Court that they have no intention of complying with the discovery orders in the future.

Once civil contempt is proven, as it was with the Defendants pursuant to the Contempt Order, the burden shifts to the contemnor to show that compliance is presently impossible. *United States v. Santee Sioux Tribe of Neb.*, 254 F.3d 728, 736 (8th Cir. 2001); *Nat'l Credit*

*Union Admin. Bd. v. Cumis Ins. Soc'y, Inc.*, Court File No. 16-cv-139 (DWF/LIB), 2018 WL 6288110, at *3 (D. Minn. Oct. 22, 2018). To meet this burden, contemnors must demonstrate "(1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply." *Nat'l Credit Union Admin. Bd.*, 2018 WL 6288110, at *3 (internal quotation omitted) (citing *Santee Sioux Tribe*, 254 F.3d at 736).

Defendants have continually failed to meet their burden. Defendants have never advanced the argument that compliance with the Bankruptcy Court's discovery orders is or was then presently impossible. At the hearing on Plaintiff's Second Motion for Contempt, the Bankruptcy Court found that even if the Defendants were "truly unable to comply with the contempt order which the Court finds unlikely, any ability to do so was completely self-induced. Defendants failed to make all reasonable efforts to comply in good faith." [Dec. 13, 2018 Tr. at 29:11–16.]

Defendants remain in contempt of court and have admitted that they have no intent to comply with the Bankruptcy Court's discovery orders in the future. The imposition of additional civil monetary sanctions is unlikely to have any coercive effect. The Contempt Order and Second Contempt Order have already imposed $72,000.00 in civil contempt sanctions, including escalating monetary sanctions from $250.00 per Defendant per day of non-compliance to $1,000.00 per Defendant per day of non-compliance. [Dkt. Nos. 79, 95.] Defendants have not paid any amount of the civil contempt sanctions and the sanctions have failed to produce the Defendants' compliance with the Bankruptcy Court's discovery orders.

The threat of submitting a report and recommendation for the issuance of arrest warrants as a civil contempt sanction has also failed to produce compliance. At the hearing on Plaintiff's Second Motion for Contempt, the Bankruptcy Court advised the Defendants that if their contempt

continued, the Bankruptcy Court may submit a report and recommendation with the District Court recommending the issuance of arrest warrants for Chowdhury, Sweet, and Booth until the Defendants have purged their contempt. [Dec. 13, 2018 Tr. at 30:9–20.] Defendants have made no progress toward purging their contempt. The Bankruptcy Court gave the Defendants one final opportunity to purge their contempt by complying with the Bankruptcy Court's discovery orders by 12:00 PM on Friday, January 11, 2019. [Dkt. No. 121.] Defendants have failed to do so.

Appropriate civil contempt sanctions include the confinement of a contemnor until the party affirmatively complies with a court order. *Leduc Gifts*, 2017 WL 3141922, at *4 (citing *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 442 (1911)). This is because the "contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus 'carries the keys of his prison in his own pocket.'" *Id.* (quoting *Gompers*, 221 U.S. at 442). Here, the Defendants have refused to follow the Bankruptcy Court's discovery orders. If the Defendants had chosen to comply the Bankruptcy Court's discovery orders, they would not be facing the prospect of arrest. *See Shillitani v. United States*, 384 U.S. 364, 369 (1966) ("In short, if the petitioners had chosen to obey the order they would not have faced jail.") Defendants can purge their contempt through compliance with the Bankruptcy Court's discovery orders.

Defendants have repeatedly acknowledged their non-compliance with the Bankruptcy Court's discovery orders and indicate no intent to comply in the future. Defendants have had ample opportunity to comply with the Order to Compel, Contempt Order, and Second Contempt Order, but have nevertheless repeatedly disregarded them. It is the Bankruptcy Court's belief that the issuance of arrest warrants is the only viable alternative to produce compliance.

## **Recommendations**

IT IS RECOMMENDED that the District Court adopt the report just made regarding the Defendants' ongoing contempt of court and failure to comply with the Bankruptcy Court's Order to Compel, Contempt Order, and Second Contempt Order and that it enter an order as follows:

1. Defendants have failed to comply with the Bankruptcy Court's Order to Compel, Contempt Order, and Second Contempt Order;

2. Defendants have failed to comply with the Court's Order on its Order to Show Cause dated January 9, 2019;

3. Defendants remain in civil contempt of the Bankruptcy Court;

4. Arrest warrants shall be issued for Sandipan Chowdhury, Jason Sweet, and Dan Booth as a civil contempt sanction until the Defendants purge themselves of their contempt.

5. Defendants shall not change financial institutions or transfer funds for purposes of avoiding the Plaintiff's judgment.

**SO RECOMMENDED:**

/e/ Kathleen H. Sanberg
Kathleen H. Sanberg
Chief United States Bankruptcy Judge